UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HEI LI, ZHU H.L. LIN, LI CHEN, XIU F. CHEN, MEI
F. CHEN, HUI HE, HUI LI, ZHAN J. LI, HUI X.
RUAN, JIAN R. XIAO, MEI Z. XIAO, MU Z. ZHANG,
BI Y. ZHENG, and XIU X ZHU

                              Civil Action No:
                              24 Civ. 07401 (JHR)

                           Plaintiffs,

            -against-

GREAT CARE, INC., CENTERLIGHT HEALTHCARE,
INC., AND DOE MANAGED LONG-TERM CARE
PLANS 1-14

                           Defendants.
-------------------------------------------------------------------x

**DEFENDANT CENTERLIGHT'S
MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS THE
<u>COMPLAINT OR SEVER THE COMPLAINT</u>**


                              BRENLLA, LLC
                              Attorneys for Defendant CenterLight
                              250 Park Avenue, 7th floor
                              New York, New York 10177
                              (212) 364-5173


<u>Counsel</u>
George F. Brenlla, Esq.

## **TABLE OF AUTHORITIES**

Page

*Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937 (2009).     2

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87 (2d Cir. 2007).     2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).     2

*Castillo v. Isakov*., 2023 U.S. Dist. LEXIS 183640 (S.D.N.Y. 2023).     3

*Crown Cork v. Credit Suisse First Boston Corp*., 288 F.R.D. 331 (S.D.N.Y. 2013).     5

*Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154 (S.D.N.Y. 2009).     5

*Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd*., 806 F. Supp. 2d 712 (S.D.N.Y. 2011).     5

*Griffith v. Otis Bantum Corr.*, 2024 U.S.Dist. LEXIS 226132 (S.D.N.Y. 2024).     6

*Kalie v. Bank of Am.,* 297 F.R.D. 552 (S.D.N.Y. 2013).     6

*Lewis v. Pelham Country Club*, 2024 U.S. Dist. LEXIS 173362 (S.D.N.Y. 2024).     3

*Malcolm v. City of New York*, 2022 U.S. Dist. LEXIS 41125 (S.D.N.Y. 2022).     3

*Marcus v. AT & T Corp.,* 138 F.3d 46, 57 (2d Cir. 1998).     4

*New York v. Hendrickson Bros., Inc*., 840 F.2d 1065 (2d Cir. 1988).     5

*Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62 (2d Cir. 2014).     2

*Pitchell v. Callan,* 13 F.3d 545 (2d Cir. 1994).     4

*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021).     2,3

**PRELIMINARY STATEMENT**

This Memorandum of Law is submitted by Defendant, CenterLight Health System, Inc. ("CenterLight"), in support of its motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(a) against it because said claims are barred by the applicable statute of limitations and/or sever the action pursuant to Fed.R.Civ.P. 21. In the Complaint, CenterLight is named as a Managed Long Term Care Plan, who insured one participant that was taken care of by only one Plaintiff. This Plaintiff was employed by Defendant GreatCare, Inc.

According to the allegations contained in the Complaint, "Plaintiff Hei-Li …. was jointly employed by GreatCare and CenterLight from approximately June 2017 until approximately December 2021 as a home care aide providing in-home personal care services." (Complaint ¶ 19). Notably, this is the only Plaintiff that is even alleged to even somehow be jointly employed by CenterLight. Notably, CenterLight is a managed care long term plan that contracts with the New York State Department of Health. It is liaison between the state and home health care agencies, managing the funds to home health care agencies based on the care the required of its participants/patients. It does not employ the aides, does not hire the aides, and does not govern their terms and conditions of employment. It simply provides the funds to the home care agency (in this case GreatCare) to render care to participants based on the criteria set forth by the New York State Department of Health.

CenterLight moves to dismiss the Complaint because the only federal claim against it is under the Fair Labor Standards Act ("FLSA"), which is barred by the two year statute of limitations. In the alternative, CenterLight moves to sever the lawsuit as only one of the fourteen Plaintiffs ever provided services to one of CenterLight's participants.

I.

**STANDARD ON MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12**

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Accordingly, a district court must accept as true all well-pleaded factual allegations in the complaint, and draw all inferences in the plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Applying these standards, this Court should grant Defendant's motion to dismiss.

II.

**PLAINTIFF HEI LI'S FLSA CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

A FLSA action carries a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. Section 255(a); *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014). The Second Circuit has held that "a plaintiff must allege facts at the pleading stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021). The Second Circuit explicitly

2

held that the allegations of willfulness will not suffice, and explained that a showing of willfulness must be based on well-pleaded factual allegations. *Id.* at 320-321. Mere allegations of failure to comply with the FLSA requirements or even factual allegations showing negligence as to those requirements is insufficient. *Whiteside, supra*; *Malcolm v. City of New York*, 2022 U.S. Dist. LEXIS 41125 (S.D.N.Y. 2022)(court held that plaintiffs did not plausibly plead willfulness where they had alleged that defendant "willfully failed to pay overtime compensation …"); *Castillo v. Isakov.*, 2023 U.S. Dist. LEXIS 183640 (S.D.N.Y. 2023) (assertions of "knowing and willful" were insufficient).

