**National Center for Law and Economic Justice**
50 Broadway, Suite 1500 New York, NY 10004 Phone: (212) 633-6967
Email: info@nclej.org

June 25, 2025

Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
*Submitted via ECF*

RE: *Hei Li, et al. v. GreatCare, Inc., et al.*,
No. 24-CV-7401 (JHR) (KHP)

Dear Judge Parker:

Plaintiffs write to request leave to file a motion to compel Defendant CenterLight Healthcare, Inc. ("CenterLight") to comply with Plaintiffs' document requests and interrogatories. *See* Exhibit ("Ex.") 1 (Plaintiffs' First Request to CenterLight HealthCare, Inc. for the Production of Documents), Ex. 2 (Plaintiffs' First Set of Interrogatories to CenterLight Healthcare, Inc.).

Plaintiffs served their document requests and interrogatories on Defendant CenterLight on February 11, 2025. Plaintiffs and CenterLight met and conferred on April 10, 2025 and May 19, 2025 to discuss CenterLight's deficient responses. Plaintiffs have also sent multiple letters and emails to CenterLight attempting to address its ongoing failure to adequately supplement its responses. *See* Ex. 3 (Correspondence with CenterLight). Despite these efforts, CenterLight's responses remain deficient. On June 10, 2025, counsel for CenterLight emphatically stated that CenterLight possesses no additional documents after Plaintiffs sought clarification several times.

To date, CenterLight has produced: six contracts between itself and GreatCare; three letters regarding both Defendants' minimum wage and wage parity obligations from 2014 and 2016; one wage parity compliance statement from GreatCare covering calendar year 2023; one spreadsheet containing data regarding reimbursement claims made by GreatCare and service authorizations issued by CenterLight for "Mr. C," a CenterLight member serviced by Plaintiff Hei Li; and final assessment reports for Mr. C. Further, CenterLight has identified only one person it states has knowledge or information relevant to Plaintiffs' complaint.

*Failure to Produce All Documents Related to Service Assessments, Authorizations, Service Plans,*

By law, CenterLight is required to assess its care recipients who receive home care services at least every six months. 18 N.Y.C.R.R. §§ 505.14, 505.28. A complete assessment process must include an evaluation of whether the member's home has adequate sleeping accommodations for an aide and whether an aide would likely be able to obtain five hours daily of uninterrupted sleep during the aide's eight-hour period of sleep. *Id.* The

assessments are then used to determine the level of services to be authorized and form the basis of the member's care plan, which must include a Person Centered Service Plan. *Id.* By law, CenterLight must provide the assessment, service authorization, and plan of care to all licensed home care services agencies ("LHCSAs") and fiscal intermediaries ("FIs") with which it contracts for home care services. *Id.*

Though CenterLight has produced final assessment reports relating to Mr. C, CenterLight has not produced any of the underlying records, notes, and documents that CenterLight's nurse assessors would have created or collected to generate the assessment reports. The existence of these documents is made evident in a job description for an Assessment Nurse that was posted by CenterLight on several job-finding websites, including Glassdoor, which explicitly references these documents. *See* Ex. 4 (Glassdoor Job Posting). CenterLight has also produced no service authorizations; it has only produced the data underlying these service authorizations. Service authorizations responsive to Plaintiffs' requests would include Change in Aide Authorizations such as the one produced by GreatCare. *See* Ex. 5 (Change in Aide Authorization). Additionally, CenterLight has failed to produce any Person Centered Service Plans.

*Communications with GreatCare*

Plaintiffs have requested all communications between CenterLight and GreatCare regarding the provision of home care services to CenterLight members serviced by Plaintiffs. Responsive documents would include any and all documents or communications concerning the rights, responsibilities, duties, and/or activities of aides, including care plans and vaccination requirements; any and all training materials for aides; any instructions or guidance regarding the assignment and scheduling of aides, including exclusion lists; and/or payment of overtime to aides. However, CenterLight has stated that the only responsive documents it possesses are the six contracts between itself and GreatCare that it has already produced.

*Compliance with New York Home Care Worker Wage Parity Act*

CenterLight is required by law to ensure that all LHCSAs and FIs with which it contracts comply with the New York Home Care Worker Wage Parity Act ("Wage Parity Act"). N.Y. Pub. Health Law § 3416-c. The Wage Parity Act requires managed care plans, such as CenterLight, to include in their contracts a requirement that it be provided with written certification, verified by oath, from any contracted LHCSAs or FIs, attesting to the LHCSA's or FI's compliance with the Wage Parity Act. *Id.* Such contracts must also obligate the LHCSA or FI to provide the managed care plan all information necessary to verify compliance with Wage Parity Act, including an annual compliance statement of wage parity hours and expenses accompanied by an independently-audited financial statement verifying such expenses. *Id.* These certifications are required to be maintained by the managed care plan for a period of no less than ten years. *Id.* Additionally, managed care plans are required to review and assess the annual compliance statement of wage parity and expenses for failures of wage parity requirements. *Id.* To the extent that

CenterLight has been in compliance with the Wage Parity Act, it should have documents demonstrating its compliance and should have produced these responsive documents.

*Compliance Programs Concerning Billing, Payments and Quality of Care for all Contractors*

CenterLight has stated that it has no documents in its possession that are relevant to Plaintiffs' requests regarding its compliance programs. However, CenterLight is required by law to adopt and implement effective compliance programs applicable to billing, payments, and quality of care for all contractors, including GreatCare. N.Y. Soc. Serv. Law § 363-d; 18 N.Y.C.R.R. § 521-1.1 *et seq.* All documents related to compliance must be maintained by CenterLight for at least ten years. *Id.* CenterLight must certify that it has met its obligations each year. *Id.* The failure of CenterLight to comply with any of these requirements may result in a termination of its contract with the New York State Department of Health ("NYSDOH"), may constitute criminal Medicaid fraud, and may be subject to the assessment of civil or criminal penalties. *Id.* To that end, it is expected that CenterLight would have at least produced instructions to GreatCare regarding billing and the provision of care services in response to these requests, which it did not.

*Contracts with NYSDOH and Centers for Medicaid and Medicare Services ("CMS")*

Counsel for CenterLight has previously represented that CenterLight would produce contracts between CenterLight and the NYSDOH and contracts between CenterLight and CMS. To date, CenterLight has not produced any such contracts.

*Identifying Those with Knowledge*

In response to Plaintiffs' interrogatories, CenterLight identified one individual who is stated to have knowledge or information concerning GreatCare's contractual obligations to CenterLight only. CenterLight has identified no one with knowledge concerning any other relevant matters, including CenterLight's assessment and authorization process, its policies and guidelines pertaining to the provision of services and payment of wages and overtime, or the creation of Person Centered Service Plans.

The discovery requested by Plaintiffs is vital to Plaintiffs' ability to litigate their case against Defendants. Plaintiffs therefore respectfully request permission to file a motion to compel or, alternatively, that this letter be considered a letter-motion seeking an order compelling CenterLight to respond to Plaintiffs' requests, as described above.

Sincerely,

| | |
|---|---|
| /s/ Carmela Huang | /s/ Karen Kithan Yau |
| Carmela Huang | Karen Kithan Yau |
| National Center for Law and Economic Justice | Getman, Sweeney & Dunn, PLLC |

Cc: Counsel for Defendants (via ECF)