# Exhibit 1

nclej

**National Center for Law and Economic Justice**
50 Broadway, Suite 1500 New York, NY 10004 Phone: (212) 633-6967
Email: info@nclej.org

April 28, 2025

George F. Brenlla
Brenlla, LLC
250 Park Avenue, 7th Floor
New York, NY 10177
gfbrenlla@brenllalaw.com

*Via Electronic Mail*

RE: *Hei Li, et al. v. GreatCare, Inc., et al.*, No. 24-CV-7401 (JHR) (KHP)
Discovery Deficiencies

Dear Mr. Brenlla:

We write in regards to the deficiencies in CenterLight's responses to Plaintiffs' Interrogatories and First Request for the Production of Documents, which were served upon CenterLight on March 11, 2025.

On April 21, 2025, CenterLight only produced 5 services agreements between itself and GreatCare and one ancillary agreement between CenterLight and GreatCare from October 2022 ("CenterLight 000001-000144"), out of 28 different categories of Plaintiffs' Document Requests.

Additionally, though Plaintiffs requested CenterLight to identify individuals with knowledge across 13 different categories, CenterLight identified only one individual who is stated to have knowledge or information and that individual is said to only have knowledge or information concerning GreatCare's contractual obligations to CenterLight. The paucity of these documents and identifications raises serious concerns about the completeness of your client's responses.

The following are only some examples of glaring deficiencies in CenterLight's Reponses.

**Contracts between CenterLight and NYSDOH and with CMS**

In response to Plaintiffs' Requests No. 2 and 3, CenterLight indicated that it would produce any and all contracts between CenterLight and the New York State Department of Health ("NYSDOH") and between CenterLight and the Centers for Medicare and Medicaid Services ("CMS") relating to the provision of community-based home care

services in effect at any time on or after January 1, 2015 to the extent they exist. However, to date, CenterLight has produced no such contracts, even though a Freedom of Information Law request to NYSDOH shows that CenterLight has been under contract with NYSDOH to provide home care services to Medicaid recipients in New York State since 2016 and contracts between CenterLight and CMS are referenced in CenterLight's production. *See* Ex. A, NYSDOL FOIL Response; CenterLight 000084.

**Communication between CenterLight and GreatCare**

In response to Plaintiffs' Request No. 4, CenterLight has also indicated that CenterLight 000001-000144 are responsive. Request No. 4 seeks any and all communications between CenterLight and GreatCare related to community-based home care services, concerning any and all policies or directives, including, without limitation, those related to payment and/or capitation rates; payment of wages, including overtime and spread of hours pay, and provision of supplemental benefits; employment and/or assignment of aides; scheduling of aides; recordkeeping; provision of care to covered members; compliance with the New York Labor Law, the Fair Labor Standards Act, New York Home Care Worker Wage Parity Act ("Wage Parity Act"), and/or 18 N.Y.C.R.R. § 505.14; and any contracts with the New York State Department of Health and/or Centers of Medicare and Medicaid Services.

However, CenterLight's responses to Request No. 4 are clearly incomplete. By law, CenterLight is required to reassess its care recipients who receive home care services at least every six months. 18 N.Y.C.R.R. §§ 505.14, 505.28. A complete reassessment process must include both a social assessment, which must include an evaluation of whether the member's home has adequate sleeping accommodations for an aide, as well as a nursing assessment, which must evaluate, among other factors, whether an aide would be likely to obtain five hours daily of uninterrupted sleep during the aide's eight-hour period of sleep. *Id.* The assessments are then used to determine the level of services to be authorized and form the basis of the members' care plans, which must include a Person Centered Service Plan. *Id.* Thus, by law, CenterLight must provide the assessment, service authorization and plan of care to all licensed home care services agencies ("LHCSAs") and fiscal intermediaries ("FIs") with which it contracts for home care services. *Id*. Therefore, at a minimum, CenterLight should have in its possession and be able to produce all service authorizations, assessment reports, comment guides, summaries, and member care plans for all members serviced by GreatCare. For example, CenterLight should have produced the attached Change in Aide Authorization that was produced by GreatCare, which CenterLight did not. *See* Ex. B. These documents should have been included in CenterLight's response to Plaintiffs' Request No. 4.

Such documents would also be responsive to Plaintiffs' Requests No. 12 and 17. However, CenterLight has stated that it is not in possession of any documents responsive to these requests.

