## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| HEI LI, ZHU H.L. LIN, LI CHEN, XIU F. CHEN, MEI F. CHEN, HUI HE, HUI LI, ZHAN J. LI, HUI X. RUAN, JIAN R. XIAO, MEI Z. XIAO, MU Z. ZHANG, BI Y. ZHENG, XIU X. ZHU, | : <br> : <br> Case No.: 1:24-CV-7401 (LTS)(KHP) <br> : <br> : |
| Plaintiffs, | : |
| v. | : |
| GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC., | : <br> : |
| Defendants. | : <br> : |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT SENIOR WHOLE HEALTH OF NEW YORK, INC.'S
## <u>MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>

Kaitlyn Grajek, Esq.
**STRADLEY RONON
STEVENS & YOUNG, LLP**
100 Park Avenue, Suite 200
New York, NY 10017
kgrajek@stradley.com
(862) 682-7255

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ............................................................................................................3

I.     LEGAL STANDARDS ...................................................................................3

    a.     Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil
       Procedure .........................................................................................3

    b.     Group Pleading Standards.............................................................4

    c.     The Definition of "Employer" Under the Relevant Labor Laws .................5

II.    THE AMENDED COMPLAINT IS AMBIGUOUS AND UNCLEAR AS TO
     WHICH CLAIMS FOR RELIEF APPLY TO WHICH DEFENDANTS.........6

    a.     The Amended Complaint Impermissibly Lumps Defendants Together in
       Violation of Rule 8.........................................................................6

III.   PLAINTIFFS WERE NOT EMPLOYED BY SWHNY AND THEREFORE,
     CANNOT PURSUE CLAIMS AGAINST SWHNY UNDER THE FLSA,
     NYLL OR WPA ..........................................................................................9

    a.     Defendants Are Not Joint-Employers.............................................9

       i.      Plaintiffs fail to plausibly allege that SWHNY had the power to
           hire or fire them. ...........................................................9

       ii.     Plaintiffs fail to plausibly allege that SWHNY supervised or
           controlled their work schedules or conditions of employment.12

       iii.    Plaintiffs fail to plausibly allege that SWHNY maintained their
           employee records.. .....................................................13

IV.    PLAINTIFFS' CLAIMS ARE BARRED BY THE APPLICABLE
     STATUTES OF LIMITATIONS, AND NO GROUNDS FOR TOLLING
     SAME EXIST AS TO SWHNY. .....................................................................13

CONCLUSION.........................................................................................................15

**TABLE OF AUTHORITIES**

<span style="font-variant: small-caps;">**Cases**</span>

Adamou v. Cnty. of Spotsylvania,
  No. 12 Civ. 7789 (ALC) (SN), 2016 WL 1064608 (S.D.N.Y. Mar. 14, 2016)........................4

Ashcroft v. Iqbal,
  556 U.S. 662 (2009)..............................................................................................3, 4, 8

Atuahene v. City of Hartford,
  10 F. App'x 33 (2d Cir. 2001) ...........................................................................................4

Bardwil Indus. Inc. v. Kennedy,
  No. 19 Civ. 8211 (NRB), 2020 WL 2748248 (S.D.N.Y. May 27, 2020)................................8

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007).....................................................................................................3, 8

Bolarinwa v. Williams,
  593 F.3d 226 (2d Cir. 2010).............................................................................................15

Boos v. Runyon,
  201 F.3d 178 (2d Cir. 2000)..............................................................................................15

Carter v. Dutchess Cmty. Coll.,
  735 F.2d 8 (2d Cir. 1984) ..................................................................................................6

Diaz v. Consortium for Worker Educ., Inc.,
  No. 10-cv-1848, 2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) .............................................13

Dixon v. von Blanckensee,
  994 F.3d 95 (2d Cir. 2021)..................................................................................................3

Farmer v. Cnty. of Westchester,
  No. 18 Civ. 2691 (NSR), 2021 WL 4199944 (S.D.N.Y. Sept. 15, 2021)................................4

Fallon v. 18 Greenwich Ave., LLC,
  19 Civ. No. 9579 (MKV), 2021 WL 1105066 (S.D.N.Y. Mar. 23, 2021) ...............................5

Fernandez v. HR Parking Inc.,
  407 F. Supp. 3d 445 (S.D.N.Y. 2019).............................................................................. 5-6

Gibbs v. MLK Express Servs., LLC,
  No. 18-cv-434, 2019 WL 2635746 (M.D. Fla. June 27, 2019) .............................................12

Herman v. RSR Sec. Servs. Ltd.,
  172 F.3d 132 (2d Cir. 1999)................................................................................................6

