UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

HEI LI, ZHU H.L. LIN, LI CHEN, XIU F.
CHEN, MEI F. CHEN, HUI HE, HUI LI,
ZHAN J. LI, HUI X. RUAN, JIAN R.
XIAO, MEI Z. XIAO, MU Z. ZHANG, BI
Y. ZHENG, XIU X. ZHU,

                        Plaintiffs,

            -against-

GREATCARE, INC., CENTERLIGHT
HEALTHCARE, INC., SENIOR WHOLE
HEALTH OF NEW YORK, INC.,

                        Defendants.
_____

Case No. 1:24-cv-07401 (LTS) (KHP)

**DECLARATION OF CARMELA HUANG**

CARMELA HUANG, an attorney duly admitted to practice law in the State of New York and in the Southern District of New York, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a Senior Attorney with the National Center for Law and Economic Justice ("NCLEJ") and one of the counsel for the Plaintiffs in the above-captioned action. I submit this declaration in support of Plaintiffs' Opposition to Senior Whole Health of New York, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint filed on October 28, 2025. ECF No. 102.

1

2.      Senior Whole Health of New York, Inc. ("SWHNY") seeks to incorporate into the Court's consideration of its Motion to Dismiss two contracts that were attached as exhibits to the Declaration of Kaitlyn Grajek.

3.      The first contract is a Home Health Care Services Agreement between SWHNY and Defendant GreatCare, Inc. ("GreatCare") dated February 1, 2012. *See* ECF No. 104-2.

4.      This contract states that SWHNY shall compensate GreatCare for services provided under the Agreement as set forth in an "Attachment C."

5.      "Attachment C" was not included in Defendant SWHNY's filings. If it had been, Plaintiffs believe that it would be the same or similar to the Amendment to the Provider Agreement, a true and correct copy of which is annexed hereto as Exhibit 1.

6.      The contract also states the GreatCare agrees to comply with the provisions of "Attachment D," which is expressly incorporated to the agreement and concerns the Medicare Advantage Provisions.

7.      "Attachment D" was not included in SWHNY's filings. If it had been, Plaintiffs believe that it would be the same or similar to the Medicaid Advantage Plus (MAP) Model Contract (January 1, 2017-December 31, 2021), which covers a large portion of the period relevant to this action. A true and correct copy of the Medicaid Advantage Plus (MAP) Model Contract is annexed hereto as Exhibit 2.

8. The second contract SWHNY seeks to incorporate into the Court's consideration is an Administrative Agreement for the Provision of Fiscal Intermediary Services for the Consumer Directed Personal Assistance Program Between SWHNY and GreatCare dated March 1, 2016. *See* ECF No. 104-3.

9. Section 20 of this contract expressly incorporates the Managed Long Term Care Plan Model Contract, which Plaintiffs assert is the same as the Managed Long-Term Care Partial Capitation Contract (January 1, 2017-December 31, 2021). A true and correct copy of this Model Contract is annexed hereto as Exhibit 3.

10. Plaintiffs' Amended Complaint contains a scrivener's error and incorrectly lists the date that Plaintiff Zhu H.L. Lin filed her complaint with the New York State Department of Labor ("NYSDOL") as May 25, 2023 instead of the correct date of May 25, 2022. A true and correct copy of the claim form submitted by Plaintiff Zhu H.L. Lin is annexed hereto as Exhibit 4.

11. The NYSDOL closed its investigation into the claim submitted by Ms. Lin and the other Plaintiffs on October 22, 2024. A true and correct copy of the closing letter is annexed hereto as Exhibit 5.

Respectfully submitted,

Dated: December 5, 2025
New York, New York                    By: */s/ Carmela Huang*
                                      Carmela Huang

3

NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, New York 10004
huang@nclej.org
(212) 633-6967

*Counsel for Plaintiffs*