## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEI LI, ZHU H.L. LIN, LI CHEN, XIU F. CHEN, MEI F. CHEN, HUI HE, HUI LI, ZHAN J. LI, HUI X. RUAN, JIAN R. XIAO, MEI Z. XIAO, MU Z. ZHANG, BI Y. ZHENG, XIU X. ZHU, <br><br> Plaintiffs, <br><br> v. <br><br> GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC., <br><br> Defendants. | : <br> :    Case No.: 1:24-CV-7401 (LTS)(KHP) <br> : <br> : <br> : <br> : <br> : <br> :    **ORAL ARGUMENT** <br> :    **RESPECTFULLY REQUESTED** <br> : <br> : |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT SENIOR WHOLE HEALTH OF NEW YORK, INC.'S <u>MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>

Kaitlyn Grajek, Esq.
**STRADLEY RONON STEVENS & YOUNG, LLP**
100 Park Avenue, Suite 200
New York, NY 10017
kgrajek@stradley.com
(862) 682-7255

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................1

ARGUMENT....................................................................................................................2

I.  PLAINTIFFS CONCEDE SEVERAL RULE 8 VIOLATIONS
    WARRANTING DISMISSAL OF THE AMENDED COMPLAINT..............2

    a.  Plaintiffs admit to a crucial pleading defect as identified in
        SWHNY's Motion........................................................................................2

    b.  Plaintiffs admit to group pleading in the Amended Complaint. ..................3

    c.  Plaintiffs miss the point by focusing on "liability" and not the
        threshold issue that SWHNY was not their "employer"
        as a matter of law. ......................................................................................5

II.  NO AUTHORITY SUPPORTING PLAINTIFFS' JOINT EMPLOYER
     CLAIMS AGAINST SWHNY EXISTS; INSTEAD, PLAINTIFFS
     RELY UPON A WITHDRAWN AND IRRELEVANT
     US DEPARTMENT OF LABOR ADMINISTRATOR INTERPRETATION
     CONCERNING MIGRANT AND SEASONAL AGRICULTURAL
     WORKERS.............................................................................................................6

III.  EVEN UNDER THE ECONOMIC REALITY TEST, PLAINTIFFS'
      PLEADING STILL WARRANTS DISMISSAL. ...........................................7

IV.  SWHNY IS NOT ASKING THIS COURT TO MAKE A FACTUAL
     DETERMINATION AT THIS JUNCTURE; BASED SOLELY ON THE
     ALLEGATIONS IN PLAINTIFFS' PLEADING,
     DISMISSAL IS REQUIRED AS A MATTER OF LAW.................................8

IV.  PLAINTIFFS FAIL TO EVEN ADDRESS SWHNY'S STATUTE OF
     LIMITATIONS ARGUMENTS, WHICH IS ALSO FATAL TO THEIR
     CLAIMS... ...............................................................................................................9

CONCLUSION...............................................................................................................10

## TABLE OF AUTHORITIES

**C**ASES

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)........................................................................................................3

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)........................................................................................................3

**R**ULES

Federal Rule of Civil Procedure 8 ........................................................................... 1-2,4-6

Defendant Senior Whole Health of New York, Inc., ("SWHNY") respectfully submits this memorandum of law in further support of its motion to dismiss all counts asserted against it in the Amended Complaint filed by Plaintiffs (ECF No. 77) (the "Amended Complaint") (ECF Nos. 102-104) (the "Motion")[1] and in reply to Plaintiffs' filed submissions in opposition to the Motion (ECF Nos. 120-121) (the "Opposition").

## PRELIMINARY STATEMENT

Plaintiffs' Opposition concedes many of the points set forth in SWHNY's Motion and fails to adequately address SWHNY's remaining arguments in favor of dismissal. As discussed herein, Plaintiffs fail to even address SWHNY's statute of limitations arguments and admit to group pleading their allegations against Defendants in violation of Rule 8. Additionally, the Opposition concedes that four Plaintiffs are not asserting claims against SWHNY. This admission, alone, mandates dismissal of Plaintiffs' pleading, as those same Plaintiffs inexplicably assert causes of action against SWHNY in the Amended Complaint.

As further discussed herein, the Opposition is devoid of a single case supporting Plaintiffs' claims under the circumstances alleged. This is because no such case exists. As discussed herein, Plaintiffs' claims are novel because they are implausible. Additionally, as set forth herein at length, and in SWHNY's initial Motion submission, Plaintiffs' allegations in the Amended Complaint are insufficient to survive dismissal as a matter of law.

