UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HEI LI, et al.,

                                        Plaintiffs,

                    -against-

GREATCARE, INC., et al.,

                                        Defendants.
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/5/2026
```

**24-CV-7401 (JHR) (KHP)**

**OPINION & ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On January 2, 2026, Defendant CenterLight Health System, Inc. ("CenterLight") filed a letter requesting an extension of time to respond to Plaintiffs' requests for admission ("RFAs"). (ECF No. 129) Plaintiffs opposed CenterLight's request the same day. (ECF No. 130) CenterLight's request for an extension is DENIED as set forth below.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36.

## ANALYSIS

Plaintiffs' requests for admission were served on CenterLight on November 26, 2025. Centerlight filed the instant request on January 2, 2026. It is therefore clear that Plaintiff's request for an extension is untimely as the instant request was filed nearly a week after the deadline to respond to the RFAs had already passed. CenterLight argues that the December holidays interfered with its ability to secure responses to the RFAs and that an extension should

be granted on those grounds.  That argument is unavailing.  CenterLight was aware of the upcoming holidays and was aware, or should have been aware of the deadline imposed by Rule 36.  Thus, any request for an extension should have been made before the deadline passed. Though a court, "may permit withdrawal or amendment" of an admission arising from an untimely response where (1) "it would promote the presentation of the merits of the action" and (2) such would not prejudice the recipient of the untimely response Fed. R. Civ. P. 36(b), the Court does not find that granting CenterLight reprieve from the automatic admission provision of Rule 36 would aid in the presentation of merits in this matter and would indeed result in prejudice to Plaintiffs as they eschewed Rule 30(b)(6) depositions based on CenterLight's representation that it would respond to the RFAs.  *See Cement & Concrete Workers Dist. Council Welfare Fund v. Manny P. Concrete Co.,* No. 19 Civ. 2145 (WFK) (SJB), 2023 WL 3948751, at *5-7 (E.D.N.Y. June 12, 2023) , *cf. Hecht v. New York Univ.,* No. 25 Civ. 3042 (PAE), 2025 WL 3677977, at *1-2 (S.D.N.Y. Dec. 18, 2025) (slip copy).

## CONCLUSION

In light of the foregoing, CenterLight's request for an extension is denied and the factual matter in the RFAs is deemed admitted.

**SO ORDERED.**

DATED:     January 5, 2026
            New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

2