**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| HEI LI, ZHU H.L. LIN, LI CHEN, XIU F. CHEN, MEI F. CHEN, HUI HE, HUI LI, ZHAN J. LI, HUI X. RUAN, JIAN R. XIAO, MEI Z. XIAO, MU Z. ZHANG, BI Y. ZHENG, XIU X. ZHU,<br><br>Plaintiffs,<br><br>v.<br><br>GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC.,<br><br>Defendants.<br><br>―――――――――――――――――――――<br><br>SENIOR WHOLE HEALTH OF NEW YORK, INC.,<br><br>Defendant/Cross-Claimant,<br><br>v.<br><br>GREATCARE, INC.,<br>Defendant/Cross-Defendant. | Case No.: 1:24-CV-7401 (LTS)(KHP)<br><br>**SENIOR WHOLE HEALTH OF NEW YORK, INC.'S CROSS-COMPLAINT AGAINST GREATCARE, INC.** |

Defendant/Cross-Claimant Senior Whole Health of New York, Inc. ("SWHNY"), by its attorneys, alleges as follows against Cross-Defendant GreatCare, Inc. ("GreatCare"):

**VENUE AND JURISDICTION**

1.      The Court has supplemental jurisdiction over SWHNY's cross-claims alleged herein pursuant to 28 U.S.C. §1367(a).

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part

of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

3.      Cross-Claimant SWHNY offers a managed long term care plan to its Medicaid-eligible members with a principal place of business at 2900 Exterior Street, Suite 202, Bronx, New York, 10463.

4.      Cross-Defendant GreatCare is a New York corporation that provides home health care and fiscal intermediary services with a principal place of business at 110 West 34th Street, Suite 1207, New York, New York 10001.

## FACTUAL BACKGROUND

5.      On February 1, 2012, SWHNY and GreatCare entered into a Home Health Services Agreement (the "Agreement").

6.      On or about March 1, 2016, SWHNY and GreatCare entered into an Administrative Agreement for the Provision of Fiscal Intermediary Services for the Consumer Directed Personal Assistance Program (the "FI Agreement").

7.      On October 1, 2024, Plaintiffs Hei Li, Zhu H.L. Lin, Li Chen, Xiu F. Chen, Mei F. Chen, Hui He, Hui Li, Zhan J. Li, Hui X. Ruan, Jian R. Xiao, Mei Z. Xiao, Mu Z. Zhang, Bi Y. Zheng and Xiu X. Zhu (collectively "Plaintiffs") filed suit asserting causes of action against GreatCare in the above-captioned civil action (the "Original Action").

8.      Thereafter, on August 18, 2025, Plaintiffs filed an Amended Complaint asserting causes of action against SWHNY in the Original Action (the "Amended Complaint").

9.       In the Original Action, Plaintiffs allege that they were employed by GreatCare.

10.      Additionally, Plaintiffs allege in the Original Action that they are home care aides who provided in-home personal care services to Medicaid recipient members of SWHNY's

managed long-term care plan.

11.    The allegations in the Original Action asserted against SWHNY stem from SWHNY's Agreement and FI Agreement with GreatCare.

12.    In the Amended Complaint, Plaintiffs assert wage and hour violations under the Fair Labor Standards Act, the New York Labor Law, and the New York Home Care Worker Wage Parity Act against GreatCare, SWHNY and CenterLight Healthcare, Inc. ("CenterLight").

13.    Under the Agreement, GreatCare is required to indemnify SWHNY in connection with the claims asserted against SWHNY in the Original Action.

14.    Specifically, in Section 5.3 of the Agreement (the "Indemnification Provision"), GreatCare agreed to:

> … indemnify and hold harmless [SWHNY] from any and all judgments, liabilities, claims, demands, lawsuits, losses, damages, costs, expenses and injuries or death to persons and damage to property (including costs, expenses, court costs, and reasonable attorneys' fees on account thereof) resulting from any act, omission, fault, negligence, or misconduct by [GreatCare], Health Care Practitioner, his or her employees, agents, volunteers, or subcontractors in connection with this Agreement.

