UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HEI LI, et al.,

                                    Plaintiffs,

                    -against-

GREATCARE, INC., et al.,

                                    Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__2/2/2026__

**24-CV-7401 (JHR) (KHP)**

**POST CONFERENCE ORDER**

On February 2, 2026, the parties appeared before the undersigned for Case Management Conference.  As set forth in greater detail on the record and discussed below:

First, with respect to Plaintiffs' deposition of Defendant Senior Whole Health of New York's ("SWHNY") corporate representative, Plaintiffs are granted an additional four hours to complete that deposition.  Defendant's request at the conference that the subjects to be covered at the deposition be limited is DENIED.

Second, based on the representations made on the record, the pending motions to compel third-parties to produce documents in response to subpoenas at ECF Nos. 126, 127, and 144 are terminated as moot.

Third, Defendant GreatCare shall provide a letter to Plaintiffs' counsel no later than **February 9, 2026**.  That letter must identify, with specificity: (i) each email account that was searched and the search term(s) applied; (ii) the names of GreatCare employees whose correspondence may be relevant to the claims and defenses in this action; (iii) the email addresses used by GreatCare employees for communications relating to GreatCare work; (iv) the location and nature of any repository used for fax communications and whether such

repository was searched; and (v) to the extent any email accounts or repositories were not searched, an explanation of what was not searched and why. In addition, should Plaintiffs' counsel elect to conduct a half-day deposition of GreatCare for the purpose of assessing the scope and adequacy of GreatCare's search efforts, they may do so on or before **February 23, 2026**. Such deposition shall be limited to 3.5 hours.

As this Court has previously discussed with counsel for GreatCare, counsel has an obligation to supervise discovery, which includes supervision of collection and production of relevant and responsive documents. Today's conference made plain that counsel for GreatCare has not supervised discovery, as he was unable to provide a description of documents produced, emails searched or location of repositories of relevant information. Counsel's failure to comply with discovery has created delays and necessitated motion practice. This is unacceptable. Our rules contemplate voluntary participation in discovery. *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 631 (2d Cir. 2018); *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979). Attorneys are required to monitor the search and collection of documents "so that all sources of discoverable information are identified and searched." *Ryan v. Rock Grp., N.Y. Corp.*, No. 18 Civ. 2600, 2019 WL 6841874, at *4 (S.D.N.Y. Dec. 16, 2019). This means counsel should issue a litigation hold and oversee compliance with that hold to ensure relevant information is preserved and collected. Counsel must be familiar with document retention policies and take steps to ensure that all sources of potentially relevant information are identified, searched, and relevant documents produced. *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Products, Inc.*, No. 19 Civ. 3766, 2020 WL

2

7342724, at *14-15 (S.D.N.Y. Dec. 11, 2020) (internal citations omitted).  GreatCare is warned that sanctions may be imposed for violations of the discovery rules.

Fourth, the discovery schedule is extended for the limited purpose of completing depositions noted on the record.  Plaintiffs and Defendants shall complete those depositions by **March 2, 2026**.

Fifth, with respect to SWHNY's request to extend discovery to include additional written discovery as to to Plaintiffs and GreatCare, the Court directs the parties to meet and confer.  By **February 9, 2026**, the parties shall file a joint letter setting forth, with precision, what remains necessary to complete fact discovery in this matter.  The letter must include a proposal addressing the remaining requested discovery as well as a proposed schedule for its completion.

Finally, a Case Management Conference in this matter is hereby scheduled for Monday, **March 2, 2026, at 4:00 p.m.** in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York 10007.

 **The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 126 and 127**

**SO ORDERED.**

DATED:    February 2, 2026
          New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

3