

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_____02/27/2026

February 26, 2026

*Via ECF*
Judge Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, New York 10007-1312

**APPLICATION GRANTED:** The Case Management Conference in this matter scheduled for Monday, March 2, 2026, at 4:00 p.m. in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York 10007 is hereby rescheduled to Tuesday, April 21, 2026, at 2:30 p.m.

APPLICATION GRANTED

*Katharine H. Parker*

Hon. Katharine H. Parker, U.S.M.J.
02/27/2026

RE: **Hei Li, et al. v. GreatCare, Inc., et al.**, Docket No. 24-cv-07401-LTS-KHP

Dear Judge Parker:

We represent Defendant Great Care Inc., which retained our firm yesterday as substitute counsel in place of prior counsel, Jose A. Muniz. Our firm's Notice of Appearance and motion for substitution of counsel were filed today for the Court's consideration.

Pursuant to Your Honor's Individual Practice Rules I(b) and (c), we respectfully request a 30-day adjournment of the conference currently scheduled for March 2, 2026. This is the first request to adjourn the March 2, 2026 conference date, which was originally set by the Court on February 2, 2026. (Dkt. No. 162).

Given our recent retention, a brief adjournment is necessary to permit a comprehensive review of the record and to ensure that all outstanding procedural and substantive matters are promptly and properly addressed. We are mindful of the Court's prior concerns regarding the progress of this case and take those concerns seriously. Our firm is committed to bringing this matter into full procedural compliance and ensuring that all obligations are satisfied without further delay.

Specifically, we are obtaining and reviewing, inter alia: (i) all pleadings, including crossclaims; (ii) prior Court orders; (iii) transcripts of prior conferences; (iv) discovery exchanged to date; and (v) deposition transcripts. Certain materials must be obtained from third parties and may require additional time. To facilitate a smooth transition, we have scheduled a meet-and-confer with Plaintiffs' counsel for March 4, 2026, and anticipate similar conferences with co-defendants next week.

We have conferred with Plaintiffs' counsel, who do not object to the requested conference adjournment. Plaintiffs have requested that we convey that they do not believe substitution of counsel should serve as a basis to reopen fact discovery as against Plaintiffs, and that they do not withdraw any previously asserted requests for relief, including their request that Defendant show cause why sanctions should not be imposed. Plaintiffs' counsel have further advised that, without waiving their clients' rights,

The Hon. Judge K. Parker
February 26, 2026
Page 2 of 2

they are willing to assist undersigned counsel in becoming familiar with the record by providing copies of discovery exchanged in this action, including documents produced in response to subpoenas.

Counsel for Defendant CenterLight Healthcare, Inc. consents to the requested adjournment. We have been unable to reach counsel for Senior Whole Health of New York, Inc. to ascertain its position.

Accordingly, we respectfully request that the Court grant the requested thirty (30) day adjournment of the March 2, 2026 conference. In addition, we propose to submit a status letter on or before March 13, 2026, advising the Court of the steps taken to familiarize ourselves with the record, identifying any issues requiring the Court's attention, and proposing next steps to facilitate the orderly progression of this case.

We appreciate the Court's consideration and are working diligently to ensure that this matter proceeds appropriately from this point forward.

Respectfully submitted,

BELL LAW GROUP, PLLC

*Chaya M. Gourarie*

Chaya M. Gourarie, Esq.
cg@belllg.com