UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

HEI LI, ZHU H.L. LIN, LI CHEN, XIU F. CHEN, MEI F. CHEN, HUI HE, HUI LI, ZHAN J. LI, HUI X. RUAN, JIAN R. XIAO, MEI Z. XIAO, MU Z. ZHANG, BI Y. ZHENG, XIU X. ZHU,

Case No.: 1:24-CV-7401 (LTS)(KHP)

                                    Plaintiffs,

- against-

GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC.,

**DEFENDANT GREATCARE, INC.'S ANSWER TO CROSS-COMPLAINT OF DEFENDANT/CROSS-CLAIMANT SENIOR WHOLE HEALTH OF NEW YORK, INC.**

                                    Defendants.

-------------------------------------------------------------------X

SENIOR WHOLE HEALTH OF NEW YORK, INC.,

                         Defendant/Cross-Claimant,

- against-

GREATCARE, INC.,

                         Defendant/Cross-Defendant.

-------------------------------------------------------------------X

Defendant/Cross-Defendant GreatCare, Inc. ("GreatCare"), by and through its attorneys, Bell Law Group, PLLC, hereby answers the Cross-Complaint of Defendant/Cross-Claimant Senior Whole Health of New York, Inc. ("SWHNY"), as follows:

## RESPONSES TO SPECIFIC ALLEGATIONS

### Venue and Jurisdiction

1.      Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, GreatCare does not contest the Court's supplemental jurisdiction over this cross-claim.

1

2.    Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, GreatCare does not contest that venue is proper in this District.

**Parties**

3.    GreatCare admits the allegations of Paragraph 3 upon information and belief.

4.    GreatCare admits the allegations of Paragraph 4.

**Factual Background**

5.    GreatCare admits that it entered into a Home Health Services Agreement with SWHNY dated February 1, 2012 (the "Agreement"). GreatCare respectfully refers the Court to the Agreement for its full and complete terms and denies any characterization inconsistent therewith.

6.    GreatCare admits that it entered into an Administrative Agreement for the Provision of Fiscal Intermediary Services for the Consumer Directed Personal Assistance Program with SWHNY effective on or about March 1, 2016 (the "FI Agreement"), and that certain amendments were subsequently executed. GreatCare respectfully refers the Court to the FI Agreement and its amendments for their full and complete terms and denies any characterization inconsistent therewith.

7.    GreatCare admits that Plaintiffs filed suit on or about October 1, 2024, asserting causes of action in the above-captioned civil action.

8.    GreatCare admits that Plaintiffs filed an Amended Complaint on August 18, 2025, asserting causes of action against SWHNY. GreatCare respectfully refers the Court to the Amended Complaint for its full and complete terms and denies any characterization inconsistent therewith.

9.    GreatCare admits that Plaintiffs allege that they were employed by GreatCare but GreatCare denies that SWHNY's characterization of Paragraph 9 captures the full scope of the Amended Complaint's employment allegations, which extend to SWHNY as a joint employer.

10. GreatCare admits that Plaintiffs allege that they provided in-home personal care services to Medicaid recipient members of SWHNY's managed long-term care plan.

11. GreatCare denies the allegations of Paragraph 11.

12. GreatCare admits that the Amended Complaint asserts wage and hour violations under the Fair Labor Standards Act, the New York Labor Law, and the New York Home Care Worker Wage Parity Act against GreatCare, SWHNY, and CenterLight Healthcare, Inc.

13. GreatCare denies the allegations of Paragraph 13. The indemnification obligation under the Agreement is conditional and fault-based, and has not been triggered by the mere assertion of claims against SWHNY.

14. GreatCare admits that Section 5.3 of the Agreement contains an indemnification provision. GreatCare respectfully refers the Court to the Agreement for the full and complete text of that provision and denies any characterization inconsistent therewith. GreatCare specifically denies that the provision imposes an unconditional or automatic indemnification obligation, and avers that any such obligation is expressly conditioned upon a showing that SWHNY's liability arises from GreatCare's own acts, omissions, fault, negligence, or misconduct.

15. GreatCare denies the allegations of Paragraph 15.

16. GreatCare denies the allegations of Paragraph 16.

17. GreatCare denies the allegations of Paragraph 17.

18. GreatCare admits that SWHNY served demands for indemnification in connection with the underlying action. GreatCare denies that those demands were valid or that any indemnification obligation has been triggered.

19. GreatCare denies the allegations of Paragraph 19. GreatCare has not failed to honor any indemnification obligation and has not breached the Agreement. GreatCare's position, that the

indemnification demand is premature and the conditions precedent have not been satisfied, is legally supported and was communicated to SWHNY.

