UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HEI LI, et al.,

                                        Plaintiffs,

                    -against-

GREATCARE, INC., et al.,

                                        Defendants.
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY  FILED
DOC #:_____
DATE FILED:  4/9/2026
```

**24-CV-7401 (JHR) (KHP)**

**POST CONFERENCE ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On April 8, 2026, the parties appeared before the undersigned for Case Management Conference.  As set forth in greater detail on the record and discussed below:

First, GreatCare is directed to submit, by **Tuesday, April 14, 2026**, a letter accompanied by a doctor's note indicating whether GreatCare's Rule 30(b)(6) representative is able to sit for a seven-hour deposition. If she is unable to do so, the treating physician must explain why and provide the duration of time she can sit and the expected duration of the sitting limitation.

Upon that filing, the parties shall meet and confer to determine dates for the deposition. The parties shall then file, by **Friday, April 17, 2026**, a joint letter setting forth their agreed-upon availability.  GreatCare is advised that, to the extent a medical record is necessary to explain any required accommodations or limitations, it may file that record under seal without prior leave of Court.

Plaintiffs shall have seven hours to depose this witness on any personal, corporate, or discovery-on-discovery-related issues they wish to raise.  SWHNY and CenterLight shall have a separate seven hours to depose this witness and must confer to allocate that time between themselves.

Second, GreatCare is directed to serve written responses to SWHNY's pending discovery requests by **April 29, 2026**.  If GreatCare fails to do so by that date, SWHNY's requests to admit will be deemed admitted.  In light of the extension of discovery and the rulings regarding depositions, SWHNY's request to join the Rule 37 briefing and its motion to compel are denied.

Third, SWHNY and CenterLight are granted four hours to depose GreatCare witness Ms. Zhao.  GreatCare shall be permitted up to 45 minutes of redirect examination.  The parties are directed to schedule this deposition to take place before **May 8, 2026**.

Fourth, to the extent they have not already done so, Plaintiffs and SWHNY are directed to meet and confer regarding the first and third sets of documents that Plaintiffs contend have not yet been produced but that SWHNY maintains have been produced.

Fifth, the Court directs the parties to file a status letter by **May 8, 2026**, informing the Court of the status of the remaining document production responsive to SWHNY's requests and the status of depositions.

Sixth, Plaintiff is directed to produce its witness for the deposition previously scheduled by CenterLight no later than **May 8, 2026**.

Seventh, the parties are reminded that, pursuant to this Court's Use of AI Rule, "[f]ailure to exercise due care in reviewing and filing work product created with the assistance of generative AI tools may violate Rule 11 and other applicable standards of practice and expose the filer to sanctions or other corrective or disciplinary action.  *See, e.g., Park v. Kim*, 91 F.4th 610, 614 (2d Cir. 2024) (referring attorney who filed brief relying on non-existent cases to grievance panel)."

2

**SO ORDERED.**

DATED:    April 9, 2026
          New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge