# GETMAN, SWEENEY & DUNN, PLLC

Attorneys at Law
260 Fair Street
Kingston, N.Y. 12401
845-255-9370
fax 845-255-8649

April 22, 2026

Honorable Katherine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Submitted via ECF

Re:     *Hei Li, et al. v. GreatCare, Inc., et al.*, No. 24-CV-7401 (LTS) (KHP)

Dear Judge Parker:

Plaintiffs write to update the Court on the status of the parties' attempts to schedule the deposition of Barbara Wang, the corporate representative of GreatCare, Inc. ("GreatCare"), specifically by CenterLight Healthcare, Inc. ("CenterLight") and Senior Whole Health of New York, Inc. ("SWHNY").

In their jointly-filed status report, the parties had reported that Plaintiffs' deposition of Ms. Wang would take place on May 1, 2026 and CenterLight and SWHNY's deposition of Ms. Wang would take place on either May 19 or May 20, 2026. ECF No. 195. However, minutes after the parties' submission, Mr. Muniz reported that Ms. Wang will be traveling out of the country from May 18, 2026 until June 1, 2026, and thus will not be available for a deposition by CenterLight and SWHNY on May 19, 2026, or May 20, 2026 as previously agreed. ECF No. 195.

After a meet and confer this afternoon, Defendants proposed that CenterLight and SWHNY take Ms. Wang's deposition on June 3rd or June 4, 2026. Depositions are already scheduled in this case on April 30th and May 1st, and counsel for SWHNY is unavailable from May 4 through May 15.

While Plaintiffs are understanding of the complexity of deposition scheduling, particularly when there is outstanding discovery, a witness, and multiple counsel involved, a further delay in the close of discovery prejudices the Plaintiffs whose day in court is growing more distant and whose memory dims with the passage of time. Since the start of 2026, fact discovery has already been interrupted and delayed multiple times due to GreatCare's unavailability: on January 20, 2026, counsel for GreatCare, with little notice, had to stop his participation to try another matter in another court, even though the Court had set a fact discovery deadline for January 30, 2026; in February 2026, Ms. Wang suffered a fractured rib and was unable to sit for depositions already scheduled for February 18, 24, and 25 of 2026;  on February 26, 2026, Ms. Wang substituted new counsel, Chaya Gourarie of the Bell Law Group,

Status Report to Judge Parker
April 22, 2026
Page 2 of 2

who requested and secured a 30-day adjournment of any status conference before the Court, only to terminate her services on March 27, 2026, and substitute her with Mr. Muniz, her original counsel.

Thus, Plaintiffs request that Ms. Wang be ordered to sit for a deposition by CenterLight and SWHNY in May at a time that counsel for CenterLight and SWHNY is available.

Thank you for your consideration.

Respectfully submitted,

*/s/ Karen Kithan Yau*

Karen Kithan Yau
Caroline Friedman
GETMAN, SWEENEY & DUNN, PLLC

Carmela Huang
Claudia Wilner
NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE

*Counsel for Plaintiffs*