**BALANCE LAW PLLC**
One World Trade Center, Suite 8500
New York, New York 10007
Tel: (212) 741-8080

May 7, 2026

**Via ECF**

Hon. Katharine H. Parker, U.S.M.J.
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 17-D, New York, New York 10007

> **Re:** *Hei Li, et al. v. GreatCare, Inc., et al.*, No. 24-cv-7401 (LTS)(KHP)
> **Letter Motion to Modify the Scheduling Order**

Dear Judge Parker:

Pursuant to Sections I.b and I.c of Your Honor's Individual Practices in Civil Cases, Defendant GreatCare, Inc. respectfully submits this letter motion under Fed. R. Civ. P. 16(b)(4) and 6(b)(1)(B) for an order modifying the scheduling order to (i) reopen expert discovery for the limited purpose of permitting GreatCare to formally disclose John Hepworth as its expert witness on a defined scope of topics, with corresponding deadlines for any rebuttal expert disclosure and expert depositions; (ii) set a schedule for any *Daubert*/Fed. R. Evid. 702 motions; and (iii) reset the briefing schedule for dispositive motions. **The relief requested is supported by Defendant CenterLight Healthcare, Inc.; not opposed by Defendant Senior Whole Health of New York, Inc.; and not opposed by Plaintiffs subject to preservation of their right to challenge the testimony under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)**.

**Procedural Background**

Pursuant to the Court's Post-Conference Order dated December 1, 2025 (Dkt. No. 118), expert discovery in this matter was set to close on March 30, 2026, with no further extensions absent a showing of good cause. The same Order set defendants' summary judgment briefing on a March 2 / April 2 / April 16, 2026 schedule. No party has filed a motion for summary judgment.

GreatCare disclosed John Hepworth's identity and CV in a written discovery response served on April 15, 2026. However, no party, including GreatCare, Plaintiffs, or any other Defendant, has served a formal disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B) or (C). The undersigned filed a Notice of Appearance as new counsel for GreatCare on April 29, 2026, and submits this letter motion within seven days of that appearance. **This is the first request by any party for an extension or reopening of expert discovery in this matter.**

GreatCare respectfully acknowledges the Court's Order of April 23, 2026 (Dkt. No. 199), which directed that "[t]here will be no further adjournments to the discovery deadlines in this matter." That Order issued in response to a status letter regarding Ms. Wang's fact deposition, and the recited delays concerned fact discovery. The present application addresses a different track, expert discovery, which has not been the subject of any prior extension request, and presents different grounds for relief, as explained below.

**Good Cause and Substantial Justification**

GreatCare submits that good cause exists under Fed. R. Civ. P. 16(b)(4).

*Diligence under* Fed. R. Civ. P. 16(b)(4). Trial courts have broad authority to oversee and set discovery schedules, including deadlines for expert disclosures. *See Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019) (Parker, M.J.). The Fed. R. Civ. P. 16(b)(4) good-cause inquiry focuses primarily on the diligence of the moving party. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Rubik's Brand Limited*, 329 F.R.D. at 58 (applying same standard to expert discovery deadline; modification granted where movant acted promptly and no trial date had been set). Following the December 1, 2025 scheduling order, entered immediately before the holiday season, GreatCare's principal Ms. Wang began an active search for an expert with the specific home health and live-in aide industry expertise this case requires. The search was slowed during the Chinese New Year period in mid-February 2026, when networking access in this industry-specific community was materially reduced, and was further interrupted when Ms. Wang sustained a rib fracture later that month. Upon her recovery, Ms. Wang resumed the search, identified John Hepworth, and disclosed his identity and curriculum vitae in a written discovery response served on April 15, 2026, pursuant to Fed. R. Civ. P. 26(a)(2)(A). GreatCare then prepared a draft expert report. On review, the draft did not satisfy Fed. R. Civ. P. 26(a)(2)(B)(i)'s requirement of "a complete statement of all opinions . . . and the basis and reasons for them." *See Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017) (conclusory expert opinions unsupported by methodology insufficient under Fed. R. Civ. P. 26(a)(2)(B)). Rather than serve a deficient disclosure, GreatCare seeks leave to cure on the schedule proposed below.

