# GETMAN, SWEENEY & DUNN, PLLC

Attorneys at Law
260 Fair Street
Kingston, N.Y. 12401
845-255-9370
fax 845-255-8649

May 8, 2026

Honorable Katherine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Submitted via ECF

Re:   *Hei Li, et al. v. GreatCare, Inc., et al.*, No. 24-CV-7401 (LTS) (KHP)

Dear Judge Parker:

Plaintiffs write to oppose Defendant GreatCare, Inc. ("GreatCare")'s application to modify the scheduling order to reopen expert discovery, which would necessitate additional time and delay. ECF No. 206. Plaintiffs also write to correct the record; Plaintiffs' counsel did not express that Plaintiffs would not oppose the reopening of expert discovery. At no time did Plaintiffs' counsel consent to the reopening of discovery for the purposes of introducing expert witnesses or otherwise. Instead, Plaintiffs informed Mr. Liu, and have steadfastly taken the position with all of GreatCare's counsel, that discovery has been closed since January 30, 2026 except for the limited purposes permitted by the Court.

Plaintiffs' counsel met and conferred with Mr. Liu on Monday, May 4, 2026, for an hour-long videoconference, during which counsel for the Parties discussed various matters, including providing GreatCare with additional fact discovery and the possibility of GreatCare's desire to use an expert. Plaintiffs' counsel firmly informed Mr. Liu that the Court has ordered that "[t]here will be no further adjournments to the discovery deadlines in this matter," ECF No. 199, and will oppose GreatCare's efforts to seek additional documents or depositions. Plaintiffs' counsel reiterated its position that it would oppose any such requests.

Plaintiffs' counsel also clearly informed Mr. Liu that the method through which GreatCare disclosed the identity of its expert was improper. On April 16, 2026, Mr. Liu's co-counsel Jose Muniz disclosed the identity of GreatCare's expert, John Hepworth, and his curriculum vitae by styling this information as a supplemental response to Plaintiffs' First Set of Requests for Production of Documents when Plaintiffs did not propound any request concerning experts. Instead, Mr. Muniz haphazardly added a response to the *introduction* of Plaintiffs' requests that served as a routine prelude from litigating parties to the responding parties.[1] Please see attached for Exhibit A.

---

[1] Plaintiffs' Requests for Production of Documents were originally served on March 10, 2025, which did not ask for documents concerning GreatCare's use of an expert.

Letter Application to Honorable Katherine H. Parker
May 8, 2026
Page 2 of 3

Because Defendant GreatCare disclosed its expert's identity in this improper way, the undersigned counsel for GreatCare informed Mr. Liu that Plaintiffs would not engage in any further discussions about the use of experts until the identity of the GreatCare expert is properly disclosed to the Parties and the use of an expert is discussed with the Court. At no time did Mr. Liu specify that he would be applying to reopen expert discovery, nor did he ask Plaintiffs' counsel's position on such an application.

Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). GreatCare has not demonstrated good cause. Indeed, "[p]arties must provide timely disclosure of expert testimony as ordered by the court..." *Vioni v. Providence Inv. Mgmt., LLC*, 750 F.App'x 29, 32 (2d Cir. 2018) (internal quotation omitted). GreatCare did not timely disclose the use of an expert or his testimony in a report. GreatCare has missed the court-ordered expert discovery deadlines contained in Your Honor's scheduling orders. ECF Nos. 96, 118. Affirmative expert reports were due January 30, 2026, and Expert Discovery was extended to March 30, 2026. Your Honor has repeatedly warned, "No further extensions except upon a showing of good cause." *See* ECF No. 167. Undersigned counsel informed Mr. Liu that GreatCare has never discussed the use of an expert with the Court prior to informing the Plaintiffs in the wholly improper method as described above. In fact, GreatCare also failed to raise the issue of expert discovery at the April 8, 2026 Case Management Conference, despite the Court's direct inquiry and discussion of expert testimony. GreatCare should have made any application to the Court to extend expert discovery deadline, or asked for clarification of the deadlines relating to their use, *see* ECF No. 118, well before this point. *See* Fed. R. Civ. P. 26(a)(1), (a)(2)(A), and (a)(2)(B).

