# GETMAN, SWEENEY & DUNN, PLLC

Attorneys at Law
260 Fair Street
Kingston, N.Y. 12401
845-255-9370
fax 845-255-8649

May 8, 2026

Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
*Submitted via ECF*

      RE:    *Hei Li, et al. v. GreatCare, Inc., et al.*, No. 24-CV-7401 (LTS) (KHP)

Dear Judge Parker:

Pursuant to Your Honor's Individual Rules and Practices, the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, and the Southern District's Electronic Case Filing Rules & Instructions, Plaintiffs respectfully submit this request to file a redacted version of their Motion for Sanctions and related exhibits as the publicly available filing, and an unredacted version under seal. The Parties met and conferred on May 5 and May 7, 2026. Defendants join Plaintiffs in making this application, and also Plaintiffs and Defendant Senior Whole Health of New York, Inc. ("Senior Whole Health") diverge on the sealing of certain documents.

In accordance with the above-referenced Rules, an unredacted version of the above-referenced documents and a redacted version are being filed contemporaneously with this request. Plaintiffs seek to redact and seal certain portions of their Motion and annexed exhibits in order to protect the privacy and personally identifying information of a witness and their third-party care recipients. Senior Whole Health requests to seal Exhibits C and G in their entirety.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, that presumption may be weighed against "the privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotations omitted). Documents may be sealed if the closure is "essential" to preserve "higher values and is narrowly tailored to serve that interest." *Id*. "A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as *a third party's personal privacy interests*[]…" *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (internal quotation omitted) (emphasis added). The Federal Rules authorize district courts to permit sealed filings in these circumstances. Fed. R. Civ. P. 26(c)(1)(H).

In this action, the parties are subject to a Protective Order from Your Honor. ECF No. 47; *see also* ECF No. 109 (modifying the initial Order). Under the terms of both Orders, "[c]ounsel

1

for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped 'CONFIDENTIAL.'" ¶ 1. The modified order added a paragraph governing Protected Health Information (PHI) as defined by 42 C.F.R. § 160.103. ¶ 8.

Plaintiffs request to redact and seal personally identifying information of care recipients and their families that is contained in Protected Health Information, and file those records in redacted form. Some of these records have been marked as "Confidential" by Defendants. While Defendants CenterLight and Senior Whole Health, both designated certain documents as "Confidential", Defendant GreatCare, Inc. did not. Nevertheless, Plaintiffs believe identifying information about care recipients should be protected from public view regardless of which Defendant produced the record. Defendants have all consented to Plaintiffs' redactions and join in that application, and agree that with those redactions, the Confidential PHI records need not be sealed otherwise.

Plaintiffs and Senior Whole Health discussed in good faith the need to file certain materials designed as confidential under seal. The parties could not agree that Exhibits C and G need not be filed under seal, and thus those documents are being submitted under seal per SWH's request.

A.    Exhibits

Plaintiffs seek to redact and seal portions of exhibits annexed to their Motion for Sanctions in order to preserve the privacy and identities of a witness and third parties, specifically Plaintiffs' care recipients and their families. The privacy interests of "innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citation omitted).

Due to the nature of this case, that it concerns work performed by Plaintiffs caring for home care recipients, Plaintiffs must cite to documents that concern the sensitive medical information of third parties. Plaintiffs seek to redact from these records all personally identifying information, like names, addresses, and birthdays to protect the privacy rights of these third-party individuals. An individual generally "maintains significant privacy rights to her medical information," and courts "regularly seal" such information. *Robinson v. De Niro*, No. 19-CV-9156 (LJL) (KHP), 2022 U.S. Dist. LEXIS 133871, at *3 (S.D.N.Y. July 26, 2022) (quoting *Valentini v. Grp. Health Inc.*, 2020 U.S. Dist. LEXIS 241859, at *4 (S.D.N.Y. Dec. 23, 2020)). An individual generally maintains a significant privacy interest in this type of personally identifying information, which the Court often agrees to seal. *See, e.g. Anderson v. N.Y.C. Health & Hosps. Corp.*, 2020 U.S. Dist. LEXIS 37900 at *6-*7 (S.D.N.Y. Mar. 4, 2020) (allowing redactions of personal contact information). An individual "maintains a significant privacy interest" in information. *Robinson,* 2022 U.S. Dist. LEXIS 133871, at *3.

2

Plaintiffs only redact to the extent necessary to protect these privacy interests. Defendants agree that beyond Plaintiffs' redactions, the remainder of these records need not be filed under seal, and should be publicly accessible. The proposed redactions are narrowly tailored to protect these privacy interests.

Senior Whole Health request that Exhibits C and G be filed under seal in their entirety.

B.     Portions of the Motion for Sanctions

Plaintiffs seek to redact and seal portions of their Motion for the same reasons articulated in Section A. Where Plaintiffs refer in their Motion to the names of care recipients, their family members, their addresses, or other personally identifying information, they request to redact that information. Plaintiffs only redact to the extent necessary to protect these privacy interests. Plaintiffs' request is narrowly tailored to protect these third parties' privacy interests. Plaintiffs will also redact any quotations pulled from Exhibits C and G, at the request of Senior Whole Health.

Based on the foregoing, Plaintiffs respectfully request that: (i) the Court grant Plaintiffs' requests for sealing and redaction; (ii) the redacted versions of the Motion and exhibits be accepted as the public version to be electronically filed; and (iii) that the Court grant Plaintiffs' request to accept the unredacted version of the same under seal.

Respectfully submitted,

*/s/ Karen Kithan Yau*
Karen Kithan Yau
Caroline Friedman
GETMAN, SWEENEY & DUNN, PLLC

Carmela Huang
Claudia Wilner
NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE

*Counsel for Plaintiffs*

3