UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEI LI, ZHU H.L. LIN, LI CHEN, XIU F.
CHEN, MEI F. CHEN, HUI HE, HUI LI,
ZHAN J. LI, HUI X. RUAN, JIAN R.
XIAO, MEI Z. XIAO, MU Z. ZHANG, BI
Y. ZHENG, XIU X. ZHU,

                 Plaintiffs,

         -against-

GREATCARE, INC., CENTERLIGHT
HEALTHCARE, INC., SENIOR WHOLE
HEALTH OF NEW YORK, INC.,

                 Defendants.

Case No. 1:24-cv-07401 (LTS) (KHP)

**DECLARATION OF CARMELA HUANG**

CARMELA HUANG, an attorney duly admitted to practice law in the State of New York and in the Southern District of New York, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a Senior Attorney with the National Center for Law and Economic Justice ("NCLEJ") and one of the counsel for the Plaintiffs in the above-captioned action. I submit this declaration in support of Plaintiffs' motion for sanctions against Defendant GreatCare, Inc. "GreatCare"). ECF No. [ ].

2. The Plaintiffs in this action filed claims at the New York State Department of Labor ("NYSDOL") seeking the wages and overtime they were not paid when they were employed by GreatCare.

3. Plaintiff Li Chen filed her claim with the NYSDOL on or about May 1, 2021; Xiu X. Zhu filed her claim on or about January 2, 2022; Mei F. Chen filed her claim on or about May 1, 2022; Hui X. Ruan filed her claim on or about May 12, 2022; Hei Li filed her claim on or about July 20, 2022; Xiu F. Chen filed her claim on or about August 3, 2022; Hui He filed her claim on or about September 1, 2022; Zhan J. Li filed her claim on or about September 8, 2022;

1

Hui Li filed her claim on or about October 30, 2022; Bi Y. Zheng filed her claim on or about November 21, 2022; Jian R. Xiao and Mei Z. Xiao filed their claims on or about May 18, 2023; Zhu H. L. Lin filed her claim on or about May 25, 2023, and Mu Z. Zhang filed her claim on or about September 12, 2023.

4.    True and correct copies of Plaintiffs NYSDOL claim forms are annexed hereto as Exhibit A.

5.    A true and correct copy of written responses produced by GreatCare on April 6, 2026 is annexed hereto as Exhibit B.

6.    A true and correct copy of the email correspondence between SWHNY and staff members of GreatCare is annexed hereto as Exhibit C.

7.    A true and correct copy of the contract between CenterLight Healthcare, Inc. and GreatCare is annexed hereto as Exhibit D.

8.    On May 1, 2026, Plaintiffs' counsel conducted a deposition of GreatCare's Fed. R. Civ. P. 30(b)(6) corporate representative, Barbara Wang. A true and correct copy of excerpted pages from Ms. Wang's deposition transcript is annexed hereto as Exhibit E.

9.    On February 11, 2026, Plaintiffs' counsel conducted a deposition of GreatCare employee, Mei Mei Zhao. A true and correct copy of excerpted pages from Ms. Zhao's deposition transcript is annexed hereto as Exhibit F.

10.    GreatCare communicated with MLTCs using fax. True and correct copies of faxes sent by GreatCare are annexed hereto as Exhibit G.

11.    On May 12, 2025, Plaintiffs served a third-party subpoena on Homecare Software Solutions, LLC d/b/a HHAeXchange ("HHAX"). In response to Plaintiffs' subpoena, HHAX produced several spreadsheets showing electronic visit verification ("EVV") data submitted by

GreatCare. The EVV data was able to show the dates that Plaintiffs worked and the recipients who received Plaintiffs' care services in addition to other facts concerning Plaintiffs' working schedule.

12.    Analysis performed by Plaintiffs' counsel and data analysts at Getman, Sweeney and Dunn showed that, for the period of time covered by the applicable statute of limitations (which varied by Plaintiff because their New York Labor Law statute of limitations is dependent on the date Plaintiff filed a claim with the NYSDOL and Plaintiffs filed on different dates), Plaintiffs collectively provided 24-hour, "live-in" services to 27 different individuals.

13.    After October 1, 2018, Plaintiffs collectively provided 24-hour, "live-in" services to 15 of the 27 individuals.

14.    After August 18, 2019, Plaintiffs collectively provided 24-hour, "live-in" services to 12 of the 27 individuals.

15.    On November 3, 2017, a class action complaint, *Qian v. GreatCare, Inc.*, Index No. 656750-2017 (N.Y. Sup. Ct.), was filed in New York County Supreme Court against GreatCare, Barbara Wang, and Jian Peng regarding the defendants' alleged failure to pay aides working 24-hour shifts for all of their lawful wages. A true and correct copy of the summons and complaint for that action is annexed hereto as Exhibit H.

