JOSE MUNIZ, ESQ.
LAW OFFICE OF JOSE MUNIZ, ESQ
Attorney at Law
39-15 Main Street - Suite 318
Flushing, New York 11354
Office: (718) 939-8880
Direct Phone Line: (646) 750-2185
Email: jamlaw305@gmail.com
*Attorney for Defendant CreatCare, Inc*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X

HEI LI, ZHU H.L. LIN, LI CHEN, XIU F. CHEN, MEI F. CHEN, HUI HE, HUI LI, ZHAN J. LI, HUI X. RUAN, JIAN R. XIAO, MEI Z. XIAO, MU Z. ZHANG, BI Y. ZHENG, XIU X. ZHU,

Plaintiffs,

- against-

GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC.,

Defendants.

------------------------------------------------------------------------X

**Case No.: 1:24-CV-7401 (LTS)(KHP)**

**DEFENDANT GREATCARE, INC.'S COMPREHENSIVE AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS OF PRODUCTION OF DOCUMENTS**

**GREATCARE'S COMPERHENSIVE AND SUPPLEMENTAL**
**ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS OF PRODUCTION OF**
**DOCUMENTS**

AND NOW, Defendant GreatCare, Inc. ("GreatCare" or "Defendant") by and through its attorneys Law Office of Jose A. Muniz, hereby serves its objections, comprehensive, and supplemental answers to Plaintiffs' Requests for Production of Documents ("Requests").

These responses are made despite GreatCare concrete affirmation of discharging its thorough, complete, good faith responses and production of documents. GreatCare produced all responsive documents and information via email as detailed on the below table:

1

| Date of Production | Summary Description of Documents Produced |
|---|---|
| March 11, 2025. | Plaintiffs' living-In Timesheet<br>SWH Amendment contract dated April 1, 2017<br>PA Attestation<br>CenterLight Patient Authorization April 13, 2017<br>Patient declaration letter |
| April 15, 2025. | Report for plaintiff word actual hours |
| May 21, 22, and 23, 2025. | Plaintiffs' paystubs<br>Billing vs payroll report<br>Registered nurse application ("RN")<br>Coordinator and supervisor job descriptions<br>CenterLight authorization<br>LS300<br>CenterLight original contract<br>Duty sheet |
| June 27, 2025. | Blank living-In timesheet as Plaintiffs' counsel requested<br>Patient RN visits<br>Patient authorization related with plaintiffs<br>HHAexchange software contract and GreatCare Policy |
| August 4, 2025. | The 14 Plaintiffs' complete folder including as is stored on GreatCare data base which include:<br>Homecare Registry<br>Complete set of Living-In timesheets<br>DOL Form<br>Living-In agreements<br>Patient declaration letter<br>Plaintiffs' applications<br>Certificate of Inservice training<br>RN Patients visits<br>CHRC fingerprint check<br>Clinical supervision<br>I-9<br>Language consent form<br>Communication with insurance company<br>Pt. authorization<br>Payroll register<br>2015 paycheck list<br>Complaint period paystubs<br>Clock in and out with POC<br>Aide evaluation<br>Plaintiffs' veracity/physical |
| October 24, 2025. | Paystubs of Plaintiffs who are still working to GreatCare (which is out of time frame of this current "live-in" case yet produced) |
| February 8, 2026. | Copy of GreatCare administrator, Barbara Wang, Yahoo, and the company professional email communications with CenterLight and SWH |

| February 13, 2026. | Copy of GreatCare administration team who has communication with CenterLight and MLTC |
|---|---|
| March 31, 2026. | GreatCare Counsel Mr. José Muniz request a third-party computer engineer to search GreatCare administration's emails and took a copy of this communication. The administration team are: Barbara Wang Wang Zhao Mei Mei Vivian Zhu Ouyang Peizhen Tzi Wei Chen Kelly Huang Gomattie Danphaul Magan Gao Xiao Jing Iang |

Rule 26 requires proportional discovery.  It does not require parties to engage in duplicative discovery or to produce cumulative information where substantial discovery has already been provided. Yet, GreatCare hereby submits its written discovery and supplemental documents, which already have been produced as listed on the table above.