In the present case, the only allegation is that Plaintiff Hei Li took care of a participant until December 2021, which Defendant CenterLight enrolled said participant in a managed long term care plan. (Complaint ¶ 19). This is more than two years from the filing of the Complaint, which occurred on October 3, 2024. Furthermore, there are no, because there cannot be any, factual allegations that demonstrate any willfulness by CenterLight. Thus, this Court should grant CenterLight's motion to dismiss.

In *Lewis v. Pelham Country Club*, 2024 U.S. Dist. LEXIS 173362 (S.D.N.Y. 2024), the plaintiffs allege violations of the FLSA and New York Labor law. Defendant moved to dismiss the FLSA claim because the allegations were beyond the two year statute of limitations and there were no allegations of willfulness that would lead to the three year statute of limitations. Plaintiff alleged, *inter alia*, that defendant (i) "was aware of its requirement to pay ... minimum wage and overtime premium pay", (ii) "structured its unlawful compensation structure policy with the clear intent of minimizing its labor costs", (iii) "knowingly misclassified its [caddies] as independent contractors …. with the intent of covering up its statutory violations and minimizing its labor

3

costs", and (iv) does not keep records and "knowingly disregarded and evaded its statutory recordkeeping requirements … with the intent of impeding the [caddies] ability to determine their hours worked and … wages owed." *Id.* at *15-16. The court undertook a lengthy analysis of the caselaw as to what constitutes "willfulness" under the FLSA and held that the allegations did not adequately plead willfulness to trigger the three year statute of limitations and dismissed the complaint.[1]

    Similarly, in the present case, there are no allegations contained in the Complaint against CenterLight that would lead to a plausible inference that CenterLight willfully violated the FLSA as to an individual that it never met, did not hire and did not govern any terms and conditions. Thus, this Court should grant the motion and dismiss the FLSA claim against CenterLight. Furthermore, this Court should not exercise supplemental jurisdiction against CenterLight. *See Marcus v. AT & T Corp.,* 138 F.3d 46, 57 (2d Cir. 1998); *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994); *Lewis, supra*.

## III.

### ASSUMING THIS COURT DOES NOT DISMISS THE ENTIRE COMPLAINT AGAINST CENTERLIGHT, THIS COURT SHOULD SEVER THE LAWSUIT AS TO CENTERLIGHT

  In the present case, there are fourteen plaintiffs, all employed by Defendant GreatCare, Inc. Only one Plaintiff is even alleged to have taken care of a participant enrolled by CenterLight for a long term care plan. If the lawsuit is not severed, CenterLight would be forced to waste valuable resources, time and money in participating in the lawsuit where 13 plaintiffs are not making any claims against it and CenterLight is not involved in any manner.

---

[1] The court declined to exercise supplemental jurisdiction over the plaintiffs' New York Labor Law claims. *Id.* at * 27-28.

4

Fed.R.Civ.P. 20(a) permits the joinder of multiple plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Both of these elements are required for a proper joinder of plaintiffs. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009); Moore's Federal Practice § 21.02 [1] (3d ed. 2009) ("Failure to satisfy either prerequisite for permissive joinder constitutes misjoinder of parties.").

In addition to these two requirements, courts consider the following additional factors on a motion to sever:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 720 (S.D.N.Y. 2011)(quoting *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003) (Pollack, J.)); *accord Crown Cork & Seal Co., Inc. Master Ret. Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331, 332-33 (S.D.N.Y. 2013). "If a court concludes that defendants have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever parties or claims from the action." *Deskovic*, 673 F. Supp. 2d at 159-60. *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988) ("The decision whether to grant a severance motion is committed to the

sound discretion of the trial court."). Applying these standards, the Court should sever the one plaintiff claim against CenterLight. *See Kalie v. Bank of Am.,* 297 F.R.D. 552 (S.D.N.Y. 2013)(court granted motion to sever where multiple plaintiffs had different loan transactions at different times relating to different properties); *Griffith v. Otis Bantum Corr.*, 2024 U.S.Dist. LEXIS 226132 (S.D.N.Y. 2024).

## CONCLUSION

For the reasons set forth above, Defendant CenterLight respectfully requests that this Court grant its motion to dismiss in its entirety, or if this Court does not dismiss the entire Complaint against it, sever CenterLight from the lawsuit and award Defendant CenterLight such other and further relief that the Court deems just and proper.

Dated:   New York, New York
         January 3, 2025

                                            Respectfully submitted,
                                            BRENLLA, LLC
                                            *Attorneys for Defendant*

                                            By: _____
                                               George F. Brenlla, Esq.
                                               250 Park Avenue, 7th floor
                                               New York, New York  10177
                                               (212) 364-5713