Furthermore, in response to Plaintiffs' Interrogatories Nos. 4-6, CenterLight failed to identify any persons with knowledge or information concerning member assessments, authorizations, and care plans, including Sharon Bellamy, who appears on CenterLight's Change in Aide Authorization to GreatCare. *See* Ex. B.

**Compliance with New York Home Care Worker Wage Parity Act**

In response to Plaintiffs' Request No. 4, Requests No. 5-7, 10, 14, and 18, CenterLight has stated that no responsive documents are in its possession. If that were true, CenterLight would not be in complaince with the law. CenterLight is further required by law to ensure that all LHCSAs and FIs with which it contracts comply with the New York Home Care Worker Wage Parity Act ("Wage Parity Act"). N.Y. Pub. Health Law § 3416-c. The Wage Parity Act requires managed care plans, such as CenterLight, to include in their contracts a requirement that it be provided with written certification, verified by oath, from any contracted LHCSAs or FIs, attesting to the LHCSA's or FI's compliance with the Wage Parity Act. *Id.* Such contracts must also obligate the LHCSA or FI to provide the managed care plan all information necessary to verify compliance with Wage Parity Act, including an annual compliance statement of wage parity hours and expenses accompanied by an independently-audited financial statement verifying such expenses. *Id.* These certifications are required to be maintained by the managed care plan for a period of no less than ten years. *Id.* Additionally, managed care plans are required to review and assess the annual compliance statement of wage parity and expenses for failures of wage parity requirements. *Id.* To the extent that CenterLight has been in compliance with the Wage Parity Act, it should have documents demonstrating its compliance and should have produced these responsive documents. Plaintiffs also note that none of the contracts that have so far provided by CenterLight meet the requirements as set forth by the Wage Parity Law.

In response to Plaintiffs' Interrogatories Nos. 1 and 3, CenterLight has also failed to identify any individuals with knowledge or information concerning GreatCare's compliance with the Wage Parity Act though such persons should have been identified

**Establishing Effective Compliance Programs Concerning Billing, Payments and Quality of Care for all Contractors**

Similarly, in response to Plaintiffs' Request No. 4, Requests No. 4-12, 14-16, 18, and 22, CenterLight has stated that no responsive documents are in its possession. If that were true, again, CenterLight would not be in compliance with the law. CenterLight is also required by law to adopt and implement effective compliance programs applicable to billing, payments and quality of care for all contractors, including GreatCare. N.Y. Soc. Serv. Law § 363-d; 18 N.Y.C.R.R. § 521-1.1 *et seq.* All documents related to compliance must be maintained by CenterLight for at least ten years. *Id.* CenterLight must certify that it has met its obligations each year. *Id.* The failure of CenterLight to comply with any of these requirements may result in a termination of its contract with the New York State

Department of Health ("NYSDOH"), may constitute criminal Medicaid fraud, and may be subject to the assessment of civil or criminal penalties. *Id.* To that end, it is expected that CenterLight would have at least produced reimbursement records from GreatCare and various instructions to GreatCare regarding billing and the provision of care services, in response to these requests, which it did not.

In light of our upcoming status conference before Judge Parker, it is our hope that we may find time tomorrow to discuss these deficiencies. If timing does not permit a meeting, we hope to discuss these deficiencies with you as soon as possible.

Sincerely,

*/s/ Carmela Huang*
Carmela Huang
National Center for Law and Economic Justice

*/s/ Karen Kithan Yau*
Karen Kithan Yau
Getman, Sweeney & Dunn PLLC

Cc: Jose Muniz, Esq.

# Exhibit A

Outlook

**New Message :: R003750-091124**

**From** NYS DOH FOIL Records Access Center <healthny@govqa.us>
**Date** Fri 10/4/2024 11:19 AM
**To** Carmela Huang <huang@nclej.org>

--- Please respond above this line ---

NEW YORK STATE | Department of Health

RE: FOIL Records Request of September 09, 2024, Reference # R003750-091124

Dear Carmela Huang,

The NYS Department of Health received a FOIL request from you on September 09, 2024. You requested:

**"This letter requests information under the New York State Freedom of Information Law concerning "managed care plans" as that term is defined by N.Y. Pub. Health Law § 3614-c(e).1 I request that a copy be provided to me of all records sufficient to identify each managed care plan under contract with the New York State Department of Health for every year from 2016 to 2024. You may fulfill this request by providing a directory of the managed care plans for each requested year."**

The NYS Department of Health has reviewed its files and has located records responsive to your request. Please log in to the FOIL Records Access Center at the following link to retrieve the responsive records.