Hernandez v. BMNY Contracting Corp.,
      No. 17 Civ. 9375 (GBD), 2019 WL 418498 (S.D.N.Y. Jan. 17, 2019).....................................8

Herrera v. Comme des Garcons, Ltd.,
      84 F.4th 110 (2d Cir. 2023) ........................................................................................................4

Irizarry v. Catsimatidis,
      722 F.3d 99 (2d Cir. 2013)................................................................................... 5-6, 12

Jean-Louis v. Metro. Cable Commc'ns, Inc.,
      838 F. Supp. 2d 111 (S.D.N.Y. 2011)........................................................................12

Korenblum v. Citigroup,
      195 F. Supp. 3d 475, 487 (S.D.N.Y. 2016)................................................................13

Lawrence v. Fla.,
      549 U.S. 327 (2007)....................................................................................................14

Levin v. Sarah Lawrence Coll.,
      2024 WL 4026966 (S.D.N.Y. Sept. 3, 2024)...............................................................15

Lomako v. N.Y. Inst. of Tech.,
      440 F. App'x 1, 3 (2d Cir. 2011)..................................................................................15

Manchanda v. Navient Student Loans,
      No. 19 Civ. 5121 (WHP), 2020 WL 5802238 (S.D.N.Y. Sept. 29, 2020) ................................4

Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.,
      531 F. Supp. 3d 673 (S.D.N.Y. 2021).................................................................... 4-5

Nationwide Mut. Ins. Co. v. Darden,
      503 U.S. 318 (1992)......................................................................................................5

Nelson v. FedEx Ground Package Sys.,
      No. 18-cv-1378, 2019 WL 1437765 (D. Colo. Feb. 8, 2019)...................................12

Nesbeth v. New York City Mgmt. LLC,
      No. 17 Civ. 8650 (JGK), 2019 WL 110953 (S.D.N.Y. Jan. 4, 2019)........................................4

Orellana v. Real Innovative Constr., LLC,
      No. 18 Civ. 8396 (VEC) (RWL), 2020 WL 13469284 (S.D.N.Y. Feb. 6, 2020).....................9

Rusis v. Int'l Business Machines Corp.,
      529 F. Supp. 3d 178 (S.D.N.Y. 2021).........................................................................10

Salahuddin v. Cuomo,
      861 F.2d 40 (2d Cir. 1988)............................................................................................5

Saleem v. Corporate Transportation Group,
    52 F. Supp. 3d 526 (S.D.N.Y. 2014)
    unanimously affirmed, 854 F.3d 131 (2d Cir. 2017) ....................................................................6

Shi Ming Chen v. Hunan Manor Enterprise, Inc.,
    No. 17 Civ. 802 (GBD), 2018 WL 1166626 (S.D.N.Y. Feb. 15, 2018) ............................ 5, 8-9

Shin v. NBC Universal Media, LLC,
    No. 23-CV-10996 (LJL), 2025 WL 438297 (S.D.N.Y. Feb. 7, 2025)......................................15

Stewart v. Hudson Hall LLC,
    No. 20 Civ. 885 (PGG) (SLC), 2020 WL 8732875 (S.D.N.Y. Oct. 19, 2020)
    R&R adopted, 2021 WL 735244 (S.D.N.Y. Feb. 24, 2021)................................................5, 8

## RULES

Federal Rule of Civil Procedure 8 ................................................................................... 4-6, 8

Federal Rule of Civil Procedure 12(b)(6) ...................................................................... 3, 10

## CODES/STATUTES

Fair Labor Standards Act ("FLSA")......................................................................... passim

New York Labor Law ("NYLL") ............................................................................ passim

New York Home Care Worker Wage Parity Act ("WPA") ................................................ passim

Defendant Senior Whole Health of New York, Inc., ("SWHNY") respectfully submits this memorandum of law in support of its motion to dismiss all counts asserted against it in the Amended Complaint filed by Plaintiffs Hei Li, Zhu H.L. Lin, Li Chen, Xiu F. Chen, Mei F. Chen, Hui He, Hui Li, Zhan J. Li, Hui X. Ruan, Jian R. Xiao, Mei Z. Xiao, Mu Z. Zhang, Bi Y. Zheng, and Xiu X. Zhu (collectively "Plaintiffs") (ECF No. 77) (the "Amended Complaint").  A copy of the Amended Complaint is annexed as Exhibit A to the accompanying Declaration of Kaitlyn Grajek dated October 28, 2025 (the "Grajek Decl.").