Based on their pleadings, Plaintiffs are asking this Court to deem a contracting party a "joint-employer" of a worker's actual employer based solely on assumed knowledge of the work for which the party contracted. Additionally, based on the pleadings, Plaintiffs are asking this

---

[1] The Memorandum of Law, October 28, 2025 Declaration of Kaitlyn Grajek and Exhibits annexed thereto previously submitted by SWHNY in support of the Motion are respectfully incorporated herein by reference.

1

Court to attribute employer status to a third-party based on claims, not of engaging in behavior, but of allegedly being in the position to know that a worker's employer was engaging in behavior.

The implications of such a ruling would not only be detrimental to the managed long term care industry, but allowing Plaintiffs' claims to survive as pleaded could set a precedent resulting in an avalanche of joint-employer claims against any third-party who contracts with an employer to render services.

For the reasons set forth herein, and in SWHNY's initial submission in support of the Motion, dismissal of Plaintiffs' claims is respectfully necessary as a matter of law.

**ARGUMENT**

I.    **PLAINTIFFS CONCEDE SEVERAL RULE 8 VIOLATIONS WARRANTING DISMISSAL OF THE AMENDED COMPLAINT**

    a.    **Plaintiffs admit to a crucial pleading defect as identified in SWHNY's Motion.**

Plaintiffs confirm in the Opposition that only nine of the fourteen Plaintiffs are asserting causes of action against SWHNY. This, alone, warrants a grant of SWHNY's Motion, or, minimally, an order to amend Plaintiffs' pleading.

As discussed in SWHNY's previous submission in support of the Motion, Plaintiffs admit in Paragraph 52 of the Amended Complaint that SWHNY did not employ Plaintiff Hei Li, Plaintiff Jian R. Xiao, Plaintiff Mei Z. Xiao, or Plaintiff Bi Y. Zheng. However, in the "Claims for Relief" section of the Amended Complaint, Plaintiffs allege causes of action against SWHNY on behalf of those Plaintiffs under the FLSA, the NYLL and the WPA via impermissibly group pleading conduct allegedly attributable to all "Defendants." See Am. Compl. ¶¶ 300-338. By way of additional example, but not limitation, see ¶¶ 5-15 of the Amended Complaint in which Plaintiffs baselessly allege wage and hour violations against GreatCare and the "MLTCs" collectively.

2

Because this issue is not in dispute, SWHNY respectfully submits that dismissal of the claims asserted by Plaintiff Hei Li, Plaintiff Jian R. Xiao, Plaintiff Mei Z. Xiao, or Plaintiff Bi Y. Zheng against it in this action as asserted in the Amended Complaint must be dismissed as a matter of law.

**b. Plaintiffs admit to group pleading in the Amended Complaint.**

To avoid dismissal of their Amended Complaint, Plaintiffs must plead "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 566 U.S. at 678. The factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 (the complaint must raise "more than a sheer possibility that a defendant has acted unlawfully").

Plaintiffs concede that the Amended Complaint group pleads allegations against the Defendants but offers as justification for such improper pleading that Defendants engaged in identical behavior. Respectfully, this does not meet the plausibility standard required for Plaintiffs' claims against SWHNY to survive dismissal.

Indeed, Plaintiffs admit in the Opposition that they lumped Defendants together because "they adopted the same policies and practices with respect to authorizing their members for 24-hour 'live-in' services, developing their members' care plans, and establishing the compensation policies that applied to Plaintiffs when they provided care services to their members." See Opp. at 9. Given that Defendants are all distinct entities, that several Plaintiffs admit they never performed services for SWHNY's members, and that all members and care plans are unique and

3

personalized, it is simply not plausible for Plaintiffs to make these sweeping and general claims in the Amended Complaint. These are precisely the sort of ambiguous and unspecified allegations prohibited by Rule 8. Plaintiffs' Opposition misses the point of SWHNY's argument concerning group pleading. **To properly state claims against SWHNY, Plaintiffs must plausibly allege that SWHNY was a "joint employer" of Plaintiffs with the other Defendants. However, to plausibly allege that SWHNY was a "joint employer," Plaintiffs first must plausibly allege specified conduct linked to SWHNY demonstrating that SWHNY employed any of them at all.** Plaintiffs, both in the Amended Complaint and in their Opposition, gloss over this necessary order of operations and instead focus on "liability," which is improper at this stage. As discussed below, in taking this position, Plaintiffs are also asking the Court to skip this crucial first step in the analysis of determining whether they have stated a claim upon which relief can be granted against SWHNY. A close reading of Plaintiffs' pleading in this case demonstrates that they have failed to allege any specified conduct attributable to SWHNY that might plausibly establish the necessary employer relationship for their claims to survive this Motion.