15.    There are no specific wrongful acts attributable to SWHNY in the Amended Complaint.

16.    Rather, the conduct alleged relates to the duties that SWHNY specifically contracted with GreatCare to fulfill in the FI Agreement and relevant amendments thereto.

17.    GreatCare is required to indemnify and hold SWHNY entirely harmless from Plaintiffs' claims.

18.    SWHNY has tendered its demand for indemnification in connection with the Civil Action.

19.    To date, GreatCare has failed to honor its indemnification obligations to SWHNY as set forth in the Agreement, in breach of same.

20.    In addition, GreatCare's denial of SWHNY's demand for indemnification constitutes not only a breach of the Indemnification Provision, but also an anticipatory repudiation and ongoing breach of the Agreement, including its failure to reimburse and assume responsibility for SWHNY's defense costs and attorneys' fees incurred to date and going forward.

21.    SWHNY has been damaged by GreatCare's breach, anticipatory repudiation, and ongoing breach of the Agreement in excess of $150,000.00, exclusive of interest and costs, and is entitled to relief resulting therefrom.

22.    SWHNY thus asserts its claim against GreatCare as set forth herein based upon the express terms of the Agreement between the parties.

**FIRST CAUSE OF ACTION**

**<ins>BREACH OF CONTRACT</ins>**

23.    SWHNY repeats and realleges the foregoing paragraphs as though they were fully set forth at length herein.

24.    The Agreement is a viable and existing contract between GreatCare and SWHNY.

25.    SWHNY performed all of its obligations under the Agreement.

26.    As set forth above, GreatCare has materially breached its duties under the Agreement by failing to indemnify SWHNY in connection with the Original Action in violation of the Indemnification Provision expressly agreed upon by the parties.

27.    Further, GreatCare's denial of SWHNY's demand for indemnification constitutes not only a breach of the Indemnification Provision, but also an anticipatory repudiation and ongoing breach of the Agreement, including its failure to reimburse and assume responsibility for SWHNY's defense costs and attorneys' fees incurred to date and going forward.

28.     As a direct and proximate result of the above-described contractual breach, SWHNY has sustained, and continues to sustain, damages.

**SECOND CAUSE OF ACTION**

**FOR DECLARATORY JUDGMENT THAT GREATCARE
OWES SWHNY A DUTY TO INDEMNIFY AND HOLD SWHNY
HARMLESS IN CONNECTION WITH THE ORIGINAL ACTION**

29.     SWHNY repeats and realleges the foregoing paragraphs as though they were fully set forth at length herein.

30.     As alleged herein, there is an actual and substantial justiciable controversy between the parties.

31.     GreatCare and SWHNY agreed to be bound by the terms of the Agreement, pursuant to which GreatCare owes SWHNY a duty to indemnify and hold SWHNY harmless in connection with the Original Action.

32.     As set forth above, GreatCare has failed to uphold its duty to indemnify and hold SWHNY harmless in connection with the Original Action.

33.     As a direct and proximate result of the foregoing, SWHNY has sustained, and continues to sustain, damages.

34.     Declaratory relief is appropriate because the dispute between SWHNY and GreatCare is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy.

35.     SWHNY, therefore, requests a declaratory judgment from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that GreatCare owes SWHNY a duty to indemnify and hold SWHNY harmless in connection with the Original Action, including

reimbursement of defense costs and attorneys' fees, and that such obligation is triggered by the allegations, not only by a final judgment.

## THIRD CAUSE OF ACTION

## <u>COMMON LAW INDEMNIFICATION</u>

36. SWHNY repeats and realleges the foregoing paragraphs as though they were fully set forth at length herein.

37. Any potential liability of SWHNY in connection with the Original Action would be purely vicarious or derivative of GreatCare's conduct as the actual employer and wage-paying entity, imposed solely by operation of law and without any negligence, wrongdoing, or active fault on the part of SWHNY, thereby entitling SWHNY to full indemnification under New York common law.

38. If Plaintiffs recover a judgment against SWHNY, by reason of the occurrences alleged in the Amended Complaint, SWHNY will be damaged thereby and will be entitled to common law indemnification, in whole or in part, from GreatCare for any judgment that may be recovered against SWHNY, or for that portion thereof that is shown to be the responsibility of SWHNY, together with SWHNY's costs, expenses and attorneys' fees.