20. GreatCare denies the allegations of Paragraph 20. GreatCare's declination of SWHNY's premature indemnification demand does not constitute a breach of contract, anticipatory repudiation, or ongoing breach of the Agreement.

21. GreatCare denies the allegations of Paragraph 21.

22. GreatCare denies the allegations of Paragraph 22.

## RESPONSES TO CAUSES OF ACTION

### First Cause of Action — Breach of Contract

23. GreatCare repeats and incorporates its responses to Paragraphs 1 through 22 as though fully set forth herein.

24. GreatCare admits that the Agreement is a valid and existing contract between the parties.

25. GreatCare lacks sufficient knowledge or information to admit or deny the full scope of SWHNY's performance and on that basis denies this allegation.

26. GreatCare denies the allegations of Paragraph 26. GreatCare has not materially breached the Agreement. The indemnification obligation under Section 5.3 has not been triggered because the conditions precedent to its application have not been established.

27. GreatCare denies the allegations of Paragraph 27. GreatCare's good-faith declination of a premature indemnification demand does not constitute a breach, anticipatory repudiation, or ongoing breach of the Agreement.

28. GreatCare denies the allegations of Paragraph 28.

### Second Cause of Action — Declaratory Judgment

4

29. GreatCare repeats and incorporates its responses to Paragraphs 1 through 28 as though fully set forth herein.

30. GreatCare admits that there is a justiciable controversy between the parties regarding the scope and applicability of the indemnification provisions of the Agreement. GreatCare denies that SWHNY is entitled to the declaratory relief sought.

31. GreatCare admits that the parties are bound by the terms of the Agreement. GreatCare denies that GreatCare owes SWHNY an unconditional duty to indemnify and hold it harmless in connection with the underlying action at this time.

32. GreatCare denies the allegations of Paragraph 32.

33. GreatCare denies the allegations of Paragraph 33.

34. GreatCare does not contest the justiciability of SWHNY's declaratory judgment claim but denies that SWHNY is entitled to the declaration sought.

35. GreatCare denies that it owes SWHNY a duty to indemnify and hold it harmless in connection with the underlying action, and specifically denies that such an obligation is triggered by the mere filing of allegations rather than by an actual determination of liability attributable to GreatCare's own conduct.

### Third Cause of Action — Common Law Indemnification

36. GreatCare repeats and incorporates its responses to Paragraphs 1 through 35 as though fully set forth herein.

37. GreatCare denies the allegations of Paragraph 37. The Amended Complaint does not premise SWHNY's potential liability solely on vicarious or derivative liability arising from GreatCare's conduct. Rather, Plaintiffs assert that SWHNY is a direct joint employer that independently controlled wages, hours, scheduling, and care authorizations. SWHNY's potential liability, if any, arises in whole or in part from its own acts and omissions.

38.     GreatCare denies the allegations of Paragraph 38 and denies that SWHNY is entitled to common law indemnification from GreatCare in whole or in part.

**Fourth Cause of Action — Contribution (In the Alternative)**

39.     GreatCare repeats and incorporates its responses to Paragraphs 1 through 38 as though fully set forth herein.

40.     GreatCare denies that SWHNY is entitled to contribution from GreatCare for any judgment that may be recovered against SWHNY at this time.

**Fifth Cause of Action —**

**Breach of Implied Covenant of Good Faith and Fair Dealing (In the Alternative)**

41.     GreatCare repeats and incorporates its responses to Paragraphs 1 through 40 as though fully set forth herein.

42.     GreatCare admits that the implied covenant of good faith and fair dealing is a component of the Agreement under New York law.

43.     GreatCare denies the allegations of Paragraph 43 as stated, and refers the Court to the Agreement for its full terms.

44.     GreatCare admits that SWHNY tendered demands for indemnification.

45.     GreatCare denies the allegations of Paragraph 45.

46.     GreatCare denies the allegations of Paragraph 46.

47.     GreatCare denies the allegations of Paragraph 47.

**Sixth Cause of Action — Unjust Enrichment (In the Alternative)**

48.     GreatCare repeats and incorporates its responses to Paragraphs 1 through 47 as though fully set forth herein.

49.     GreatCare denies the allegations of Paragraph 49.

50.     GreatCare denies the allegations of Paragraph 50.

51.     GreatCare denies the allegations of Paragraph 51.

52.     GreatCare denies the allegations of Paragraph 52.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense — Failure to State a Claim

The Cross-Complaint fails to state a claim upon which relief can be granted. The indemnification provision in Section 5.3(b) of the Agreement obligates GreatCare to indemnify SWHNY only for losses "resulting from any act, omission, fault, negligence, or misconduct" by GreatCare, and SWHNY has not alleged, and cannot at this stage establish, that its liability in the underlying action, if any, arises from GreatCare's own fault or misconduct rather than from SWHNY's independent conduct and decisions as a joint employer.