The importance of the testimony is substantial, and is not directed at the parties' factual dispute over how many hours each Plaintiff worked. Mr. Hepworth is expected to offer opinions, based on his training and experience in the home health and live-in aide industry, regarding (i) industry practices that operate against the backdrop of the regulatory framework governing licensed home care services agencies and managed long-term care plans, including the New York State Department of Health authorization process and the operation of the 13-hour pay rule under N.Y. Comp. Codes R. & Regs. tit. 18, § 505.14 and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1(b); (ii) industry-standard practices for the supervision and payment of live-in aides, directly relevant to the joint employer analysis the Court has identified as a likely jury issue; and (iii) industry-standard recordkeeping practices for licensed home care services agencies, including the records typically maintained to establish hours worked and accommodations provided. The testimony is relevant to the regulatory and trade-practice context of the 13-hour pay rule for live-in home care aides at issue here. *See Andryeyeva v. New York Health Care, Inc.*, 33 N.Y.3d 152, 124 N.E.3d 162 (2019) (deferring to the New York State Department of Labor's interpretation of the Wage Order, which the Court of Appeals found grounded in DOL's longstanding articulation and specialized knowledge of the home health care industry); *cf. Peterson v. Pan Am Railways, Inc.*, No. 1:12-CV-1857 LEK/CFH, 2015 WL 2451227, at *2 (N.D.N.Y. May 21, 2015) ("preclusion of evidence is generally a disfavored action").

The prejudice to opposing parties is minimal. No party currently has a pending summary judgment motion, no trial date has been set, and no party has served a Fed. R. Civ. P. 26(a)(2) expert disclosure. Indeed, Fed. R. Civ. P. 26(a)(2)(D)'s default rule contemplates expert disclosures "at least 90 days before the date set for trial" (a deadline not yet implicated here). All parties stand in the same position with respect to expert disclosure, and the proposed schedule preserves Plaintiffs' right to disclose any rebuttal expert pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii) on the broad "subject matter" framework recognized by this Circuit. *See Better Holdco, Inc. v. Beeline Loans, Inc.*, 666 F. Supp. 3d 328, 360–64 (S.D.N.Y. 2023). The proposed schedule expressly preserves Plaintiffs' opportunity to challenge the testimony under Fed. R. Evid. 702 and *Daubert*. This wage-and-hour case turns substantially on industry-specific regulatory frameworks and trade practices. The additional costs associated with one expert disclosure addressing those specialized issues are "not disproportionate to the needs of the case." *Rubik's Brand Limited*, 329 F.R.D. at 60. There is no bad faith or willfulness. The proposal is consistent with Fed. R. Civ. P. 1 and the proportionality requirements of Fed. R. Civ. P. 26(b)(1).

**Proposed Modified Schedule**

GreatCare proposes the following coordinated schedule for the Court's consideration:

- GreatCare's Fed. R. Civ. P. 26(a)(2)(B) expert disclosure: 30 days from entry of order
- Any rebuttal expert disclosure under Fed. R. Civ. P. 26(a)(2)(D)(ii): 30 days thereafter (~60 days from order)
- Close of all expert depositions: 30 days thereafter (~90 days from order)
- *Daubert*/Rule 702 motions and motions for summary judgment: 30 days after close of expert depositions (~120 days from order)
- Oppositions to summary judgment and *Daubert* motions: 30 days thereafter (~150 days from order)
- Replies: 15 days thereafter (~165 days from order)

This schedule mirrors the 30/30/15 briefing intervals in the December 1, 2025 Order and allows the Court to resolve dispositive and admissibility issues on a single track.

**Meet-and-Confer Statement**

Pursuant to Local Civil Rule 37.2 and Section II.c of Your Honor's Individual Practices, the undersigned conferred in good faith with all opposing counsel concerning the relief requested. Counsel for GreatCare conferred with counsel for Plaintiffs (Karen Yau of Getman, Sweeney & Dunn, PLLC) by videoconference on Monday, May 4, 2026, and with counsel for Defendants Senior Whole Health of New York, Inc. (Kaitlyn Grajek of Stradley Ronon Stevens & Young LLP) and CenterLight Healthcare, Inc. (George F. Brenlla of Brenlla, LLC) by telephone on Tuesday, May 5, 2026. Plaintiffs do not oppose the relief requested, subject to preservation of their right to challenge the testimony under Fed. R. Evid. 702 and *Daubert*, which the proposed schedule expressly accommodates. SWHNY does not oppose, stressing the importance of having an unambiguous deadline for expert discovery. CenterLight supports the requested relief.

**Conclusion**

For the foregoing reasons, GreatCare respectfully requests that the Court enter an order modifying the scheduling order in accordance with the schedule set forth above. Should the Court prefer to address this matter at a conference, GreatCare is available at the Court's convenience.

Respectfully submitted,

*B. Robert Liu*

B. Robert Liu, Esq.
Balance Law Firm
One World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
robert.liu@balancelawfirm.com
*Counsel for Defendant GreatCare, Inc.*

*cc: All counsel of record (via ECF)*

3