GreatCare fails to show either substantial justification for its failure to make timely disclosure or that the delay was harmless. *Cf. Vioni*, *LLC*, 750 F.App'x 29 at, 31-32. The *Vioni* and other Courts have laid out the four factors that should be considered to evaluate whether an omission was substantially justified or harmless: (1) the party's justification for the delay; (2) the importance of the precluded witness's testimony; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance. *Vioni,* 750 F.App'x at 32; *see also Belabbas v. Inova Software Inc.*, No. 1:16-cv-07379-LGS, 2019 U.S. Dist. LEXIS 248842 (S.D.N.Y. Oct. 1, 2019) (precluding expert testimony that could help establish the extent of plaintiff's emotional distress where party failed to make requisite Rule 26(a) and 26(e) disclosures and because the plaintiff herself could testify to it). First, GreatCare's justification for the delay in its disclosure is contrived. Mr. Liu recounted:

> Following the December 1, 2025 scheduling order, . . .Ms. [Barbara]Wang began an active search for an expert . . . The search was slowed during the Chinese New Year period in mid-February 2026. . . and was further interrupted when Ms. Wang sustained a rib fracture later that month. Upon her recovery, Ms. Wang resumed the search, identified John Hepworth."

Letter Application to Honorable Katherine H. Parker
May 8, 2026
Page 3 of 3

Neither Western nor Chinese holidays relieve Parties from their discovery obligations.[2] Ms. Wang testified that she was able to make phone calls during her recovery from her injuries. Ex. B, Deposition of Barbara Wang (Wang Dep), May 1, 2026, at 193:19-22; 221:23-222:1.

Second, Mr. Hepworth's testimony is unnecessary. Ms. Wang can testify to the industry practices and industry standards for the supervision and payment of live-in aides as an owner of a home health agency since around 2007. Ex. C, Deposition of Barbara Wang, January 7, 2026, at 28:9-21. Moreover, this case is about the hours that the Plaintiffs worked and how much GreatCare paid them, not about what other home health agencies paid its workers. Any testimony about industry standards is irrelevant, as substandard conditions may exist across an entire industry.

Third, GreatCare fails to show that the delay is harmless. Reopening discovery is highly prejudicial to the Plaintiffs. As the Court succinctly summarized, "[t]he Court has repeatedly accommodated GreatCare and granted multiple extensions to afford it every reasonable opportunity to complete discovery. Even so, discovery has been delayed several times in 2026 due to GreatCare-related issues, including counsel's unavailability in January, Ms. Wang's injury in February, and changes in GreatCare's counsel in late February and March." ECF No. 199. If GreatCare were to introduce an expert now, Plaintiffs would be prejudiced by further delays necessitated by additional discovery. Plaintiffs would be forced to conduct expert analysis, challenge Mr. Hepworth's qualifications, identify the assumptions, facts, and data that GreatCare had or would provide to Mr. Hepworth and their communications regarding any expert report that Mr. Hepworth would presumably submit, Fed. R. Civ. Proc. 26(b)(4)(C)(ii) and (iii), and depose Mr. Hepworth. Fed. R. Civ. Proc. 26(b)(4)(C)(i). This additional discovery would further significantly delay the close of discovery and the progress of the case toward trial.[3]

For the above reasons, Plaintiffs respectfully request that the Court deny Defendant. GreatCare's request for an order modifying the scheduling order to reopen discovery.

Thank you for your consideration.

Respectfully submitted,

---

[2]  Parties worked through holidays to complete discovery. On November 26, 2025, Plaintiffs propounded their First Set of Requests for Admission to Defendant CenterLight Healthcare, Inc.  On December 25, 2025, Plaintiffs responded to Defendant Senior Whole Health of New York, Inc.'s First Set of Interrogatories and First Requests for the Production of Documents. On January 7, 2026, Plaintiffs deposed Ms. Wang in her individual and corporate capacities, which required preparation during the New Year's holiday. On February 18, 2026, Plaintiffs were scheduled to continue to take Ms. Wang's deposition, before her injury, which required preparation just prior to the Chinese New Year, which was February 17, 2026. The Chinese community traditionally devotes time to preparing for the holiday just prior to it.

[3]  The fourth factor is not relevant at this time.

Letter Application to Honorable Katherine H. Parker
May 8, 2026
Page 4 of 3

*/s/ Karen Kithan Yau*

Karen Kithan Yau
Caroline Friedman
GETMAN, SWEENEY & DUNN, PLLC

Carmela Huang
Claudia Wilner
NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE

*Counsel for Plaintiffs*