16.    In its document production, GreatCare provided nursing visit records for only five individuals: ███████, █████, ██████, ████████, and ███████.

17.    Plaintiffs obtained health assessments and other health records from SWHNY, CenterLight, other non-defendant MLTCs, and the New York State Department of Health for these five individuals.

3

18.   A true and correct copy of some of the nursing visit records and other health records obtained by Plaintiffs for ██████████ are annexed hereto as Exhibit I.

19.   A true and correct copy of some of the nursing visit records and other health records obtained by Plaintiffs for ██████ are annexed hereto as Exhibit J.

20.   A true and correct copy of some of the nursing visit records and other health records obtained by Plaintiffs for ██████ are annexed hereto as Exhibit K.

21.   A true and correct copy of some of the nursing visit records and other health records obtained by Plaintiffs for ██████████ are annexed hereto as Exhibit L.

22.   A true and correct copy of some of the nursing visit records and other health records obtained by Plaintiffs for ██████████ are annexed hereto as Exhibit M.

23.   In its document production, GreatCare produced seven "declaration letters" that were purportedly signed by ████████, ██████████████, and another care recipient of Plaintiffs named ██████████. True and correct copies of these letters are annexed hereto as Exhibit N.

24.   Although GreatCare did not provide any care records for ██████████, ██████████████ wife, Plaintiffs obtained assessments and other health records regarding Ms. ██ from SWHNY and the New York State Department of Health. True and exact copies of Ms. ██ health records are annexed hereto as Exhibit O.

25.   GreatCare did not provide any care records for ██████████, who received 24-hour, "live-in" care services from Plaintiffs Jian R. Xiao, Mei Z. Xiao, and Bi Y. Zheng. Plaintiffs obtained assessments and other health records regarding Ms. Yeung from Extended MLTC and the New York State Department of Health. True and exact copies of Ms. ██████ health records are annexed hereto as Exhibit P.

26.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Zhan J. Li is annexed hereto as Exhibit Q.

27.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Mu Z. Zhang is annexed hereto as Exhibit R.

28.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Hui X. Ruan is annexed hereto as Exhibit S.

29.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Zhu H. L. Lin is annexed hereto as Exhibit T.

30.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Jian R. Xiao is annexed hereto as Exhibit U.

31.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Hei Li is annexed hereto as Exhibit V.

32.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Mei Z. Xiao is annexed hereto as Exhibit W.

33.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Hui Li is annexed hereto as Exhibit X.

34.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Xiu X. Zhu is annexed hereto as Exhibit Y.

35.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Xiu F. Chen is annexed hereto as Exhibit Z.

36.     A true and correct copy of pages excerpted from the deposition transcript of Plaintiff Hui He is annexed hereto as Exhibit AA.

37.    A true and correct copy of pages excerpted from Plaintiffs' paper time sheets is annexed hereto as Exhibit BB.

38.    In New York, Medicaid recipients may appeal home care authorizations when they believe that the authorizations are insufficient. External appeals are heard at fair hearings adjudicated by administrative law judges with the Office of Temporary and Disability Assistance, which archives decisions in a publicly searchable database on its website. Fair hearing decisions are redacted of any information that might identify the appellant. A true and correct copy of a fair hearing decision is annexed hereto as Exhibit CC.

39.    Throughout her employment with GreatCare, Plaintiff Hei Li provided care services to a recipient named ███. On September 6, 2016, Mr. ███ married ███. A true and correct copy of Mr. ███ and Ms. ███ marriage certificate and Ms. ███ passport are annexed hereto as Exhibit DD.

40.    Ms. ███ lived with Paul ███ until his death in 2024. Ms. ███ currently lives in China and had intended to submit a declaration regarding her personal knowledge of the "declaration letter" GreatCare purports was signed by her as well as the work she witnessed being done by Hei Li while she was married to Mr. ███ However, due to the "Great Firewall," Ms. ███ has so far been unable to use electronic means to share a declaration or affidavit.

41.    Ms. ███ did provide a handwritten letter. A true and correct copy of the letter, along with a certified translation of the letter, is annexed hereto as Exhibit EE.

Respectfully submitted,

Dated:  May 8, 2026
        New York, New York

By: */s/ Carmela Huang*
Carmela Huang
NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE
50 Broadway, Suite 1500

New York, New York 10004
huang@nclej.org
(212) 633-6967

*Counsel for Plaintiffs*