The following responses are based on information currently available to GreatCare. These responses are given without prejudice to GreatCare's right to produce or rely on subsequently discovered information.

**<u>GENERAL OBJECTIONS</u>**

1.    GreatCare objects to all Requests on this set, as well as Plaintiffs' ongoing deficiency letters and communications alleging missing responsive documents to the extent that they are meant to harass and drive-up litigation costs and therefore are not reasonably calculated to lead to discovery of admissible evidence.

2.    GreatCare objects to all Requests on this set, as well as Plaintiffs' ongoing deficiency letters and communications alleging missing responsive documents to the extent that they are oppressive, vague, overbroad, unduly burdensome and attempt to impose duties on Plaintiff beyond those set forth in this Eastern and Southern Districts of New York Rules, FRCP, or any order of this Court.

3.    GreatCare objects to all Requests responding to in this set, as well as Plaintiffs' ongoing deficiency letters and communications alleging missing responsive documents to the extent it seeks information that is not relevant and not material to the subject matter of this action and therefore are not reasonably calculated to lead to the discovery of admissible evidence.

4.      GreatCare objects to these Requests and deficiency letters to the extent they seek information or material that is protected by the attorney-client privilege, the attorney- work product doctrine, and common interest doctrine. To the extent that any such protected information is inadvertently disclosed, the production of such document or materials shall not constitute a waiver of any right to assert the applicability of any privilege or immunity, and any such information or materials shall be returned to the Defendant.

5.      GreatCare objects to all Requests responding to in this set, as well as Plaintiffs ongoing deficiency letters and communications alleging missing responsive documents to the extent that they call for communications protected by the National Labor Relations Act ("NLRA").

6.      GreatCare objects to providing a privilege log(s) for any documents created after the date when this litigation was reasonably anticipated.

7.      GreatCare object to Plaintiffs' "Definitions" and "Instructions" to these Requests to the extent that they are attempt to impose obligations on Defendant other than those imposed or authorized set forth in this Eastern and Southern Districts of New York Rules, FRCP, or any order of this Court.

8.      GreatCare objects to the scope of the definition of "all," "any," and "each" to the extent it's vague, overbroad, unduly burdensome, exhaustive, and costly; this definition seeks documents that are in the possession, custody, or control of third parties not in GreatCare possession, custody, or control.  GreatCare will not undertake to produce documents that are not within its possession, custody, or control.

9.      GreatCare objects to the scope of the definition of "Timestamp" to the extent that it is overly broad, unduly burdensome, the definition forces an exhaustive, costly forensic search of every database column rather than focusing on relevant information, improperly shifting the burden of data identification.

10.     GreatCare objects to the scope of the definition of "Authentication" to the extent that it is vague, overbroad, and improperly merges two distinct security concepts (authentication vs. authorization) and improperly expands the scope of discovery beyond the Federal Rules of Evidence and the commonly accepted production tools.

11.      GreatCare objects to the scope of the definition of "Logs" to the extent that it excludes file format designed to present and exchange documents reliably that are not logs.

12.     GreatCare objects to the scope of the definition of "Database Schema" as it is an overbroad and unduly burdensome definition to the extent it requires the production of metadata, constraints,

and relationships for database entities that are not relevant to the claims or defenses in this action nor is proportional to the needs of producing a reliable evidence to prosecute the case.

13.    GreatCare objects to the scope of the definition "Record Layout" to the extent that it is overly restrictive, limiting, mischaracterizes the available data.

14.    GreatCare objects to the form of production requested for electronically stored information (ESI). GreatCare will produce ESI in its available format either as a PDF and Excel or Fax or in its original format under its hands.

15.    GreatCare objects to the medium for production requested for electronically stored information. GreatCare will produce ESI on Compressed (zipped) Folder, a Compressed File/Document, or to a Secure Upload Link.

16.    GreatCare reserves the right to condition the production of documents containing confidential or proprietary information such as GreatCare members, patients, beneficiaries, or clients on the Court's issuance of a confidentiality or protective order governing the disclosure of any such information.