FOIL Records Request - R003750-091124

Should you feel that you have been unlawfully denied access to records, you may submit an appeal online within 30 days.

For questions or additional information, please reply to this email.

Sincerely,

David J. Harvey, Records Access Officer

NYS Department of Health

---

To monitor the progress or update this request please log into the FOIL Records Access Center.

Powered by GovQA

| Plan Name | Product Type | Years |
|---|---|---|
| Partners Health Plan Inc. | FIDA-IDD | 2016 to present |
| Agewell New York LLC | Medicaid Advantage Plus | 6/1/2019 to present |
| Centers Plan for Healthy Living LLC | Medicaid Advantage Plus | 6/1/2018 to present |
| Elderplan, Inc. | Medicaid Advantage Plus | 2016 to present |
| Elderserve Health, Inc., dba RiverSpring MAP | Medicaid Advantage Plus | 7/1/2018 to present |
| Hamaspik Inc. | Medicaid Advantage Plus | 1/1/2021 to present |
| HealthFirst Health Plan Inc. | Medicaid Advantage Plus | 2016 to present |
| HealthPlus HP LLC (Amerigroup, Empire) | Medicaid Advantage Plus | 2016 to present |
| MetroPlus Health Plan Inc. | Medicaid Advantage Plus | 1/1/2021 to present |
| NY Quality Healthcare Corp (Centene) | Medicaid Advantage Plus | 1/1/2021 to present |
| Senior Whole Health of NY Inc. | Medicaid Advantage Plus | 2016 to present |
| UnitedHealthcare of New York, Inc. | Medicaid Advantage Plus | 3/1/2024 to present |
| Village Senior Services Corp (VillageCare Max) | Medicaid Advantage Plus | 2016 to present |
| VNS Choice | Medicaid Advantage Plus | 2016 to present |
| Affinity Health Plan, Inc. | MMC/ HIV SNP/ HARP | 2016 to 2020 |
| Amida Care, Inc. (HIV SNP only) | MMC/ HIV SNP/ HARP | 2016 to present |
| Capital District Physicians' Health Plan, Inc. | MMC/ HIV SNP/ HARP | 2016 to present |
| Crystal Run Health Plan, LLC | MMC/ HIV SNP/ HARP | 2016 to 2020 |
| Excellus Health Plan, Inc. | MMC/ HIV SNP/ HARP | 2016 to 2020 |
| Hamaspik Choice, Inc. | MMC/ HIV SNP/ HARP | 2019 to 2021 |
| Health Insurance Plan of Greater New York | MMC/ HIV SNP/ HARP | 2016 to present |
| HealthFirst PHSP, Inc. | MMC/ HIV SNP/ HARP | 2016 to present |
| HealthPlus HP, LLC | MMC/ HIV SNP/ HARP | 2016 to present |
| Highmark Western and Northeastern New York Inc. | MMC/ HIV SNP/ HARP | 2016 to present |
| iCircle Services of the Finger Lakes, Inc. | MMC/ HIV SNP/ HARP | 2019 to 2021 |
| Independent Health Association, Inc. | MMC/ HIV SNP/ HARP | 2016 to present |
| MetroPlus Health Plan, Inc. | MMC/ HIV SNP/ HARP | 2016 to present |
| Molina Healthcare of New York, Inc. | MMC/ HIV SNP/ HARP | 2016 to present |
| MVP Health Plan, Inc. | MMC/ HIV SNP/ HARP | 2016 to present |
| NY Quality Healthcare Corp. | MMC/ HIV SNP/ HARP | 2016 to present |
| Partners Health Plan, Inc | MMC/ HIV SNP/ HARP | 2019 to 2021 |
| United Healthcare of New York, Inc. | MMC/ HIV SNP/ HARP | 2016 to present |
| VNS CHOICE(HIV SNP only) | MMC/ HIV SNP/ HARP | 2016 to present |
| WellCare of New York, Inc. | MMC/ HIV SNP/ HARP | 2016 to 2020 |
| YourCare Health Plan, Inc. | MMC/ HIV SNP/ HARP | 2016 to 2020 |
| Catholic Health System d/b/a Catholic Health LIFE | PACE | 2016 to present |
| Catholic Managed Long Term Care, Inc. d/b/a ArchCare Senior Life | PACE | 2016 to present |
| Complete Senior Care, Inc. | PACE | 2016 to present |
| Comprehensive Care Management Corp.d/b/a CenterLight Health Care, Inc. | PACE | 2016 to present |
| Fallon Health Weinberg, Inc. | PACE | 2016 to present |
| Independent Living for Seniors, Inc., d/b/a ElderONE | PACE | 2016 to present |
| Loretto/Independent Living Services, Inc. d/b/a PACE CNY | PACE | 2016 to present |
| Senior Care Connection, Inc. d/b/a Eddy Senior Care | PACE | 2016 to present |
| Total Senior Care, Inc. | PACE | 2016 to present |
| Aetna Better Health Inc. | Partial Capitation | 2016 to present |
| Agewell New York LLC | Partial Capitation | 2016 to 10/2022 |
| Catholic MLTC Inc (aka Archcare Sr Life) | Partial Capitation | 2016 to 6/2024 |
| Centers Plan for Healthy Living LLC | Partial Capitation | 2016 to present |
| Elderplan Inc | Partial Capitation | 2016 to present |
| Elderserve Health dba RiverSpring H | Partial Capitation | 2016 to present |
| EverCare Choice Inc. (aka Elant) | Partial Capitation | 2016 to present |
| Extended MLTC LLC | Partial Capitation | 2016 to 8/2023 |
| Fallon Health Weinberg, Inc. | Partial Capitation | 2016 to 1/2024 |
| Hamaspik Choice Inc. | Partial Capitation | 2016 to present |
| HealthFirst PHSP Inc. (aka Sr. Health Partners) | Partial Capitation | 2016 to present |
| HealthPlus HP LLC dba Empire BCBS HP (Amerigroup) | Partial Capitation | 2016 to present |
| Icircle Services of the Finger Lakes | Partial Capitation | 2016 to present |