<u>**PRELIMINARY STATEMENT**</u>

Plaintiffs allege that they are home care aides who provided "live-in" services to Medicaid recipients.  <u>See</u> Am. Compl. ¶ 1.  In such capacity, Plaintiffs claim that they were subjected to wage and hour violations under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL") and the New York Home Care Worker Wage Parity Act ("WPA").  <u>See</u> Am. Compl., generally.

Ignoring that Defendants are separate entities, Plaintiffs simply lump together all Defendants in the Amended Complaint as one and collectively assert all causes of action against all Defendants; <u>see</u> Am. Compl. ¶¶ 300-338 and generally.  Although group pleading is not prohibited under the Federal Rules, Plaintiffs' inconsistent use of the term "Defendants" throughout their Amended Complaint fails to provide SWHNY with requisite notice as to which of the allegations in the Amended Complaint refer to SWHNY.  Plaintiffs also repeatedly lump together SWHNY with Defendant CenterLight Healthcare, Inc. as managed long-term care plan defendants ("MLTC Defendants") to engage in similarly inappropriate and unspecified group pleading. A party violates applicable pleading standards when its pleading fails to provide each defendant notice of the claims against it.  Thus, minimally, SWHNY submits that Plaintiffs' failure

1

to appropriately differentiate allegations between and among the various defendants requires dismissal of the Plaintiffs' Amended Complaint.

By way of example, but not limitation, Plaintiffs admit in Paragraph 52 of the Amended Complaint that SWHNY did not employ Plaintiff Hei Li, Plaintiff Jian R. Xiao, Plaintiff Mei Z. Xiao, or Plaintiff Bi Y. Zheng. However, in the "Claims for Relief" section of the Amended Complaint, Plaintiffs apparently allege causes of action against SWHNY on behalf of those Plaintiffs under the FLSA, the NYLL and the WPA via impermissibly group pleading conduct allegedly attributable to all "Defendants." See Am. Compl. ¶¶ 300-338. By way of additional example, but not limitation, see ¶¶ 5-15 of the Amended Complaint in which Plaintiffs baselessly allege wage and hour violations against GreatCare and the "MLTCs" collectively.

Notwithstanding that Plaintiffs' pleading is flawed, which warrants dismissal outright, the individual causes of action asserted against SWHNY are deficient as a matter of law. Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted against SWHNY in the Amended Complaint respectfully fail insofar as the cited provisions of the FLSA, the NYLL and the WPA only apply to employer/employee relationships, and SWHNY did not, at any time, employ Plaintiffs, or otherwise exercise "control" over them with respect to the work alleged in this matter. SWHNY was not responsible for payment, payroll, or anything having to do with the terms and conditions of any contracts under which Plaintiffs worked, including their wages. Plaintiffs seek to avoid this fatal flaw by making sweeping conclusory allegations against SWHNY and lumping together all Defendants or MLTC Defendants without specifying in what way SWHNY engaged in any of the alleged wrongful conduct.

Moreover, many of Plaintiffs' claims against SWHNY are barred as the applicable statutes of limitations to bring same have expired.  No grounds exist for tolling of the relevant statutes of limitations as to Plaintiffs' claims against SWHNY.

Accordingly, SWHNY respectfully submits that all causes of action asserted against it in this action should be dismissed as Plaintiffs engage in impermissible group pleading throughout the Amended Complaint, and Plaintiffs additionally have failed to state a claim upon which relief can be granted against SWHNY in this matter.

## ARGUMENT

### I.    LEGAL STANDARDS

#### a.    Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure

To avoid dismissal of the complaint for failure to state a claim under Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 566 U.S. at 678.  The factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 (the complaint must raise "more than a sheer possibility that a defendant has acted unlawfully").

Although the factual allegations of the complaint must be accepted as true, and all reasonable inferences drawn in the plaintiff's favor in considering a motion for dismissal under Rule 12(b)(6), Courts need not consider "conclusory allegations or legal conclusions couched as factual allegations." Dixon v. von Blanckensee, 994 F.3d 95, 101 (2d Cir. 2021) (citation omitted); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice"). Notably, determining whether a plausible claim has been pled is "a context-specific task" that requires the Court "to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679; see also Herrera v. Comme des Garcons, Ltd., 84 F.4th 110, 113 (2d Cir. 2023).

### b. Group Pleading Standards

Rule 8(a) "requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Manchanda v. Navient Student Loans, No. 19 Civ. 5121 (WHP), 2020 WL 5802238, at *2 (S.D.N.Y. Sept. 29, 2020) (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, Rule 8(a) "does not demand that a complaint be a model of clarity" but, "at a minimum," it requires that each defendant be given "fair notice of what the plaintiff's claim is and the ground upon which it rests." Id. (quoting Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)); see also Adamou v. Cnty. of Spotsylvania, No. 12 Civ. 7789 (ALC) (SN), 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016) ("Pleadings that fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim").