Importantly, Plaintiffs are easily able to plead with specificity as to GreatCare, the licensed home care services agency that was their actual employer. Indeed, Plaintiffs admit that they were hired directly by GreatCare and that GreatCare handled the day-to-day aspects of their employment. See Opp. at 2. Additionally, Plaintiffs concede that GreatCare took primary responsibility for assigning Plaintiffs to specific care recipients. Id. GreatCare set Plaintiffs' weekly work schedules and determined personnel policies applicable to Plaintiffs. Id. Plaintiffs also admit that GreatCare handled Plaintiffs' paperwork, payroll and taxes. Id.

Alternatively, Plaintiffs struggle to provide any specific allegations against SWHNY establishing "employer" behavior. Notably, Plaintiffs selectively omit from the Opposition a prime

4

example of SWHNY's argument that the Amended Complaint fails to provide specified grounds for Plaintiffs' claims against it; namely, Plaintiffs' pleaded claims relating to Plaintiff Hui X. Ruan's alleged care for "Ms. C, an elderly woman who lived in Manhattan, New York." Plaintiffs' claims in the Amended Complaint pertaining to Plaintiff Hui X. Ruan's alleged care for "Ms. C" are group pleaded with no allegation linking "Ms. C" specifically to SWHNY. See Amended Complaint ¶¶ 245-252. Indeed, the Opposition fails to note for the Court that Plaintiffs' claims regarding "Ms. C" were pleaded under the ambiguous umbrella that the Plaintiffs who allegedly cared for "Ms. C" were "employed by GreatCare and, at varying times jointly by CenterLight and/or [SWHNY]…" Id. ¶ 228.

### c. Plaintiffs miss the point by focusing on "liability" and not the threshold issue that SWHNY was not their "employer" as a matter of law.

As discussed, Plaintiffs focus on joint and several liability amongst Defendants in the Opposition despite not properly alleging that SWHNY employed any of the Plaintiffs, which is a requirement under Rule 8 for their claims to survive. Plaintiffs seemingly do not dispute their Rule 8 violations but instead conflate the factual allegations necessary to state a claim at the pleading stage with the standard for joint and several liability afforded under the relevant wage and hour laws. Indeed, Plaintiffs boldly state that they do not have to "single out the liability of SWHNY for [the claimed] violations because [SWHNY's] liability is identical to its co-employers and co-Defendants." See Opp. at 10.

In essence, Plaintiffs are asking the Court to skip crucial first steps in the analysis of determining whether they have asserted plausible claims against SWHNY: (1) whether their pleading contains unambiguous and specified factual allegations against SWHNY, and (2) whether those particularized allegations against SWHNY, as stated, and assumed by the Court to be true at this stage, would deem SWHNY Plaintiffs' joint-employer. Respectfully, the answer to both of the

5

foregoing questions is "no" as a matter of law, such that the Amended Complaint warrants dismissal at this stage.

Plaintiffs cannot have it both ways, either they must plead with specificity to properly notify SWHNY of the allegations against it as required under Rule 8, or they must stand by their allegation that identical claims are asserted against each defendant. Under either theory, the Motion must respectfully be granted. In support of the Motion, SWHNY has provided several examples demonstrating Plaintiffs' impermissible group pleading in this case, and Plaintiffs even admit to group pleading. The Amended Complaint thus fails to comply with Rule 8, warranting dismissal. Moreover, even taking Plaintiffs' allegations as true at this stage, which SWHNY strongly contends they are not, in grouping Defendants' alleged conduct together, Plaintiffs fail to plausibly state any claim against SWHNY.

No alter ego theory is alleged in this case. All Defendants are distinct entities running different businesses. Four of the Plaintiffs undisputedly did not even provide services to SWHNY's members. The at-issue patients/members for whom Plaintiffs allegedly provided the at-issue care pursuant to the at-issue care plans are all unique and personalized. It is simply not plausible for Plaintiffs to allege identical factual allegations against all Defendants in a case of this nature.

Thus, as a matter of law, based on the allegations set forth in the Amended Complaint, Plaintiffs' claims against SWHNY must be respectfully dismissed.