## FOURTH CAUSE OF ACTION

### CONTRIBUTION
### <u>(IN THE ALTERNATIVE)</u>

39. SWHNY repeats and realleges the foregoing paragraphs as though they were fully set forth at length herein.

40. Alternatively, if Plaintiffs recover a judgment against SWHNY, by reason of the occurrences alleged in the Amended Complaint, SWHNY will be damaged thereby and will be entitled to contribution, in whole or in part, from GreatCare for any judgment that may be

recovered against SWHNY or for that portion thereof that is shown to be the responsibility of SWHNY, together with SWHNY's costs, expenses and attorneys' fees.

## FIFTH CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING <u>(IN THE ALTERNATIVE)</u>

41.     SWHNY repeats and realleges the foregoing paragraphs as though they were fully set forth at length herein.

42.     A covenant of good faith and fair dealing is implicit in the Agreement.

43.     The nature and purpose of the Indemnification Provision in the Agreement includes GreatCare covering all costs, expenses and reasonable attorneys' fees incurred by SWHNY in connection with defending itself in the Original Action.

44.     SWHNY has tendered its demand for indemnification in connection with the Original Action.

45.     To date, GreatCare has failed to honor its indemnification obligations to SWHNY as set forth in the Agreement.

46.     By reason of the foregoing, GreatCare breached the covenant of good faith and fair dealing that is implied in the Agreement by engaging in conduct to usurp SWHNY's express right to have GreatCare cover all costs, expenses and reasonable attorneys' fees it incurs in connection with the Original Action, to GreatCare's wrongful financial gain and SWHNY's substantial detriment.

47.     As a direct and proximate result of the foregoing, SWHNY has been damaged, and continues to be damaged.

## SIXTH CAUSE OF ACTION

### UNJUST ENRICHMENT
### (IN THE ALTERNATIVE)

48.    SWHNY repeats and realleges the foregoing paragraphs as though they were fully set forth at length herein.

49.    GreatCare has retained a significant financial benefit by its wrongful breach of the Agreement and failure to cover all costs, expenses and reasonable attorneys' fees that SWHNY has incurred, and continues to incur, in connection with the Original Action.

50.    GreatCare has improperly benefitted from its wrongful conduct as set forth herein, to the detriment of SWHNY.

51.    GreatCare's actions are inequitable and constitute unjust enrichment, and GreatCare should not be permitted to retain the financial benefit generated by its breach of the Agreement with SWHNY.

52.    As a direct and proximate result of the foregoing, SWHNY has been damaged, and continues to be damaged.

### PRAYER FOR RELIEF

WHEREFORE, Cross-Claimant SWHNY respectfully requests that this Court:

(a)    Declare that GreatCare owes SWHNY a duty to indemnify and hold SWHNY harmless in connection with the Original Action;

(b)    Declare that GreatCare must immediately assume SWHNY's defense and advance and reimburse all defense costs and attorneys' fees incurred and to be incurred in the Original Action;

(c)    Award SWHNY all costs, expenses, attorneys' fees, pre-judgment and post-judgment interest; and

(d)    Grant such other and further relief as the Court deems just and proper.


Dated: January 30, 2026                    **STRADLEY RONON**
New York, New York                          **STEVENS & YOUNG, LLP**

                                            By: */s/ Kaitlyn Grajek*
                                            Kaitlyn Grajek, Esq.
                                            Ethan Scapellati. Esq.
                                            kgrajek@stradley.com
                                            escapellati@stradley.com
                                            100 Park Avenue, Suite 2000
                                            New York, NY 10017
                                            (862) 682-7255

                                            *Attorneys for Defendant/Cross-Claimant,*
                                            *Senior Whole Health of New York, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Ethan Scapellati, hereby certify that on January 30, 2026, I caused a true and correct copy of the foregoing Cross-Complaint to be filed with the Court and served using the Court's ECF system.  This document is available for reviewing and downloading from the ECF system by all counsel of record.

*/s/ Ethan Scapellati*
Ethan Scapellati