### Second Affirmative Defense — Prematurity / Unripe Claim

SWHNY's indemnification claims are premature and not yet ripe as the underlying wage action has not been resolved, no liability has been established against SWHNY, and no determination has been made as to the factual basis for any such liability.

### Third Affirmative Defense — Conditions Precedent Not Satisfied

The indemnification obligation under Section 5.3(b) of the Agreement is expressly conditioned upon a showing that SWHNY's loss or liability results from GreatCare's own acts, omissions, fault, negligence, or misconduct, and this condition precedent has not been satisfied.

### Fourth Affirmative Defense — Comparative and Independent Fault of SWHNY

Plaintiffs have alleged that SWHNY has independent liability; this potentially bars or substantially reduces any indemnification obligation GreatCare may otherwise bear at this juncture.

7

**<u>Fifth Affirmative Defense — Joint Employer Liability</u>**

SWHNY is named as a joint employer in the Amended Complaint, and therefore, SWHNY's own independent conduct potentially bars or substantially reduces any indemnification obligation GreatCare may otherwise bear.

**<u>Sixth Affirmative Defense — No Contractual Duty to Defend</u>**

Neither the Agreement nor the FI Agreement contains an express, unconditional duty to defend requiring GreatCare to immediately assume SWHNY's defense upon demand.

**<u>Seventh Affirmative Defense — Offset and Apportionment</u>**

To the extent GreatCare is found to bear any indemnification obligation, any damages recoverable by SWHNY must be reduced by SWHNY's own proportionate share of responsibility for the conduct giving rise to Plaintiffs' claims.

**<u>Eighth Affirmative Defense — No Oral Modification</u>**

To the extent SWHNY relies on any alleged oral modifications in support of its claim for immediate indemnification, such arguments should be rejected since the contracts cannot be modified by any alleged oral agreements as set forth in Section 11 of the Agreement (Agreement "cannot be changed, modified, amended or suspended except by written agreement executed by all Parties.")

**<u>Ninth Affirmative Defense —</u>**
**<u>Contractual Bar to Transfer of SWHNY's Own Liability</u>**

Attachment E, Section B.7 of the Agreement, which, pursuant to Section 25 of the Agreement, prevails over any inconsistent provision, expressly provides that "nothing within this Agreement is intended to, or shall be deemed to, transfer liability for the MCO's or IPA's own acts or omissions, by indemnification or otherwise, to a provider." To the extent SWHNY's liability in the underlying action arises from its own acts or omissions as a joint employer, the Agreement

expressly prohibits SWHNY from shifting that liability to GreatCare through the indemnification provision or otherwise. Accordingly, any indemnification obligation GreatCare may bear is limited to liability attributable solely to GreatCare's own conduct and cannot extend to liability arising from SWHNY's independent wrongdoing.

### Tenth Affirmative Defense — Parol Evidence

Upon information and belief, evidence of any prior oral or written agreement, or of any contemporaneous oral agreement, if offered to add to or vary the terms of the written agreement, is excluded pursuant to the parol evidence rule.

### Eleventh Affirmative Defense — Statute of Frauds

Upon information and belief, the agreement(s) at issue may be void and unenforceable as they do not satisfy the requirements of the Statute of Frauds.

### Twelfth Affirmative Defense — Mistake of Fact

Upon information and belief, if the allegations within the Cross-Claim are proven correct, any alleged culpable acts or omissions of GreatCare resulted from a mistake of fact.

### Thirteenth Affirmative Defense — Reservation of Rights

GreatCare reserves the right to assert any and all additional defenses that may become available or apparent as discovery proceeds in this action and as the factual record is further developed. This Answer is submitted without prejudice to, and without waiving, any rights, claims, or defenses available to GreatCare under the Agreement, the FI Agreement, applicable law, or otherwise.

**WHEREFORE**, Defendant/Cross-Defendant GreatCare, Inc. respectfully requests that this Court dismiss SWHNY's Cross-Complaint in its entirety with prejudice, deny all relief

requested therein, and award GreatCare such other and further relief as the Court deems just and proper, including reasonable attorneys' fees and costs to the extent permitted by law and the Agreement.

Dated: March 26, 2026
       New York, New York

                                         Respectfully submitted,

                                         **BELL LAW GROUP, PLLC**

                                         By: _____

                                         Chaya Gourarie, Esq.
                                         116 Jackson Avenue
                                         Syosset, New York 11791
                                         Tel: 516-280-3008
                                         CG@belllg.com

                                         *Attorneys for Defendant/Cross-Defendant*
                                         *GreatCare, Inc.*