17.    GreatCare objects to the Document Requests to the extent that they would require GreatCare to produce documents or information covered by confidentiality agreements with others, or that would require GreatCare to violate the privacy interests of others.

18.    GreatCare incorporates the foregoing objections (the "General Objections") into every one of the following responses. Any General Objection may be answered for emphasis, but such restatement does not negate the restated in individual incorporation of these General Objections into each of the following answers.

## <u>ANSWERS TO REQUEST FOR PRODUCTION</u>

**REQUEST NO. 1**

Any and all contracts between CenterLight and GreatCare that were in effect at any time on or after January 1, 2015.

**RESPONSE:**

**See Documents produced GreatCare – 000001 through GreatCare – 0000052.**

**REQUEST NO. 2**

Any and all contracts between GreatCare and any other MLTCs (other than with CenterLight) that were in effect at any time on or after January 1, 2015.

**RESPONSE:**

**See Documents produced GreatCare – 0000053 through GreatCare – 0000098.**

**REQUEST NO. 3**

Any and all contracts between GreatCare and any MLTC affiliated with the consumers cared for by Plaintiffs for all episodes of care to which Plaintiffs were assigned to work, including, but not limiting to, CenterLight.

**RESPONSE:**

**Along with what GreatCare has produced on the dates listed on the table above, see Documents produced GreatCare - 000001 through GreatCare – 0000098.**

**REQUEST NO. 4**

Any and all documents concerning communications between Defendants concerning this, Action.

**RESPONSE:**

**GreatCare objects to this Request on the grounds that it is overbroad and seeks communications or other documents that are protected by the attorney-client privilege and work product doctrine, or other applicable privilege or immunity. Subject to and notwithstanding that objection, there is none.**

**REQUEST NO. 5**

Any and all of Plaintiffs' personnel files, including, without limitation, personal biographical information, employment histories, work evaluations, and job references.

**RESPONSE:**

**GreatCare objects to this Request because some of the documents thought are equally available to the propounding party; GreatCare further object to this Request on the grounds that it is not proportional to the needs of the case, as it seeks documents outside the relevant statute of limitations as to Plaintiffs: Chen li; Chen, Mei fang; He, hui; and Li, hui. Subject to and**

6

**notwithstanding that objection, GreatCare has produced all information responsive to this Request on the dates listed on the table above. GreatCare produced Plaintiffs' complete file with their counsel as explained on the photo attached on Documents produced GreatCare - 0000099 through GreatCare – 00000100.**

**REQUEST NO. 6**

All documents concerning the Plaintiffs, including but not limited to:

        a. Wage Rate Notification or Disclosures,

        b. Notice of Pay Rate,

        c. Expense reimbursements,

        d. Unique employee identifier used by GreatCare,

        e. Employment Benefits,

        f. Job duties,

        g. Job performance,

        h. Offer letters,

        i. Employment agreements,

        j. Arbitration agreements,

        k. Applications for employment,

        l. Job references,

        m. Termination,

        o. Severance agreements, and,

        p. Releases and Waivers relating to payment of wages.

**RESPONSE:**

**In addition to documents GreatCare has produced on the dates listed on the table above, see Documents produced GreatCare – 00000101 through GreatCare – 00000162.**

**REQUEST NO. 7**

All documents concerning payroll, payment of wages, wage supplements, benefits for Plaintiffs for the last six years including, but not limited to:

        a. Wage Statements,

        b. Payroll records,

c. Pay journals,

c. Paystubs,

d. Deductions from pay,

e. Pay summaries.

**RESPONSE:**

**See Documents produced GreatCare - 00000163 through GreatCare – 00000364.**

**REQUEST NO. 8**

All documents concerning the tracking of work of each Plaintiff, including:

a. Dates, Times, Hours Worked,

b. Job assignment logs,

b. Sleep logs,

c. Log-in and log-out records,

d. Clock-in and clock-out records,

e. Phone-in and phone-out records, including those from HHA system,

f. Timesheets,

g. Work schedules,

h. Sleep logs,

i. Reports, including phone records of sleep interruptions and meal break interruptions,

j. Documents tracking individual activities

k. Eating and sleeping plans for aides.