| | | |
|---|---|---|
| Integra MLTC, Inc. | Partial Capitation | 2016 to 12/2022 |
| Kalos Health (aka ErieNiagara MLTCP Inc) | Partial Capitation | 2016 to present |
| MetroPlus Health Plan Inc. | Partial Capitation | 2016 to present |
| Montefiore HMO LLC | Partial Capitation | 2016 to 1/2024 |
| Niagara Adv Health Plan LLC dba Elderwood | Partial Capitation | 2016 to present |
| NY Quality Healthcare Corp (aka Centene/Fidelis) | Partial Capitation | 2016 to present |
| Prime Health Choice LLC | Partial Capitation | 2016 to present |
| Senior Network Health LLC | Partial Capitation | 2016 to present |
| Senior Whole Health of NY Inc. | Partial Capitation | 2016 to present |
| Village Senior Services Corp (VillageCare Max) | Partial Capitation | 2016 to present |
| VNA Homecare Options LLC (aka Nascentia) | Partial Capitation | 2016 to present |
| VNS Choice | Partial Capitation | 2016 to present |

# Exhibit B

ATTN: Great Care, Inc

FROM: Bellamy, Sharon (CENTERLIGHT HEALTH SYSTEM.INC)

DATE: April 13, 2017
SUBJECT: New Case Eff. 4/20/17
JOB: 9971

ATTACH: "PRINTING_10.TIF"

This Fax Originated From a Biscom 'Faxcom'.

MEMO:..........................................................................

ATTENTION: KELLY/VICKY

RE: CHU, PAUL S. #58633

CENTERLIGHT HEALTH SYSTEM INC.

**Change in Aide Authorization**

**04/13/2017 02:08PM**

Patient: Chu, Paul S CCM#: 58633 Plan: PACE

Address: 1951A 80 STREET F (basement)
East Elmhurst NY 11370

Nurse: Qi Ding

Provider: Great Care, Inc Date of Communication: 04/20/17

Type of Communication:

[ ] Temp. Coverage Suspension From: ______ To: ______
[ ] One day change in hours Date: ______ Total Hours: ______
[ ] Change in Service Category
[ ] Change Instructions
[ ] Other (use comments)

[X] Permanent change in hours:(Affects authorization in Care Plan) Start Date: 04/20/17
[ ] Temporary change in hours: Start Date: ______ End Date: ______