Accordingly, "it is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes and that Rule 8 is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it." Nesbeth v. New York City Mgmt. LLC, No. 17 Civ. 8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019) (citation omitted and cleaned up); accord, e.g., Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., 531 F. Supp. 3d 673, 728 (S.D.N.Y. 2021) (collecting cases); Farmer v. Cnty. of Westchester, No. 18 Civ. 2691 (NSR), 2021 WL 4199944, at *6-7 (S.D.N.Y. Sept. 15, 2021) (granting a motion to dismiss under Rule 8 where "the vast majority of allegations relating to [defendant] are jointly alleged against most of the other Defendants without providing any factual

4

basis to distinguish their conduct"). Indeed, "[i]n prohibiting 'group pleading,' courts acknowledge that 'the principal function of pleadings under the federal rules is to give the adverse parties fair notice of the claims asserted [against them] so as to enable them to answer and prepare for trial.'" Monterey Bay, 531 F. Supp. 3d at 728 (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (cleaned up)).

"In the labor law context, courts have entertained group pleading arguments [] with respect to allegations concerning whether particular defendants constitute 'employers.'" Fallon v. 18 Greenwich Ave., LLC, 19 Civ. No. 9579 (MKV), 2021 WL 1105066, at *3 (S.D.N.Y. Mar. 23, 2021). See, e.g., Stewart v. Hudson Hall LLC, No. 20 Civ. 885 (PGG) (SLC), 2020 WL 8732875, at *7-8 (S.D.N.Y. Oct. 19, 2020) (the plaintiff's failure to comply with Rule 8(a)(2) required dismissal of FLSA and NYLL claims against corporate defendants), R&R adopted, 2021 WL 735244 (S.D.N.Y. Feb. 24, 2021); see also Shi Ming Chen v. Hunan Manor Enterprise, Inc., No. 17 Civ. 802 (GBD), 2018 WL 1166626, at *9 (S.D.N.Y. Feb. 15, 2018) (rejecting plaintiffs' attempt to "simply lump all seventeen Defendants together" in alleging joint employer status under the FLSA and NYLL).

### c. The Definition of "Employer" Under the Relevant Labor Laws

An "employer" is defined under the FLSA as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). The Supreme Court has determined that the FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" Irizarry v. Catsimatidis, 722 F.3d 99, 103 (2d Cir. 2013) (quoting Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 326 (1992)).

The definition of "employer" under the NYLL is nearly identical to that of the FLSA. Fernandez v. HR Parking Inc., 407 F. Supp. 3d 445, 452 (S.D.N.Y. 2019); see NYLL § 2(7)

(defining the term "employed" as "permitted or suffered to work"). Courts in this Circuit thus interpret the definition of "employer" under the NYLL coextensively with the FSLA's definition, including for purposes of determining who is a joint employer. Fernandez, 407 F. Supp. 3d at 452 (collecting cases).

To determine whether a particular defendant is a "joint employer" under the FLSA or NYLL, the Second Circuit utilizes the economic realities test. This focuses on whether the alleged employer: (1) had the power to hire and fire the employee; (2) supervised and controlled the employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." Saleem v. Corporate Transportation Group, 52 F. Supp. 3d 526 (S.D.N.Y. 2014), unanimously affirmed, 854 F.3d 131 (2d Cir. 2017); Irizarry v. Catsimatidis, 722 F.3d 99, 104-105 (2d Cir. 2013) (citation omitted); see also Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984). "No one of the four factors standing alone is dispositive. Instead, the 'economic reality' test encompasses the totality of the circumstances..." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999). This is a heavy standard.

## II. THE AMENDED COMPLAINT IS AMBIGUOUS AND UNCLEAR AS TO WHICH CLAIMS FOR RELIEF APPLY TO WHICH DEFENDANTS

### a. The Amended Complaint Impermissibly Lumps Defendants Together in Violation of Rule 8.

As an initial matter, Plaintiffs' Amended Complaint warrants dismissal because it falls short of Rule 8's pleading requirements. Plaintiffs engage in "group pleading" throughout the Amended Complaint and fail to put SWHNY on notice of the particular claims asserted against it, as well as the specified grounds for such claims against SWHNY. Indeed, the Amended Complaint repeatedly attributes the unlawful conduct alleged to "Defendants" or the "MLTC Defendants" collectively, without specifying which Defendants were responsible for the alleged conduct.