II.    **NO AUTHORITY SUPPORTING PLAINTIFFS' JOINT EMPLOYER CLAIMS AGAINST SWHNY EXISTS; INSTEAD, PLAINTIFFS RELY UPON A WITHDRAWN AND IRRELEVANT US DEPARTMENT OF LABOR ADMINISTRATOR INTERPRETATION CONCERNING MIGRANT AND SEASONAL AGRICULTURAL WORKERS.**

Plaintiffs rely upon U.S. Department of Labor ("USDOL") Administrator Interpretation Letter FLSA 2016-1 ("FLSA 2016-1") in their Opposition to the Motion. However, the

Opposition fails to note that the USDOL website has removed visitor access to FLSA 2016-1 because it has been withdrawn.[2]  It is thus not an appropriate source in opposition to the Motion and should respectfully be disregarded.  Notably, Plaintiffs' Opposition fails to cite to any court decision, binding or not, supporting their claim that a managed long term care organization (here, SWHNY) could ever be considered the "employer" of home health aides (here, Plaintiffs) assigned by a licensed home health agency (here, GreatCare) to provide services to the managed long term care organization's members, under any federal or state law.  This is because no such opinion exists.  As discussed, Plaintiffs' claims are novel because they are implausible.  For this reason, too, the Motion should respectfully be granted.

### III.    EVEN UNDER THE ECONOMIC REALITY TEST, PLAINTIFFS' PLEADING STILL WARRANTS DISMISSAL.

As thoroughly discussed in SWHNY's submission in support of the Motion, the analysis of relevant factors ordinarily undertaken by this Court supports that Plaintiffs have failed to plausibly allege that SWHNY employed any of the Plaintiffs.  Nevertheless, even if this Court were to apply the economic reality factors suggested by Plaintiffs in the Opposition, in conjunction with Plaintiffs' allegations in the Amended Complaint, their pleading still fails to plausibly allege that SWHNY was their employer, mandating dismissal of their claims against SWHNY.  Indeed, although SWHNY objects to Plaintiffs' reliance upon the withdrawn FLSA 2016-1, the economic realities factors set forth therein still weigh in favor of SWHNY's position that it did not employ Plaintiffs.  See Opp. at 17-18.

Plaintiffs have failed to plausibly allege that SWHNY directed, controlled or supervised Plaintiffs' work beyond a reasonable degree of contract performance oversight.  To the

---

[2] A true and accurate copy of the relevant USDOL webpage is annexed as Exhibit A to the accompanying Declaration of Kaitlyn Grajek dated December 12, 2025 (the "Grajek Decl.").

contrary, Plaintiffs pleading describes in detail that GreatCare performed those functions, as bolstered by the Agreements between GreatCare and SWHNY provided in support of the Motion.[3]   Similarly, Plaintiffs have not plausibly alleged that SWHNY controlled their employment conditions or that any durable, long-term relationship existed between SWHNY and Plaintiffs.  Plaintiffs' Amended Complaint also does not plausibly allege that Plaintiffs' work was repetitive and rote (especially given the unique and personalized nature of the at-issue care allegedly provided).  Moreover, Plaintiffs have failed to plausibly allege that their work was integral to SWHNY's business.  Accordingly, even considering the economic reality under the totality of the circumstances, the relevant factors demonstrate that Plaintiffs have failed to plausibly claim that SWHNY was their employer such that dismissal of all claims asserted against SWHNY in this action is necessary.

**IV.    SWHNY IS NOT ASKING THIS COURT TO MAKE A FACTUAL DETERMINATION AT THIS JUNCTURE; BASED SOLELY ON THE ALLEGATIONS IN PLAINTIFFS' PLEADING, DISMISSAL IS REQUIRED AS A MATTER OF LAW.**

SWHNY's arguments in support of the Motion are based solely on Plaintiffs' defective pleading.  Plaintiffs' assertion that joint-employment is a fact question unsuitable for consideration on a motion to dismiss improperly skips over the initial inquiry of pleading sufficiency.  Indeed, the courts rendering the decisions cited by Plaintiffs in support of this argument first considered, as a threshold inquiry, whether the at-issue pleading was sufficient to move on to the discovery phase.  Here, Plaintiffs' Amended Complaint does not adequately plead allegations to state the causes of action claimed against SWHNY in this matter, such that dismissal is warranted.  Moreover, the cases cited by Plaintiffs in support of this argument are

---

[3] For the reasons discussed at length in SWHNY's submission in support of the Motion, any argument by Plaintiffs that the Court not consider the contracts between GreatCare and SWHNY in consideration of the Motion should respectfully not be countenanced.

entirely distinguishable from Plaintiffs' attenuated allegations against SWHNY.  Plaintiffs rely upon cases describing specific and direct communications between the alleged employer and the alleged employees (e.g. yelling at the claimed employees about what they should be doing, interviewing the claimed employee and being included on a Slack channel with the claimed employee).   No factual detail warranting discovery[4] is present in Plaintiffs' Amended Complaint based on the allegations as currently pleaded.