**RESPONSE:**

**GreatCare objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUESTS No. 5 through 7. Subject to and notwithstanding the objection, please see Documents produced GreatCare – 00000365 through GreatCare – 00000376.**

**REQUEST NO. 9**

Any and all documents concerning the terms and conditions of Plaintiffs' employment (not already produced in response to Requests No. 3, 4, and 5), including, but not limited to:

a. All job descriptions;

b. Handbooks;

e. Meal, break, sleep and other policies; and,

f. Work rules.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUESTS No. 5 through 8. The employee application encloses job description. GreatCare have produced all responsive documents in response to this Request.**

**REQUEST NO. 10**

Any and all documents showing the duties and type of work performed and any and all documents showing the payment rates received by GreatCare from CenterLight for the consumers cared for by Plaintiffs for all episodes of care to which Plaintiffs were assigned to work.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUESTS No. 5 through 8. This Request serves no purpose other than to harass Defendant, and the information sought will not lead to relevant admissible information. GreatCare further objects to this Request on the grounds that it purports to require GreatCare to disclose information that is a trade secret, confidential, proprietary, commercially sensitive or information that is protected by rights of privacy, the disclosure of which could negatively impact GreatCare's competitive or business position or result in a breach by GreatCare of an obligation to a third-party to maintain such information as confidential. Subject to and notwithstanding the objection, GreatCare has never under any circumstance paid any aide below the minimum wages; instead, it pays, at least, an extra dollar above the minimum wages.**
**By way of further response, see documents that show the type of work performed by service code from insurance company like Centerlight, see documents produced GreatCare - 00000376 through GreatCare – 00000397.**

**REQUEST NO. 11**

Any and all documents showing the duties and type of work performed and any and all documents showing the payment rates received by GreatCare from any MLTC (other than CenterLight) affiliated with the consumers cared for by Plaintiffs for all episodes of care to which Plaintiffs were assigned to work.

**RESPONSE:**

**Defendant objects to this Request on part on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUESTS No. 5 through 10. And on the other part, this Request serves no purpose other than to harass Defendant, and the information sought will not lead to relevant admissible information. GreatCare further objects to this Request because it purports to require GreatCare to disclose information that is a trade secret, confidential, proprietary, commercially sensitive or information that is protected by rights of privacy, the disclosure of which could negatively impact GreatCare's competitive or business position or result in a breach by GreatCare of an obligation to a third-party to maintain such information as confidential. Subject to and notwithstanding the objection, GreatCare has never under any circumstance paid any aide below the minimum wages; instead, it pays, at least, an extra dollar above the minimum wages.**

**REQUEST NO. 12**

Any and all documents concerning the rights, responsibilities, duties, and/or work activities of Plaintiffs, including, without limitation, a. any and all service authorizations; b. assessment reports, c. comment guides, d. summaries; and e. care plans for all members or patients and all episodes of care to which Plaintiffs were assigned to work.

**RESPONSE:**

**Please see GreatCare policy manual and Live-in contract previously produced. Also, See Documents produced GreatCare – 00000397 through GreatCare – 00000430.**

**REQUEST NO. 13**

Any and all adverse determination notices and all appeals filed for all members or patients and all episodes of care to which Plaintiffs were assigned to work.

10

**RESPONSE:**

**Defendant objects to this request as it serves no purpose other than to harass Defendant, and the information sought will not lead to relevant admissible information. Subject to and notwithstanding the objection, there is none.**

**REQUEST NO. 14**

Any and all documents concerning each Plaintiffs' sleeping arrangements for all episodes of care to which Plaintiffs were assigned to work.

**RESPONSE:**

**See nurse assessment reports produced on response to REQUESTS No. 12. see also patient declaration Documents produced on GreatCare – 00000431.**

**REQUEST NO. 15**

Any and all documents concerning each Plaintiffs' rest or meal break arrangements for all episodes of care to which Plaintiffs were assigned to work.