Coverage Needed: [ ] Holidays [ ] Weekends [ ] Weekdays
[ ] Shared/Mutual [ ] Cluster [X] Live In

| | Total Hrs | Time | Time | | Comments |
|---|---|---|---|---|---|
| MON | 13.00 | 08:00AM | 08:00AM | | Eff.4/17/17 Preferred will |
| TUE | 13.00 | 08:00AM | 08:00AM | | cover Mon - Wed |
| WED | 13.00 | 08:00AM | 08:00AM | | |
| THU | 13.00 | 08:00AM | 08:00AM | | Eff. 4/20/17 - Great Care |
| FRI | 13.00 | 08:00AM | 08:00AM | | will cover Thrus. - Sun |
| SAT | 13.00 | 08:00AM | 08:00AM | | |
| SUN | 13.00 | 08:00AM | 08:00AM | | |

Comments:

Effective 4/17/17 Preferred will cover Mon - Wed
Eff. 4/20/17 - Great Care will cover Thurs. - Sun
Cantonese/Mandarin Female Speaking Aide

Informed by: SHARON BELLAMY. Date: 04/13/17 TIME: 11:58AM

Signed: ______________________

Contact nurse at 7183214200 for any questions

Outlook

**Re: CenterLight: Court-ordered Meet and Confer**

**From** Karen Kithan Yau <kyau@getmansweeney.com>
**Date** Fri 5/9/2025 1:38 PM
**To** George F. Brenlla <gfbrenlla@brenllalaw.com>
**Cc** Jose Muniz <jamlaw305@gmail.com>; GreatCare case <GRP-greatcare@nclej.org>

Hi George,

Please let's Meet and Confer on Monday, 5/19th at 2 PM. I will send you an invitation.

Karen

--
Karen Kithan Yau, Esq. (Bio)
丘潔嫻律師
kyau@getmansweeney.com

***
This email is intended for the recipient(s) only and it is a privileged and confidential communication. If you are not the recipient(s), please do not open or read the email and/or the attachments. Please do not disseminate the email and/or the attachments further and immediately delete them from your mailbox. Please also notify me immediately at kyau@getmansweeney.com.

---

**From:** George F. Brenlla <gfbrenlla@brenllalaw.com>
**Sent:** Thursday, May 8, 2025 11:19 AM
**To:** Karen Kithan Yau <kyau@getmansweeney.com>
**Cc:** Jose Muniz <jamlaw305@gmail.com>; GreatCare case <GRP-greatcare@nclej.org>
**Subject:** Re: CenterLight: Court-ordered Meet and Confer

Warning! This message is from an outside sender.

Anytime Monday works for me.

George F. Brenlla, Esq.
Brenlla, LLC
250 Park Avenue, 7th floor
New York, New York 10177
Tele: (212) 364-5173
Fax: (646) 219-0983
E-mail: gfbrenlla@brenllalaw.com
Website: www.brenllalaw.com

On May 8, 2025, at 11:13 AM, Karen Kithan Yau <kyau@getmansweeney.com> wrote:

Hi George,

That sounds like a good plan. What blocks of time can you meet on 5/19th (Monday)?

I would also request that you give us at least a minimum of 48 hours to review your supplemental responses before our Meet and Confer.

Thank you,

Karen

--
Karen Kithan Yau, Esq. (Bio)
丘潔嫻律師
kyau@getmansweeney.com

***
This email is intended for the recipient(s) only and it is a privileged and confidential communication. If you are not the recipient(s), please do not open or read the email and/or the attachments. Please do not disseminate the email and/or the attachments further and immediately delete them from your mailbox. Please also notify me immediately at kyau@getmansweeney.com.

---

**From:** George F. Brenlla <gfbrenlla@brenllalaw.com>
**Sent:** Thursday, May 8, 2025 10:29 AM
**To:** Karen Kithan Yau <kyau@getmansweeney.com>
**Cc:** Jose Muniz <jamlaw305@gmail.com>; GreatCare case <grp-greatcare@nclej.org>
**Subject:** Re: CenterLight: Court-ordered Meet and Confer

Warning! This message is from an outside sender.

Good morning. By the end of next week, I will be supplementing our responses. Once you receive that, we can meet and confer. I suggest we calendar our discussion for May 19th as you will have supplemental responses by then. Please let me know if you have any questions.

George

---

**From:** Karen Kithan Yau <kyau@getmansweeney.com>
**Date:** Tuesday, May 6, 2025 at 5:42 PM
**To:** "George F. Brenlla" <gfbrenlla@brenllalaw.com>

**Cc:** Jose Muniz <jamlaw305@gmail.com>, GreatCare case <grp-greatcare@nclej.org>
**Subject:** Re: CenterLight: Court-ordered Meet and Confer

Thank you!