6

Plaintiffs' allegations lumping SWHNY in with all "Defendants" in asserting claims against SWHNY on behalf of Plaintiffs that they admit were not employed by SWHNY highlight this defect and its consequences. Indeed, in its 62 page pleading, SWHNY is only expressly mentioned in approximately 22 of Plaintiffs' approximately 340 paragraphs. Therein, Plaintiffs admit that SWHNY contracted with GreatCare for the services of home care aides to members of SWHNY's managed long-term care plan. Id. ¶¶ 3-4. Notably, Plaintiffs' allegations are vague, general, conclusory, and fail to specifically link any alleged conduct demonstrating control of Plaintiffs to SWHNY. Id. The remaining paragraphs merely lump SWHNY in with other Defendants and claim in baseless and conclusory fashion that SWHNY jointly employed Plaintiffs. Id. ¶¶ 23, 26, 28, 31, 34, 36, 39, 42, 47, 49, 52, 103, 116, 135, 141, 149, 151, 177, 205, 206 and 228. Notably, none of the allegations specified against SWHNY are substantive or plausible sufficient for Plaintiffs' pleading to survive dismissal. This is by design, because Plaintiffs cannot allege any conduct by SWHNY demonstrating that it was their employer under the FLSA, NYLL or WPA, which is a threshold requirement to even state the claims asserted. By way of example, but not limitation, Plaintiffs allege that "***Defendants*** failed to pay Plaintiffs…" Id. ¶¶ at 303, 309, 314, 320, 325, and 337 (emphasis added); and "***Defendants*** failed to comply with NYLL…" Id. at ¶328 (emphasis added); and "***Defendants*** failed to provide Plaintiffs with wage notices…" Id. at ¶ 329 (emphasis added); and "***Defendants*** failed to provide Plaintiffs with detailed and accurate wage statements…" Id. at ¶ 332(emphasis added). The decisions cited herein concerning group pleading demonstrate that the foregoing allegations are insufficient and warrant dismissal of the Amended Complaint. Simply put, all the foregoing conduct cannot be alleged to be attributable to all Defendants without any specification, especially when it is admitted that SWHNY did not even employ all of the Plaintiffs.

Under Rule 8(a), the pleader must provide a short and plain statement of the facts giving rise to each defendant's liability. It is not the job of the defendant or the Court to guess at the basis for the plaintiff's claim or to try to stitch together a coherent theory on the plaintiff's behalf. Bardwil Indus. Inc. v. Kennedy, No. 19 Civ. 8211 (NRB), 2020 WL 2748248, at *4 (S.D.N.Y. May 27, 2020) (dismissing a complaint where the defendant was "left to guess not only which factual contentions are asserted against him, but also which of those contentions are the basis for plaintiff's claim" and noting that "[s]uch guesswork is antithetical to the fair notice that Rule 8 requires") (cleaned up). Based on the allegations asserted in the Amended Complaint, in which SWHNY is repeatedly lumped together with the other Defendants, SWHNY is impermissibly left to guess which factual contentions and claims are asserted against it.

Based on the foregoing, and the well-settled case law in this Court[1], SWHNY respectfully requests that this Motion be granted, and Plaintiffs' Amended Complaint be dismissed in its entirety, with prejudice, against it.

---

[1] See Stewart, 2020 WL 8732875, at *7-8 ("the failure of the FAC to comply with the minimal requirements of Rule 8(A)(2)" constituted basis for dismissal where plaintiff did not allege "which of the defendants or agents of those defendants engaged in the wage-and-hour violations" and court could not discern from group-pled allegations concerning "Defendants' corporate-wide policies and practices" which of the corporate defendants' policies and practices were implicated) (cleaned up); Shi Ming Chen, 2018 WL 1166626, at *9 ("Plaintiffs' attempt to simply lump all seventeen Defendants together into one allegation—without any accompanying facts to support the inference that Moving Defendants had the power to control Plaintiff—is insufficient to satisfy the Twombly/Iqbal pleading standard"); see also Hernandez v. BMNY Contracting Corp., No. 17 Civ. 9375 (GBD), 2019 WL 418498, at *2 (S.D.N.Y. Jan. 17, 2019) (dismissing complaint, which alleged labor law violations, where it improperly "lump[ed] all [D]efendants together and provid[ed] no factual basis to distinguish [defendants'] conduct").