Indeed, in stark contrast to the clear and direct contact between the claimed employers and employees in the cases cited by Plaintiffs in the Opposition, Plaintiffs allege passive and theoretical conduct attributable to SWHNY.  The Motion should respectfully be granted because it is not plausible to claim that SWHNY was Plaintiffs' employer under the circumstances alleged.  **Per Plaintiffs' pleaded allegations, SWHNY was their alleged joint-employer simply because SWHNY allegedly knew or could have known about Plaintiffs' working conditions based on the lawful terms of a contract between SWHNY and GreatCare, and thus, could be subjected to liability for GreatCare's alleged treatment of Plaintiffs.**  As discussed, because the implications of such a determination would subject countless innocent parties to prospective employer liability, well-beyond the intentions underlying the relevant wage and hour laws, dismissal of Plaintiffs' claims against SWHNY is respectfully necessary.

## V.   PLAINTIFFS FAIL TO EVEN ADDRESS SWHNY'S STATUTE OF LIMITATIONS ARGUMENTS, WHICH IS ALSO FATAL TO THEIR CLAIMS.

Plaintiffs concede that they are not requesting equitable tolling of the statute of limitations for their claims against SWHNY.  However, based on the dates of alleged "employment" set forth

---

[4] Fact discovery is set to expire on January 30, 2026.  Plaintiffs had almost a year of discovery in advance of filing the Amended Complaint, and they are still unable to plead specifically as to SWHNY.

in the Amended Complaint, many of Plaintiffs' claims against SWHNY have expired. Additionally, Plaintiffs fail to oppose SWHNY's argument that their allegations relating to the New York State Department of Labor ("NYSDOL") Complaint are vague and inadequate. Indeed, said claims fail to specify which of the Defendants were named in the NYSDOL Complaint and when the investigation into same concluded. Plaintiffs have thus failed to plausibly allege that SWHNY was even named and/or investigated in connection with that NYSDOL Complaint, which are conditions precedent to the NYSDOL Complaint tolling the statute of limitations for Plaintiffs' claims against SWHNY. Plaintiffs similarly fail to oppose SWHNY's Motion argument that the NYSDOL Complaint does not toll Plaintiffs' FLSA claims. Accordingly, Plaintiffs' Opposition concedes that no grounds for tolling of Plaintiffs' claims against SWHNY exist.

Any allegations concerning conduct dating later than August 18, 2023 in support of Plaintiffs' FLSA claims are thus untimely and warrant dismissal as a matter of law. Moreover, any allegations of conduct dating later than August 18, 2019 in support of Plaintiffs' NYLL and WPA claims are untimely and warrant dismissal as a matter of law.

Accordingly, SWHNY respectfully requests that this Court dismiss any claims asserted by Plaintiffs falling outside the statute of limitations for the claims asserted in this case.

## **CONCLUSION**

For the reasons set forth herein, and in SWHNY's previously filed Motion submission, Plaintiffs' Amended Complaint respectfully warrant dismissal with prejudice.

Dated: December 12, 2025          Respectfully submitted,
New York, New York

*/s/ Kaitlyn Grajek*
Kaitlyn Grajek, Esq.

*Attorneys for Defendant,*
*Senior Whole Health of New York, Inc.*

10

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that the Reply Memorandum of Law provided herewith complies with the word count limitation set forth in A(2)(h) of the Honorable Laura Taylor Swain's Individual Practices and Rules.  Based on the word-count feature of the word processing system used to prepare the Memorandum of Law, it contains 2695 words.

Dated: December 12, 2025
New York, New York

Respectfully submitted,

*/s/ Kaitlyn Grajek*
Kaitlyn Grajek, Esq.
kgrajek@stradley.com
**STRADLEY RONON
STEVENS & YOUNG, LLP**
100 Park Avenue, Suite 200
New York, NY 10017
(862) 682-7255

*Attorneys for Defendant,
Senior Whole Health of New York, Inc.*

11