**RESPONSE:**

**Defendant objects to this Request on part on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUEST No. 5 through 10 and REQUEST No. 12 and REQUESTS No. 14.**

**REQUEST NO. 16**

Any and all documents and structured data concerning the compensation paid to Plaintiffs, including without limitation, payroll records, time sheets, work schedules, wage statements, wage notices and claims for payment submitted by GreatCare to any MLTC affiliated with the consumers cared for by Plaintiffs during the episodes of care to which Plaintiffs were assigned to work.

**RESPONSE:**

**GreatCare objects to this Request on part on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUEST No. 5 through 10.**

11

**REQUEST NO. 17**

Descriptions of all codes used in payroll and timekeeping data.

**RESPONSE:**

**The Codes on the Paystup is Employee Id number, such as 1926 for XiuFang Chen. Employee Status "A" means Active.**

**The codes on the Payroll Register Report document that there is a sole code for GreatCare, Inc., which is #3947A, and a unique sole code for each employee. All of which is explained on the HHAexchange contract, the billing company contract, and Internet-based software applications designed to provide management, communications, billing, and other related functionality to home care agencies. See Documents produced GreatCare – 00000432 through GreatCare – 00000448.**

**REQUEST NO. 18**

Descriptions of all column headings used in payroll and timekeeping data.

**RESPONSE:**

**See response to REQUEST No. 17.**

**REQUEST NO. 19**

Documents sufficient to show or explain the identification numbers assigned to or used to identify Plaintiffs if records are kept by identification number instead of by name.

**RESPONSE:**

**See response to REQUEST No. 17.**

**REQUEST NO. 20**

Any and all documents which reference, refer, or relate to the manner and method by which Defendants calculated pay and overtime pay for Plaintiffs.

**RESPONSE:**

**Defendant objects to this Request on part on the grounds that it is duplicative of prior requests to which GreatCare has responded. By way of further response, all live-in employees are allowed to work up to three days a week of total 39 hours, therefore overtime is not at issue.**

12

**REQUEST NO. 21**

Any and all communications between GreatCare and Plaintiffs, including, without limitation, any notices given to Plaintiffs about the terms of their employment.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUESTS No. 5 to 8. and REQUEST No. 12 and No. 14.**

**REQUEST NO. 22**

Any and all communications between GreatCare and any other Defendants, including, without limitation, any notices given to Plaintiffs about the terms of their employment.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUESTS No. 5 to 8. and REQUESTS No. 12 and No. 14.**

**REQUEST NO. 23**

Any and all training materials provided to Aides that were in effect at any time on or after January 1, 2015.

**RESPONSE:**

**As the nurse assessment report shows, nurses provide instructions and training for aides based on each patient's needs. Additionally, GreatCare has a training contract with "Showd.me" A compliance training company, to train GreatCare's aide in their native language. Each employee receives account credentials to log on to complete 12 hours of training and receive a certificate of completion every year. Training delivers essential education directly to employees. See Documents produced GreatCare – 00000449 through GreatCare – 00000450.**

**REQUEST NO. 24**

Any and all documents distributed to or provided to Plaintiffs regarding their rights to a minimum wage, overtime pay, wage parity, including, without limitation, any notices required by the Fair Labor Standards Act, 29 CFR § 516.4 and the New York Labor Law §§ 195, 198-d.

**RESPONSE:**

**See Documents produced in response to REQUEST NO. 6**

**REQUEST NO. 25**

Any and all documents concerning the timekeeping policies, practices and procedures applicable to Plaintiffs, including, without limitation, all instructions, guidelines and policies provided to Plaintiffs for how to report nighttime work and work performed during meal breaks.

**RESPONSE:**

**See Documents produced GreatCare – 00000450 through GreatCare – 00000482.**

**REQUEST NO. 26**

Any and all blank forms used to record work hours for any Plaintiff.