--
Karen Kithan Yau, Esq. (Bio)
丘潔嫻律師
kyau@getmansweeney.com

***
This email is intended for the recipient(s) only and it is a privileged and confidential communication. If you are not the recipient(s), please do not open or read the email and/or the attachments. Please do not disseminate the email and/or the attachments further and immediately delete them from your mailbox. Please also notify me immediately at kyau@getmansweeney.com.

---

**From:** George F. Brenlla
**Sent:** Tuesday, May 6, 2025 5:18 PM
**To:** Karen Kithan Yau
**Cc:** Jose Muniz; GreatCare case
**Subject:** Re: CenterLight: Court-ordered Meet and Confer

Warning! This message is from an outside sender.

Will get back to you.

George F. Brenlla, Esq.
Brenlla, LLC
250 Park Avenue, 7th floor
New York, New York 10177
Tele: (212) 364-5173
Fax: (646) 219-0983
E-mail: gfbrenlla@brenllalaw.com
Website: www.brenllalaw.com

> On May 6, 2025, at 12:19 PM, Karen Kithan Yau <kyau@getmansweeney.com> wrote:
>
> Hi George,
>
> Hope all is well.
>
> When would you be available for a Meet and Confer to discuss the

deficiency letter Plaintiffs sent you on April 28th as well as other gaps in CenterLight's document production that Plaintiffs have identified?

We would like to start the discussion as soon as possible since we will soon have to report to the Court with a status letter on May 30th. And I believe your staff who assisted you with the document production has returned to the office.

Karen

--
Karen Kithan Yau, Esq. (Bio)
丘潔嫻律師
she/her/hers
Partner
Getman Sweeney & Dunn PLLC
260 Fair Street
Kingston, NY 12401
Tel: 845-255-9370
Direct: 845-787-9161 x. 309
Fax: 845-255-8649
kyau@getmansweeney.com

***
This email is intended for the recipient(s) only and it is a privileged and confidential communication. If you are not the recipient(s), please do not open or read the email and/or the attachments. Please do not disseminate the email and/or the attachments further and immediately delete them from your mailbox. Please also notify me immediately at kyau@getmansweeney.com.

Outlook

**Re: TO BE RESCHEDULED CenterLight: Meet and Confer re Document Production and Interrogatory Responses**

**From** Karen Kithan Yau <kyau@getmansweeney.com>
**Date** Mon 5/19/2025 10:43 AM
**To** George F. Brenlla <gfbrenlla@brenllalaw.com>; Carmela Huang <huang@nclej.org>
**Cc** Jose Muniz <jamlaw305@gmail.com>

Good morning, George,

Since you do not have more documents to produce, I think we should still meet at 2 PM today over teams. Please confirm you can still do that.

Karen

--
Karen Kithan Yau, Esq. (Bio)
丘潔嫺律師
kyau@getmansweeney.com

***
This email is intended for the recipient(s) only and it is a privileged and confidential communication. If you are not the recipient(s), please do not open or read the email and/or the attachments. Please do not disseminate the email and/or the attachments further and immediately delete them from your mailbox. Please also notify me immediately at kyau@getmansweeney.com.

---

**From:** George F. Brenlla <gfbrenlla@brenllalaw.com>
**Sent:** Monday, May 19, 2025 8:03 AM
**To:** Karen Kithan Yau <kyau@getmansweeney.com>; Carmela Huang <huang@nclej.org>
**Cc:** Jose Muniz <jamlaw305@gmail.com>
**Subject:** Re: TO BE RESCHEDULED CenterLight: Meet and Confer re Document Production and Interrogatory Responses

Warning! This message is from an outside sender.

Good morning. Attached please find all the information regarding the participant that we believe one of the plaintiff's provided services to. We do not have any other underlying documents. Please let me know if you have any questions.

George

---

**From:** Karen Kithan Yau <kyau@getmansweeney.com>
**Date:** Friday, May 16, 2025 at 7:57 PM

**To:** "George F. Brenlla" <gfbrenlla@brenllalaw.com>, Carmela Huang <huang@nclej.org>
**Subject:** TO BE RESCHEDULED CenterLight: Meet and Confer re Document Production and Interrogatory Responses

Hi George,

Please propose new times.