III.  **PLAINTIFFS WERE NOT EMPLOYED BY SWHNY, AND THEREFORE, PLAINTIFFS CANNOT PURSUE CLAIMS AGAINST SWHNY UNDER THE FLSA, NYLL OR WPA**

a.  **Defendants Are Not Joint-Employers.**

i.  *Plaintiffs fail to plausibly allege that SWHNY had the power to hire or fire them.*

Even if Plaintiffs' claims were pleaded with sufficient particularity, which they were not, all causes of action asserted in this matter respectfully should still be dismissed as against SWHNY because Plaintiffs have not, and cannot, show that SWHNY was their "employer" under the FLSA, NYLL or WPA.  Similarly, SWHNY does not qualify as Plaintiffs' "joint-employer" with the other Defendants.  Importantly, nowhere in the Amended Complaint is any wrongful conduct typically attributable to an offending employer specifically alleged against SWHNY.  No direct contact or communication is alleged at all between SWHNY and any of the Plaintiffs.  By way of example, but not limitation, Plaintiffs fail to plausibly allege, because they cannot do so, that SWHNY had the power to hire and fire Plaintiffs.  The Amended Complaint also fails to plausibly allege that SWHNY supervised and controlled Plaintiffs' work schedules or conditions of employment. Plaintiffs additionally fail to plausibly allege that SWHNY determined the rate and method of payment; or maintained employment records.  Rather, Plaintiffs assert boilerplate and conclusory allegations against SWHNY without any specified examples linking SWHNY to their employment.  Notably, "[c]ourts in this District have routinely dismissed complaints that do nothing but recite [the factors used to determine whether an entity is an employer] … and claim that an alleged employer satisfies them without offering further detail." Orellana v. Real Innovative Constr., LLC, No. 18 Civ. 8396 (VEC) (RWL), 2020 WL 13469284, at *6 (S.D.N.Y. Feb. 6, 2020) (collecting cases); see also Shi Ming Chen, 2018 WL 1166626, at *8 ("mere boilerplate recitation of the … factors [considered in evaluating whether an entity is an employer]

9

is plainly insufficient to raise plaintiffs' right to relief above a speculative level with respect to that individual's liability as an employer under the FLSA") (citation omitted).

Because SWHNY had no contact with, or control over, Plaintiffs, they appear to base their claims against SWHNY solely on the unfounded assumption that SWHNY was a joint-employer with GreatCare because SWHNY contracted with GreatCare for the services of home care aides to members of SWHNY's managed long-term care plan. See Am. Compl. ¶¶ 3-4. In fact, Plaintiffs admit that it was GreatCare, not SWHNY, that handled the day-to-day aspects of their employment by "assigning the aides to care recipients, and managing payroll for the aides…" Id. ¶5. Additionally, Plaintiffs admit that it was GreatCare, not SWHNY, that "hired aides, including Plaintiffs, assigned them to specific care recipients, set their weekly work schedules, was responsible for overall supervision and training, and paid them." Id. ¶ 7.

It is well-settled that, in considering a motion to dismiss under Rule 12, a complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Rusis v. Int'l Business Machines Corp., 529 F. Supp. 3d 178, 191 (S.D.N.Y. 2021) (cleaned up). As discussed, given that all of Plaintiffs' allegations against SWHNY apparently stem from SWHNY's contract for services with GreatCare, the relevant contracts between SWHNY and GreatCare are necessarily integral to the Amended Complaint. A copy of relevant provisions of the Health Care Services Agreement between SWHNY and GreatCare, dated February 1, 2012, is annexed as Exhibit B to the Grajek Decl. A copy of relevant provisions of the Administrative Agreement for the Provision of Fiscal Intermediary Services for the Consumer Directed Personal Assistance Program between SWHNY and GreatCare, dated March 1, 2016 (the "Fiscal Intermediary Agreement"), is annexed as Exhibit C to the Grajek Decl. Collectively

10

Exhibits B and C shall be referenced herein as the "GreatCare Agreements."  As clearly set forth therein, SWHNY had no control over Plaintiffs and played no role in connection with Plaintiffs' employment.

By way of example, but not limitation, SWHNY contracted with GreatCare to provide services to members of SWHNY's Medicare Advantage Plan.  In furnishing the services contracted for, GreatCare was to comply with all applicable State and federal laws and regulations.  See Exhibit B at 1.  GreatCare was responsible for "provid[ing] and arrang[ing] for the provision of, and be responsible for the coordination of, Medically Necessary Provider Services to Members through Provider or Health Care Practitioners…[and] for ensuring that any Provider Service … complies with all applicable provisions of federal and State laws and regulations… Id. at 5.

Moreover, SWHNY also contracted with GreatCare to provide fiscal intermediary services. Under this agreement, GreatCare was contracted to "provide wage and benefit processing for consumer directed personal assistants ["CDPA"] and other fiscal intermediary responsibilities…" See Exhibit C at 2.  Therein, SWHNY contracted with GreatCare to "[p]rocess each CDPA's wages and benefits; process all income tax and other required wage withholdings; and comply with workers' compensation, disability and unemployment insurance requirements... [and] [m]aintain records for each CDPA which shall include, at a minimum, time records … and the information needed for payroll processing and benefit administration" Id. at 3.  Nowhere in this agreement do SWHNY's responsibilities include any contact with or control over Plaintiffs.  Id. at 5-6.