**RESPONSE:**

**GreatCare provided the blank form as explained on the table on June 27, 2025. Any other blank forms have been produced.**

**REQUEST NO. 27**

Any and all documents concerning any system used by GreatCare to record the hours worked by Plaintiffs, including, without limitation, documents relating to system's operation, system's maintenance, GreatCare's policies relating to Aides' use of the system and all records gathered from such system for every Plaintiff.

**RESPONSE:**

**See HHAexchange contract produced on response to REQUEST NO. 17.**

**REQUEST NO. 28**

Any and all documents and communications between GreatCare and any MLTC concerning all members or patients to which Plaintiffs were assigned to provide care, including all patient notes.

**RESPONSE:**

**The communication has been fully produced on adies's complete file as shown on GreatCare – 00000100 in response to REQUEST NO. 5.**

**REQUEST NO. 29**

Any and all communications between GreatCare and any MLTC affiliated with the consumers cared for by Plaintiffs for all episodes of care to which Plaintiffs were assigned to work, including, but not limited to CenterLight, concerning any and all policies or directives, including, without limitation, those related to payment and/or capitation rates; payment of wages, including overtime and spread of hours pay, and provision of supplemental benefits; scheduling of Aides; recordkeeping; provision of care to covered members; compliance with the New York Labor Law, the Fair Labor Standards Act, New York Home Care Worker Wage Parity Act, and/or 18 N.Y.C.R.R. § 505.14; and any contracts with the New York State Department of Health and/or Centers for Medicare and Medicaid Services:

**RESPONSE:**

**Defendant objects to this request as it serves no purpose other than to harass Defendant, and the information sought will not lead to relevant admissible information. GreatCare further objects to this Request because it purports to require GreatCare to disclose information that is a trade secret, confidential, proprietary, commercially sensitive or information that is protected by rights of privacy, the disclosure of which could negatively impact GreatCare's competitive or business position or result in a breach by GreatCare of an obligation to a third-party to maintain such information as confidential. Subject to and notwithstanding the objection, GreatCare has already produced such communication as listed on the table above, and GreatCare's counsel, with assistance of a computer professional, pulled a copy of all employees with such communication, see affidavit and Documents produced GreatCare – 00000482 through GreatCare – 00000540.**

**REQUEST NO. 30**

Any and all New York State Department of Labor Forms LS 300, LS 301, and LS 302 submitted by GreatCare to any MLTC, including but not limited to CenterLight, and/or submitted by Defendant to the New York State Department of Labor and any and all documents relied upon by Defendant to assess or complete New York State Department of Labor Forms LS300, LS 301, and LS 302.

**RESPONSE:**

**All responsive Documents has been sent/communicated to Plaintiffs' counsel on May 21, 22, and 23, 2025.**

**REQUEST NO. 31**

Any and all documents related to the benefit portion of the minimum rate of home care aide total compensation provided to Plaintiffs as defined in § 3614-c of the Public Health Law ("New York Home Care Worker Wage Parity Act"), including documents sufficient to identify the type of each supplement claimed, or the type of each home care aide benefits provided, and the hourly rate for each.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUEST NO. 5., REQUEST No. 29, and No. 30.**

**REQUEST NO. 32**

Any and all documents related to applicable prevailing wage supplements claimed as part of any prevailing wage or similar requirement provided to Plaintiffs pursuant to Article Eight of the New York Labor Law, including documents sufficient to identify the type of each supplement claimed, or the type of each home care aide benefits provided, and the hourly rate for each.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUEST NO. 5., REQUEST No. 29, and No. 30.**

**REQUEST NO. 33**

Any and all documents concerning the cessation or termination of employment of any of the Plaintiffs.

**RESPONSE:**

**All cessation declaration or documents has been produced on aides' file referenced above as well as through responding to these requests. By way of further response, GreatCare has never terminated an aide.**

**REQUEST NO. 34**

Any and all documents distributed to or provided to GreatCare regarding its obligation to pay Aides the minimum wage and overtime pay, including, without limitation, any notices required by the Fair Labor Standards Act, 29 CFR § 516.4, and the New York Labor Law §§ 195, 198-d.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUEST NO. 5., REQUESTS No. 29, and REQUESTS No. 30. As well as in the attachment of GreatCare's counsel and computer professional affidavit produced response to REQUEST NO. 29.**

**REQUEST NO. 35**

Any and all documents, including, without limitation, any organizational charts that indicate the managers employed by GreatCare who supervised Plaintiffs.