Karen

---

**Microsoft Teams** Need help?

**Join the meeting now**

Meeting ID: 231 641 665 984 6

Passcode: Dj77Lf6g

---

For organizers: Meeting options

---

Outlook

**Re: Confidential files --**

**From** George F. Brenlla <gfbrenlla@brenllalaw.com>
**Date** Tue 6/10/2025 6:05 PM
**To** Karen Kithan Yau <kyau@getmansweeney.com>
**Cc** GreatCare case <GRP-greatcare@nclej.org>; Jose Muniz <jamlaw305@gmail.com>; Carmela Huang <huang@nclej.org>

We do not have any other documents.

George F. Brenlla, Esq.
Brenlla, LLC
250 Park Avenue, 7th floor
New York, New York 10177
Tele: (212) 364-5173
Fax: (646) 219-0983
E-mail: gfbrenlla@brenllalaw.com
Website: www.brenllalaw.com

On Jun 10, 2025, at 3:02 PM, Karen Kithan Yau <kyau@getmansweeney.com> wrote:

Hi George,

We have not heard from you since I emailed you on May 28, 2025 and June 5, 2027 about your client's final position on the responsive documents in its possession.

We had request that you confirm that your representation to the Court that "CenterLight has indicated there are no other patients records regarding the consumer and all patient records/notes, etc." is your client's final position.

We want to make sure that this is still your client's position, notwithstanding the job description for an Assessment Nurse citing documents that the nurse must complete, which was posted by CenterLight on Glassdoor and which I sent you on May 28, 2025,

Please let us know as soon as possible and please let us know if another Meet and Confer is necessary to discuss CenterLight's positions on further discovery responses.

If we do not hear from you by Friday, June 13, 2025, we will assume that your representation to the Court is your client's final position and that we do not need another Meet and Confer to discuss CenterLight's responses.

Karen

--
Karen Kithan Yau, Esq. (Bio)

丘潔嫻律師

kyau@getmansweeney.com

***
This email is intended for the recipient(s) only and it is a privileged and confidential communication. If you are not the recipient(s), please do not open or read the email and/or the attachments. Please do not disseminate the email and/or the attachments further and immediately delete them from your mailbox. Please also notify me immediately at kyau@getmansweeney.com.

---

**From:** Karen Kithan Yau <kyau@getmansweeney.com>
**Sent:** Thursday, June 5, 2025 11:27 AM
**To:** George F. Brenlla <gfbrenlla@brenllalaw.com>
**Cc:** GreatCare case <grp-greatcare@nclej.org>; Jose Muniz <jamlaw305@gmail.com>; Carmela Huang <huang@nclej.org>
**Subject:** Re: Confidential files --

Hi George,

We request that you respond to my question about whether your representation to the Court that "CenterLight has indicated there are no other patients records regarding the consumer and all patient records/notes, etc." is your client's final position. Please advise as soon as possible.

As you know, the Court ordered the Parties to submit another status report by June 30, 2025, and the Plaintiffs to file a Motion to Compel discovery also by that date. Since Plaintiffs are trying diligently to work out a compromise with CenterLight and yet there are still significant deficiencies in CenterLight's discovery responses, Plaintiffs need to immediately prepare for both action items that the Court has ordered. Please let us know if another Meet and Confer is necessary to discuss CenterLight' positions on further discovery responses.

Yours,

Karen Yau

--

Karen Kithan Yau, Esq. (Bio)

丘潔嫻律師

kyau@getmansweeney.com

***

This email is intended for the recipient(s) only and it is a privileged and confidential communication. If you are not the recipient(s), please do not open or read the email and/or the attachments. Please do not disseminate the email and/or the attachments further and immediately delete them from your mailbox. Please also notify me immediately at kyau@getmansweeney.com.

---

**From:** Karen Kithan Yau <kyau@getmansweeney.com>
**Sent:** Wednesday, May 28, 2025 4:53 PM
**To:** George F. Brenlla <gfbrenlla@brenllalaw.com>; Carmela Huang <huang@nclej.org>; Jose Muniz <jamlaw305@gmail.com>
**Cc:** GreatCare case <grp-greatcare@nclej.org>
**Subject:** Re: Confidential files --

Hi George,

I am writing to follow-up and seek clarification.

You have represented to the Court in the Status Report that "CenterLight has indicated there are no other patients records regarding the consumer and all patient records/notes, etc. have been produced."