In sum, the GreatCare Agreements, which apparently form the basis of Plaintiffs' claims that SWHNY was their joint-employer, refutes any possible claim that Plaintiffs were SWHNY's employees.  Based on the allegations expressly asserted in the Amended Complaint, and the relevant contracts that are necessarily integral thereto, Plaintiffs cannot state the claims asserted

11

against SWHNY in this case because it was not their employer or joint-employer. All claims asserted against SWHNY in the Amended Complaint should thus respectfully be dismissed with prejudice.

### ii. Plaintiffs fail to plausibly allege that SWHNY supervised or controlled their work schedules or conditions of employment.

Because "the degree to which the defendants supervise the plaintiffs' work . . . can be misinterpreted to encompass run-of-the-mill subcontracting relationships." (Jean-Louis v. Metro. Cable Commc'ns, Inc., 838 F. Supp. 2d 111, 126 (S.D.N.Y. 2011)), a plaintiff must allege that a putative joint employer's supervision was so extensive that it "affect[ed] employment-related factors such as workplace conditions and operations, personnel, or compensation." Irizarry 722 F.3d 99 at 109. Here, the Amended Complaint does not plausibly allege that SWHNY had any role in determining or enforcing workplace conditions, operations, or compensation. Plaintiffs do not even allege that they ever had any contact or communications with SWHNY, because they could not make such a representation. The foregoing omissions are fatal to any of Plaintiffs' claims asserted against SWHNY in this matter. Based upon Plaintiffs' own admissions in the Amended Complaint that GreatCare, not SWHNY, engaged in the conduct alleged in this matter, and the express terms of the GreatCare Agreements, Plaintiffs' joint employment allegations should respectfully be rejected. See, e.g., Nelson v. FedEx Ground Package Sys., No. 18-cv-1378, 2019 WL 1437765, at *4 (D. Colo. Feb. 8, 2019) (in rejecting plaintiffs' claims that FedEx was their joint employer, concluding that despite allegations of a close working connection between FedEx and their employer, what was missing were substantial allegations suggesting that FedEx "controls how the putative class members are compensated."); Gibbs v. MLK Express Servs., LLC, No. 18-cv-434, 2019 WL 2635746, at *8 (M.D. Fla. June 27, 2019) (same, reasoning that while plaintiff offered evidence "go[ing] to Amazon's control over [its delivery service contractors'] duties,"

12

plaintiff failed to offer evidence Amazon was part of any common plan, policy or decision "with regard to their pay provisions"); Korenblum v. Citigroup, 195 F. Supp. 3d 475, 487 (S.D.N.Y. 2016) (same, reasoning the plaintiffs failed to offer evidence suggesting "that Citi bore any responsibility for" its vendors' pay practices).  For the foregoing reasons, dismissal is respectfully warranted.

> ### iii.  Plaintiffs fail to plausibly allege that SWHNY maintained their employee records.

Plaintiffs have not alleged anywhere in the Amended Complaint that SWHNY maintained their employment records, including their personnel files, pay stubs, and other compensation related documents.  To the contrary, Plaintiffs admit that role was fulfilled by GreatCare.  Am. Compl. ¶ 5.  See also Exhibit C at 2.  All of Plaintiffs' claims relating to notification and recordkeeping asserted against SWHNY thus should also be dismissed with prejudice as a matter of law.

In sum, Plaintiffs have not satisfied any of the pleading requirements of the joint employer test. While their allegations may plausibly state FLSA, NYLL or WPA wage and hour claims against other defendants, their allegations "have failed to sufficiently allege that [SWHNY] had and exercised sufficient control over them to satisfy" New York's joint employer test. Diaz v. Consortium for Worker Educ., Inc., No. 10-cv-1848, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010). As such, the Court should respectfully dismiss Plaintiffs' FLSA, NYLL and WPA causes of action as against SWHNY.