**RESPONSE:**

**See the affidavit documents produced in response to REQUEST NO. 29.**

**REQUEST NO. 36**

Any and all documents sufficient to identify GreatCare's directories or lists of coordinators.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUEST NO. 29.**

**REQUEST NO. 37**

Any and all documents, including, but not limited to job descriptions, for all positions, including coordinators and supervisors for each position and their names.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUEST NO. 29.**

**REQUEST NO. 38**

Any and all documents concerning any complaints to GreatCare or any other Defendants about its compliance with federal and state labor laws, including, but not limiting to, payment of wages, overtime pay, spread of hours pay or any other violation of applicable labor laws, whether by a party

to this Action or by any other person, entity, or agency, including, but not limited to government agencies.

**RESPONSE:**

**Defendant objects to this request as it serves no purpose other than to harass Defendant, and the information sought will not lead to relevant admissible information. Subject to and notwithstanding the objection, there is none.**

**REQUEST NO. 39**

Any and all communications with any federal, state or municipal department or agency concerning the scheduling of hours for aides or the payment of wages and benefits, including, without limitation, the U.S, Department of Labor, the New York State Department of Labor, the Centers for Medicare and Medicaid Services and the New York State Department of Health.

**RESPONSE:**

**Defendant objects to this Request serves no purpose other than to harass Defendant, and the information sought will not lead to relevant admissible information. Subject to and notwithstanding the objection, there is none.**

**REQUEST NO. 40**

Any and all documents concerning any investigation or audit of GreatCare by any federal, state or municipal department or agency concerning the scheduling of hours for aides or the payment of wages and benefits, including, without limitation, the U.S. Department of Labor, the New York State Department of Labor and the New York State Department of Health, including, but not limited to:

       a. Documents produced by GreatCare pursuant to subpoena;

       b. Oher litigation files (Request for Documents, Interrogatories,

       Responses to Discovery Requests, Briefs);

       c. Arbitration files (Request for Documents, Interrogatories,

       Responses to Discovery Requests, Briefs); and,

       d. Payments to aides purportedly to settle claims.

**RESPONSE:**

**Defendant objects to this Request serves no purpose other than to harass Defendant, and the information sought will not lead to relevant admissible information. Subject to and notwithstanding the objection, GreatCare has never been sanctioned nor censured for any labor law violations.**

REQUEST NO. 41

Any and all documents concerning GreatCare's efforts to learn or comply with federal and state labor laws, including, without limitation, knowledge of the law.

**RESPONSE:**

**Objection. This Request serves no purpose other than to harass Defendant, and the information sought will not lead to relevant admissible information. By way of further response, GreatCare keep itself apprised about the law through practice information sources. Additionally, GreatCare receives policy updates, and sector compliance from CenterLight and MLTC. GreatCare has not violated any state or federal law and has not deviated from any MLTC authorization at any time. It's also worth mentioning that one of the Plaintiffs in this lawsuit is a current GreatCare patients, and another is a current employee which,** *per se,* **tells a lot about GreatCare's standard of service and its professionalism as a home care provider. GreatCare also has proven its regular visit to Department of Health Minimum Wage Implementation Guidance at:** https://www.health.ny.gov/health_care/medicaid/redesign/min_wage_guidance.htm **and Home Care Worker Minimum Wage Guidance Wage Effective October 1, 2022, through March 31, 2023, available at** https://www.health.ny.gov/health_care/medicaid/redesign/mrt61/2022-09-12_hcw_min_wage_guide.htm **Subject to and notwithstanding the objection, see response to REQUEST NO. 23 as well as GreatCare – 00000540 through GreatCare – 00000607.[1]**

REQUEST NO. 42

Any and all documents showing Defendant's gross revenues for the previous 3 years

**RESPONSE:**

---

[1] The materials/documents/materials produced in GreatCare – 00000540 through GreatCare – 00000607 are the emails/communication attachments that Plaintiffs' counsel requested.