Are you representing that this is CenterLight's final position and CenterLight will make no further production of documents? Please advise. and reply to this email.

Karen

--

Karen Kithan Yau, Esq. (Bio)

丘潔嫻律師

kyau@getmansweeney.com

***

This email is intended for the recipient(s) only and it is a privileged and confidential communication. If you are not the recipient(s), please do not open or read the email and/or the attachments. Please do not disseminate the email and/or the attachments further and immediately delete them from your mailbox. Please also notify me immediately at kyau@getmansweeney.com.

---

**From:** Karen Kithan Yau <kyau@getmansweeney.com>
**Sent:** Wednesday, May 28, 2025 2:14 PM
**To:** George F. Brenlla <gfbrenlla@brenllalaw.com>; Carmela Huang <huang@nclej.org>; Jose Muniz <jamlaw305@gmail.com>
**Cc:** GreatCare case <grp-greatcare@nclej.org>
**Subject:** Re: Confidential files --

Hi George,

Thank you for sending us these documents. Although you have advised that there were no more responsive documents, except for "any contracts between CenterLight and DOH, Medicaid, etc," we strongly believe that there are additional documents.

CenterLight's most recent production contained nearly 2,400 pages. However it did not include any underlying records, notes, and documents that CenterLight's nurse assessors had to have collected in order to generate the assessment reports for Mr. P.C. that were produced.

The existence of these such records, notes, and documents is made abundantly clear in the job description for an Assessment Nurse posted by CenterLight on Glassdoor (also attached to this email for your reference). This job description specifically states that the various records, notes, and documents that Assessment Nurses are required to collect from patients, including "narrative comments and supporting documentation," including any that address "significant changes to Care Delivery to provide corrected resources," and any modification of "previous primary diagnosis and medications . . . to ensure updated documentation is accurately reflected in EMR [Electronic Medical Records] and match the diagnosis entered into UAS [Uniform Assessment System]." The job description also states that Assessment Nurses must also "develop[] the proposed service plan and obtain necessary documentation during home visits," "[u]tilize[] Lenavi analyzer during either the review process and/or assessment," "[d]ocument[] all interactions and outcomes in the designated clinical management/electronic record system, and "

[c]omplete[] all assessments, notes, service plans, and other documentation timely." None of these described documents were produced.

Plaintiffs demand that CenterLight conduct a thorough search of its documents and produce these existing records, notes, and documents. Plaintiffs also ask for all policies, procedures, workflows, instructions, or guidelines provided to Assessment Nurses explaining CenterLight's expectations for how assessments should be conducted and reported. We also ask that you review with your client its obligations to do so.

Please acknowledge receipt of this email. Thank you in adavance for your cooperation.

Karen Yau

--

Karen Kithan Yau, Esq. (Bio)

丘潔嫻律師

kyau@getmansweeney.com

***

This email is intended for the recipient(s) only and it is a privileged and confidential communication. If you are not the recipient(s), please do not open or read the email and/or the attachments. Please do not disseminate the email and/or the attachments further and immediately delete them from your mailbox. Please also notify me immediately at kyau@getmansweeney.com.

---

**From:** George F. Brenlla <gfbrenlla@brenllalaw.com>
**Sent:** Saturday, May 24, 2025 4:42 PM
**To:** Carmela Huang <huang@nclej.org>; Karen Kithan Yau <kyau@getmansweeney.com>; Jose Muniz <jamlaw305@gmail.com>
**Subject:** Confidential files --

Warning! This message is from an outside sender.

I hope everyone is having a wonderful Holiday weekend.

Attached please find Confidential files under protective order. These files involve all documents regarding the participant and one of the Plaintiffs. Please be advised there are

no more responsive documents with one caveat. We are still searching for any contracts between CenterLight and DOH, Medicaid, etc. I hope to have any contracts this week.

Last, with respect to the Exchange, CenterLight does not have access (credientials) to search by caregiver (aide name) since they did not employ the caregiver; only GreatCare can search the Exchange by aide.

Other than the contract with DOH, everything has been produced. Please let me know if you have any questions.

George

<image001.png>

George F. Brenlla, Esq.

Brenlla, LLC
250 Park Avenue, 7th floor
New York, New York 10177
Tele: (212) 364-5173
Fax: (646) 219-0983

E-mail: gfbrenlla@brenllalaw.com

Website: www.brenllalaw.com