## IV.  PLAINTIFFS' CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS, AND NO GROUNDS FOR TOLLING SAME EXIST AS TO SWHNY

Even if Plaintiffs' claims could survive dismissal in connection with the foregoing serious issues with their pleading, which SWHNY respectfully denies, many of Plaintiffs' claims cannot

13

be sustained because they failed to file same before the relevant statutes of limitations expired. Plaintiffs first filed their claims against SWHNY via the Amended Complaint (ECF No. 77) on August 18, 2025. Unpaid minimum wages or unpaid overtime compensation claims under the FLSA are subject to a three-year statute of limitations if they are committed "willfully" and are otherwise subject to a two-year statute of limitations. 29 U.S.C. §255(a). Plaintiffs have failed to plausibly allege any wrongful conduct by SWHNY against them at all in the Amended Complaint, let alone "willful" conduct. Thus, Plaintiffs' allegations concerning conduct dating later than August 18, 2023 in support of Plaintiffs' FLSA claims are untimely and warrant dismissal as a matter of law. No grounds for tolling Plaintiffs' FLSA claims exist. Plaintiffs' Amended Complaint vaguely refers to a New York State Department of Labor complaint the ("DOL Complaint"), but fails to specify which, if any, of the Defendants were named in the DOL Complaint, or when the alleged administrative complaint concluded. The DOL Complaint, which was filed with New York's State Department of Labor, also does not toll Plaintiffs' FLSA claims.

Similarly, any allegations of conduct dating later than August 18, 2019 in support of Plaintiffs' NYLL and WPA claims are untimely and warrant dismissal as a matter of law, because same are subject to a six year statute of limitations. N.Y. Labor Law §§ 198(3), 663(3). Moreover, Plaintiffs have failed to plausibly allege grounds in the Amended Complaint relating to the claims against SWHNY that would warrant a tolling of the relevant statutes of limitations.

Tolling is an equitable remedy that should only be utilized in exceptional circumstances. Litigants who seek tolling of the statute of limitations must generally establish that they have diligently been pursuing their rights and that an extraordinary circumstance prevented timely filing. Lawrence v. Fla., 549 U.S. 327, 336 (2007). The burden of demonstrating that tolling is appropriate lies with Plaintiffs. Thus a "conclusory and vague claim, without a particularized

14

description" of the circumstances warranting the tolling sought is insufficient to justify setting the statute of limitations aside.  See Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000); accord Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010); see also Shin v. NBC Universal Media, LLC, No. 23-CV-10996 (LJL), 2025 WL 438297, at *10 (S.D.N.Y. Feb. 7, 2025).  Indeed, "where a plaintiff provides no factual allegations that reflect that the plaintiff pursued their rights diligently and was frustrated by extraordinary circumstances, the court may reject a claim of equitable tolling made in a memorandum of law in opposition to a motion to dismiss." Levin v. Sarah Lawrence Coll., 2024 WL 4026966, at *18 (S.D.N.Y. Sept. 3, 2024); see also Lomako v. N.Y. Inst. of Tech., 440 F. App'x 1, 3 (2d Cir. 2011) (summary order).  Shin v. NBC Universal Media, LLC, 2025 WL 438297, at *8 (S.D.N.Y. Feb. 7, 2025).  This Court has thus repeatedly held that a plaintiff's claim to tolling of the statute of limitations is inadequately invoked when the plaintiff fails to describe the circumstances warranting the tolling with particularity.  Id. at *8 (citations omitted).

Accordingly, because it is unclear from Plaintiffs' Amended Complaint the precise amount of tolling allegedly warranted, and to which of the Defendants Plaintiffs' tolling argument even allegedly applies, Plaintiffs' claims should respectfully be dismissed as barred by the applicable statutes of limitations set under the FLSA, the NYLL and the WPA.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' Causes of Action asserted against SWHNY should respectfully be dismissed with prejudice.  It is thus respectfully requested that an Order be issued by this Court dismissing all claims as against SWHNY in their entirety, and for such other, additional relief as this Court deems just and proper.

Dated: October 28, 2025
New York, New York

Respectfully submitted,

*/s/ Kaitlyn Grajek*

Kaitlyn Grajek, Esq.
kgrajek@stradley.com
**STRADLEY RONON**
**STEVENS & YOUNG, LLP**
100 Park Avenue, Suite 200
New York, NY 10017
(862) 682-7255

*Attorneys for Defendant,*
*Senior Whole Health of New York, Inc.*

16

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that the Memorandum of Law provided herewith complies with the word count limitation set forth in A(2)(h) of the Honorable Laura Taylor Swain's Individual Practices and Rules. Based on the word-count feature of the word processing system used to prepare the Memorandum of Law, it contains 4880 words.

Dated: October 28, 2025
New York, New York

Respectfully submitted,

*/s/ Kaitlyn Grajek*
Kaitlyn Grajek, Esq.
kgrajek@stradley.com
**STRADLEY RONON
STEVENS & YOUNG, LLP**
100 Park Avenue, Suite 200
New York, NY 10017
(862) 682-7255

*Attorneys for Defendant,
Senior Whole Health of New York, Inc.*

17