**Objection. This Request serves no purpose other than to harass Defendant, to the extent it seeks private or confidential financial information and the information sought will not lead to relevant admissible information.**

**REQUEST NO. 43**

Any and all statements, declarations, affidavits, or writings or documents purported to have been signed or authored by or purportedly transcribing or recording Plaintiffs' statements concerning their pay, hours worked, work for GreatCare or any other Defendants or matters related to the claims or defenses herein.

**RESPONSE:**

**Defendant objects to this Request on part on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUESTS No. 5 through 8 as well as any authorization document produced in prior questions. By way of further response, the timesheet was signed by Plaintiffs, and as to the company, HHAexchange software is a self-authenticated system.**

**REQUEST NO. 44**

Any and all documents concerning Plaintiffs' veracity.

**RESPONSE:**

**Defendant objects to this Request on part on the grounds that it is duplicative of prior requests to which GreatCare has responded, namely REQUESTS No. 5 through 8.**

**REQUEST NO. 45**

Any and all complaints for the last six years relating to claims raised in this Action that have not previously been disclosed in response to other requests in this First Set of Requests for Documents and Electronic Information.

**RESPONSE:**

**Defendant objects to this Request serves no purpose other than to harass Defendant, and the information sought will not lead to relevant admissible information. Subject to and notwithstanding the objection, there is none.**

**REQUEST NO. 46**

Any and all documents, regardless of date, upon which GreatCare intends to rely to refute any claims and allegations made in the Complaint or to support any defense alleged in GreatCare's Answer.

**RESPONSE:**

**Defendant objects to this Request on the grounds that it is overly broad, unduly burdensome, and not limited in time or scope. Defendant further objects to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine, as it calls for the disclosure of counsel's mental impressions and legal strategy. Defendant will disclose documents intended for use at trial at the time and in the manner prescribed by the Court's Scheduling Order**

**REQUEST NO. 47**

Any and all documents identified in response to any of Plaintiffs' interrogatories.

**RESPONSE:**

**See Documents produced/communicated as well as GreatCare – 000001 through GreatCare – 00000608.**

**REQUEST NO. 48**

Any and all documents sufficient to identify the corporate structure of GreatCare, Inc., including, without limitation, any partner, corporate parent, subsidiary, successor, affiliate or assignee.

**RESPONSE:**

**See Documents produced GreatCare – 00000608.**

**REQUEST NO. 49**

Any and all documents concerning any insurance agreement that may cover any of the claims alleged in the Complaint and, with respect to any such insurance agreement or policy, set forth the number of claims against Defendants during the applicable policy period, the amount sought in each claim, and the total sums paid out against the policies.

**RESPONSE:**

**GreatCare does not have any non-privileged documents responsive to this Request.**

Respectfully submitted,

## V E R I F I C A T I O N

I, Barbara Wang, hereby verify that the statements made in the foregoing Responses to Requests for Production of Documents are true and correct to the best of my knowledge, information and belief and that this statement is signed under the pains and penalties of perjury.

_____

## **CERTIFICATION**

I hereby certify that a true and correct copy of Plaintiff's Responses to Requests for Production of Documents was served upon Defendant's Counsel, by email, on April 6, 2026.


NATIONAL CENTER FOR LAW AND ECONOMIC JUSTICE
Carmela Huang
Leah Lotto
Claudia Wilner
50 Broadway, 15th Floor
New York, NY 10004-3821
(646) 393-3048
huang@nclej.org
lotto@nclej.org
wilner@nclej.org

GETMAN, SWEENEY & DUNN, PLLC
Karen Kithan Yau
260 Fair Street
Kingston, NY 12401
(845) 255-9370
kyau@getmansweeney.com
*Counsel for Plaintiffs*


JOSE A. MUNIZ, Esq.
*/s/ Jose Muniz*
*Counsel for Defendants*