Case 1:24-cv-07401-LTS-KHP    Document 214-8    Filed 05/08/26    Page 1 of 22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

GUO ZHEN QIAN, *individually and on behalf of all others similarly situated*,

                                    Plaintiff,

                      - against -

GREATCARE INC., Jian Peng, "Jane" (first name unknown) Zhu, and Barbara Wang,

                                    Defendants.

Index No.

Date Summons Filed:

Plaintiff designates New York County as the place of trial.

## SUMMONS

The basis of the venue is Defendants' Address

TO THE ABOVE NAMED DEFENDANTS:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in this complaint.

The basis of Venue designated is Defendants' residence within the County of New York, State of New York.

**Dated:** November 3, 2017

HANG & ASSOCIATES, PLLC

By:_____
Ge Qu, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, New York 11354
Telephone: (718) 353-8522
Email: rqu@hanglaw.com
*Attorneys for Plaintiffs*

**To Defendants:**

Greatcare Inc.
110 West 34th Street, Suite 1207
New York, NY 10001

Jian Peng
c/o Greatcare Inc.
110 West 34th Street, Suite 1207
New York, NY 10001

"Jane" Zhu (first name unknown)
c/o Greatcare Inc.
110 West 34th Street, Suite 1207
New York, NY 10001

Barbara Wang (first name unknown)
c/o Greatcare Inc.
110 West 34th Street, Suite 1207
New York, NY 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| GUO ZHEN QIAN, *individually and on behalf of all others similarly situated,* | |
| Plaintiff, | Index No. |
| - against - | **CLASS ACTION COMPLAINT** |
| GREATCARE INC., JIAN PENG, "Jane" Zhu, and Barbara Wang, | |
| Defendants. | |

Plaintiff GUO ZHEN QIAN ("Plaintiff" or "Named Plaintiff"), on behalf of herself and the putative class, by her attorneys, Hang & Associates, PLLC, alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## INTRODUCTION

1. This action is brought on behalf of the Named Plaintiff and a putative class of individuals (collectively "Plaintiffs") who are citizens of the State of New York and are presently or were formerly employed by GREATCARE INC. ("Greatcare") to provide personal care, assistance, health-related tasks and other home care services to Defendants' clients within the State of New York.

2. Plaintiffs seek to recover wages and benefits which Plaintiffs were statutorily and legally entitled to receive pursuant to New York Labor Law ("NYLL") § 190 et seq., § 663, § 651 et seq., and § 650 et seq., Title 12 of New York Codes, Rules, and Regulations ("NYCRR") §§ 142-2.1, 142-2.2, 142-2.4, and 142-2.14.

1

Case 1:24-cv-07401-LTS-KHP Document 214-8 Filed 05/08/26 Page 4 of 22

3. Defendants retaliated against Named Plaintiff for making a complaint to Defendants about their policies and practices that she reasonably and in good faith believed that violated applicable sections of NYLL, including failure to pay Named Plaintiff for all hours worked during 24-hour "live-in" shifts. Named Plaintiff seeks to recover damages, lost compensation, liquidated damages, front pay or reinstatement, costs and reasonable attorneys' fees pursuant to New York Labor Law §215.

4. Defendants unlawfully discriminated against Named Plaintiff for her arrest record, the criminal charges underlying which were ultimately dismissed in her favor, by terminating, and/or constructively discharged her in violation of New York Executive Law §216(16). Named Plaintiff seeks to recover damages, back pay, front pay and/or reinstatement, costs and reasonable attorneys' fees, and compensatory damages for humiliation and mental anguish resulting from such discrimination.

5. Defendants own, operate, and/or control a home care service business located at 110 West 34th Street, Suite 1207.

6. Beginning in May 2013 and, upon information and belief, continuing through the present, Defendants have maintained a policy and practice of requiring Plaintiffs to regularly work in excess of ten hours per day, without providing the proper hourly compensation for all hours worked, overtime compensation for all hours worked in excess of 40 hours in any given week, and "spread of hours" compensation.

7. Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees who are citizens of New York and who performed work within the State of New York, minimum wages, overtime compensation, "spread of hours" compensation, damages for failure to provide wage notice at time of hire, in

2

Case 1:24-cv-07401-LTS-KHP    Document 214-8    Filed 05/08/26    Page 5 of 22

addition to damages for Defendant's unlawful discrimination against Named Plaintiff in connection with her arrest record, the resulting criminal proceeding of which was resolved in Named Plaintiff's favor as defined in N.Y. Crim. Proc. Law § 160.50, with interest, attorneys' fees, and costs.

## THE PARTIES

8.      Named Plaintiff is an individual residing in the Queens, New York.

9.      Defendant Greatcare Inc. is a domestic not-for-profit corporation that maintained a home health care agency with its principal office located at 110 West 34th Street, Suite 1207.

10.     Named Plaintiff was employed as a home health care attendant by the Defendants from May 5, 2013 to approximately September 2016.

11.     Upon information and belief, Defendant Jian Peng is the director of Greatcare Inc., and was at all relevant times an "employer" within the meaning of New York Labor Law in that he had power to hire and fire employees, supervised and controlled the conditions of employment, determined rates and methods of wage payment, and maintained employee records.

12.     At all times relevant to this action, Defendant Jian Peng was an officer, president, owner and/or shareholder of Greatcare Inc., and dominated the day-to-day operating decisions, made major personnel decisions, and handled payrolls for Defendant Greatcare Inc.

13.     Upon information and belief, Defendant "Jane" Zhu is a manager of Greatcare Inc., and was at all relevant times an "employer" within the meaning of New York Labor Law in that she had power to hire and fire employees, supervised and

3

13. Upon information and belief, Defendant "Jane" Zhu is a manager of Greatcare Inc., and was at all relevant times an "employer" within the meaning of New York Labor Law in that she had power to hire and fire employees, supervised and controlled the conditions of employment, determined rates and methods of wage payment, and maintained employee records.

14. At all times relevant to this action, Defendant "Jane" Zhu was an officer, president, owner and/or shareholder of Greatcare Inc., and dominated the day-to-day operating decisions, made major personnel decisions, and handled payrolls for Defendant Greatcare Inc.

15. Upon information and belief, Defendant Barbara Wang is a manager of Greatcare Inc., and was at all relevant times an "employer" within the meaning of New York Labor Law in that she had power to hire and fire employees, supervised and controlled the conditions of employment, determined rates and methods of wage payment, and maintained employee records.

16. At all times relevant to this action, Defendant Barbara Wang was an officer, president, owner and/or shareholder of Greatcare Inc., and dominated the day-to-day operating decisions, made major personnel decisions, and handled payrolls for Defendant Greatcare Inc.

17. Plaintiffs performed labor for the benefit of and at the direction of Defendants.

18. At all relevant times, Defendants employed Plaintiffs as defined by NYLL §651(5) and (6) and applicable regulations, 12 NYCRR §142-2.14.

4

## CLASS ACTION ALLEGATIONS

19.     Named Plaintiff brings her NYLL claims pursuant to Civil Practice Law and Rules ("C.P.L.R.") Article 9, on behalf of all current and former employees of Defendants who is or was a citizen of the State of New York who is or was employed by Defendants to provide personal care, assistance, health-related tasks and other home care services to Defendants' clients within New York State  (the "Class") on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

20.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under C.P.L.R. Article 9.

21.     The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

22.     Named Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members

5

were subject to the same corporate practices of Defendants, as alleged herein, of failure to pay minimum wages, overtime premiums. Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each New York Class member. Plaintiff and other New York Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23.     Named Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage and hour employment litigation cases.

24.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

6

Case 1:24-cv-07401-LTS-KHP    Document 214-8    Filed 05/08/26    Page 9 of 22

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25.    Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

26.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.  Whether Defendants employed Named Plaintiff and the Class within the meaning of the New York law;

    b.  Whether Defendants maintained a policy, pattern and/or practice of failure to pay minimum wages to Named Plaintiff and the Class according to NYLL and applicable regulations promulgated thereunder;

7

c. Whether Defendants maintained a policy, pattern and/or practice of failure to pay overtime wages to Named Plaintiff and the Class according to NYLL and applicable regulations promulgated thereunder

d. Whether the Defendants provided wage notices at the time of hiring to Named Plaintiff and Class members as required by the NYLL;

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the New York Class members for their work.

## STATEMENT OF FACTS

27. From May 5, 2013 to present, Named Plaintiff was a home health care attendant employed by Defendants in New York to provide personal home health care and assistance to Defendants' clients in their homes.

28. While employed by Defendant, Named Plaintiff provided services to homebound, disabled and/or ailing elderly clients, including but not limited to, personal care services, such as assistance with dressing, bathing and personal grooming, lifting and transferring bedridden and/or immobile clients, cooking, serving food, changing diapers, cleaning, such as mopping, vacuuming, cleaning bathrooms, doing laundry and taking out garbage, making appointments, escorting clients to the doctors, and making transportation arrangements.

29. Named Plaintiff at all relevant times maintained her own residence and is not a residential employee as defined in 12 NYCRR §142-3.1.

8

30.    While employed by Defendants, Named Plaintiff worked 6-hour or 8-hour shifts for four to five days per week, amounting to approximately 32 to 38 hours per week.

31.    Beginning in April 2017, Defendants assigned Named Plaintiff generally two to three 24-hour shifts a week, amounting to approximately 48 to 72 hours worked per week.

32.    When Named Plaintiff worked 24-hour shifts, she was required to stay overnight at the residences of Defendant's clients, and needed to be ready and available to provide assistance to Defendant's clients when called upon to do so.

33.    Named Plaintiff was not paid the applicable minimum wage rate and was not paid for all hours worked.

34.    From April 23, 2016 to May 20, 2017, Defendants paid Named Plaintiff 13 hours at $10 per hour per shift for her 24-hour "live-in" shifts.

35.    During this time period, Named Plaintiff complained to Defendants of being underpaid for her 24-hour "live-in" shifts. Defendants raised, albeit reluctantly, her hourly rate to $14 for two pay periods from May 21, 2016 to June 17, 2016.

36.    Since June 17, 2016, however, Defendants refused to give Named Plaintiff new work assignments and stopped paying her wages. However, Defendants never communicated to Named Plaintiff, orally or in writing, that she was terminated.

37.    Named Plaintiff subsequently made multiple requests to Defendants asking for work assignments to no avail.

9

Case 1:24-cv-07401-LTS-KHP   Document 214-8   Filed 05/08/26   Page 12 of 22

38.     On October 11, 2016, Named Plaintiff was arrested for non-work-related charge(s), which were ultimately dismissed in her favor on January 23, 2017 by court order.

39.     During this time period, Named Plaintiff requested for work assignments. However, Defendants refused referencing her arrest record.

40.     After the dismissal of her case, Named Plaintiff made repeated requests to be reinstated and assigned work shifts. However, Defendants refused again to assign her work.

41.     Named Plaintiff was not paid overtime wages, at the applicable overtime hourly rate, for all hours worked in excess of 40 hours in any given week.

42.     Named Plaintiff was generally not permitted to leave the client's residence during her shift.

43.     Because Defendant's clients were often elderly and suffering from various health and mental ailments, they required constant care and the Named Plaintiff did not get an opportunity to sleep without any interruption.

44.     Named Plaintiff did not get a one-hour break for each of three meals per day.

45.     Defendant required Named Plaintiff to be on the premises of Defendant's clients for 24 hours during any given 24-hour shift, which was for the benefit of Defendants.

46.     Named Plaintiff did not receive the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which she worked 10 or more hours.

Case 1:24-cv-07401-LTS-KHP Document 214-8 Filed 05/08/26 Page 13 of 22

47.     Named Plaintiff's co-workers performed the same and/or similar work to that of Named Plaintiff.

48.     Similar to Named Plaintiff, the Putative Class members are not "residential employees."

49.     Like Named Plaintiff, the Putative Class members regularly worked more than 40 hours per week, but were not paid for every hour that they worked.

50.     Like Named Plaintiff, Defendants required the Putative Class members to be on the premises of Defendant's clients for 24 hours during any given 24-hour shift, which was for the benefit of Defendant.

51.     Like Named Plaintiff, the putative class members were only paid not paid for all hours worked in a 24-hour shift.

52.     At all relevant times, Defendants have maintained a practice and policy of not paying Plaintiffs for all hours worked during their 24-hour shifts in violation of New York State Labor Law.

53.     At all relevant times, Defendant has maintained a practice and policy of assigning Plaintiffs to work more than 40 hours per week without paying them the applicable overtime hourly rate of pay for all hours worked in excess of 40 per week, in violation of New York State Labor Law.

54.     Plaintiffs never received the "spread of hours" premium of one additional hour at the minimum wage rate for the days in which they worked over 10 hours.

## FIRST CAUSE OF ACTION
### (Minimum Wages Under New York Labor Law)

55.     Plaintiffs re-allege and incorporate by reference all allegations set forth herein.

11

56.     At all relevant times to this action, Plaintiffs were Defendant's employees within the meaning of NYLL § 190(2) and § 651(5) and 12 NYCRR § 142-2.14.

57.     Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015;" and (6) "$11.00 per hour on and after December 31, 2016 . . . ."

58.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, an additional amount as liquidated damages equal to the total of such under-payments found to be due the employee.

59.     Defendants knowingly and willfully violated Plaintiff' rights by failing to pay them minimum wages in the lawful amount for hours worked.

## SECOND CAUSE OF ACTION
### (Overtime Wages Under New York Labor Law)

60.     Plaintiffs re-allege and incorporate by reference all allegations set forth herein.

61.     Defendants failed to pay Plaintiff overtime wages for all hours worked in excess of forty per week at a wage rate of one and one-half times her regular rate, in violation of 12 NYCRR §146-2.2.

62.     Defendants knowingly and willfully violated Plaintiff' rights by failing to pay overtime compensation to Plaintiffs for work performed after the first 40 hours worked in a week.

12

Case 1:24-cv-07401-LTS-KHP    Document 214-8    Filed 05/08/26    Page 15 of 22

63.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, liquidated damages equal to 100% of their back-pay award, and reasonable attorneys' fees and costs of the action, including interest.

### THIRD CAUSE OF ACTION
### (Violation of New York Labor Law—Time of Hire Wage Notice Requirement)

64.    Plaintiffs re-allege and incorporate by reference all allegations set forth herein.

65.    The Defendants failed to furnish to the Plaintiffs at the time of hiring a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

66.    Defendants not only did not provide notice to Named Plaintiff at time of hiring, but failed to provide notice to Named Plaintiff even after her employment started.

67.    Due to the Defendants' violation of the NYLL, § 195(1), Plaintiffs are entitled to recover from the defendants liquidated damages of $50.00 each workday that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL, § 198(1-b).

68.    The Defendants' NYLL violations have caused the Plaintiff irreparable

13

Case 1:24-cv-07401-LTS-KHP Document 214-8 Filed 05/08/26 Page 16 of 22

harm for which there is no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### (Violation of New York Labor Law—Spread of Hours pay)

69. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

70. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours[.]"

71. At all times relevant to this action, Defendant maintained a policy and practice of failing to pay Plaintiffs the "spread of hours" premium required by 12 NYCRR § 142-2.4.

72. Defendant's failure to pay "spread of hours" compensation for work performed by Plaintiffs after 10 hours in day was willful.

## FIFTH CAUSE OF ACTION
### (Violation of New York Labor Law—Failure to Pay Wages)

73. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

74. Pursuant to the Article Six of the NYLL, workers, such as the Plaintiffs are protected from wage underpayments and improper employment practices.

75. Pursuant to Labor Law § 191 and the cases interpreting same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

76. Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Named Plaintiff and the Putative Class

14

Case 1:24-cv-07401-LTS-KHP     Document 214-8     Filed 05/08/26     Page 17 of 22

members, that is not otherwise authorized by law or by the employee.

77.     Defendant has failed to pay Plaintiffs all wages due, including minimum wage and overtime wages, as well as wages, for the hours they each worked for Defendant.

78.     By withholding wages and overtime payments for time worked after 40 hours in one week from Plaintiffs, pursuant to NYLL § 193 and the cases interpreting same, Defendant made unlawful deductions in wages owed to Plaintiffs.

79.     Defendant's failure to comply with the NYLL caused Plaintiffs to suffer loss of wages and interest thereon.

80.     Defendant's failure to comply with the NYLL was willful.

81.     Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post judgment interest.

## SIXTH CAUSE OF ACTION
### (Violation of New York Executive Law—Unlawful Discrimination
Brought on behalf of Named Plaintiff only)

82.     Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

83.     New York Executive Law provides that "It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, . . . to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was

15

Case 1:24-cv-07401-LTS-KHP Document 214-8 Filed 05/08/26 Page 18 of 22

followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, . . . in connection with the licensing, employment or providing of credit or insurance to such individual." N.Y. Exec. Law § 296(16).

84.     Following her arrest in October 2016, The criminal charges against Named Plaintiff was dismissed in her favor in January 2017. As such, the criminal proceeding against her was resolved in her favor as defined in subdivision two of section 160.50 of the criminal procedure law.

85.     Defendants unlawfully discriminated against Named Plaintiff in connection with her employment by refusing to reinstate Named Plaintiff when she repeatedly requested so in January 2017, soon after the favorable resolution of the criminal proceeding against her.

86.     As a direct and proximate consequence of Defendants' intentional, unlawful and discriminatory practices, Named Plaintiff has suffered, and continue to suffer, monetary damages including but not limited to, a loss of income, including past salary and future salary.

87.     As a direct and proximate consequence of the Defendants' intentional, unlawful and discriminatory practices, Named Plaintiff has suffered and continue to suffer non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

## SEVENTH CAUSE OF ACTION
### (Violation of New York Labor Law—Retaliation
Brought on behalf of Named Plaintiff only)

88.     Named Plaintiff re-alleges and incorporates by reference all preceding

16

paragraphs as though fully set forth herein.

89.     Section 215 of New York Labor Law provides that it is unlawful for an employer to, inter alia, "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person." NYLL §215(1)(a).

90.     Defendants willfully and unlawfully retaliated against Named Plaintiff for her exercise of protected activities, namely, making complaints to Defendants regarding their unlawful labor practices and policies, including underpayment of wages.

91.     Defendants retaliated against Named Plaintiff by refusing to assign her additional work shifts soon after her complained about the underpayment of wages.

92.     In retaliation against Named Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights in violation of Section 215 of the New York Labor Law.

93.     As a direct and proximate consequence of Defendants' intentional, unlawful and retaliatory practices, Named Plaintiff has suffered, and continue to suffer, monetary damages including but not limited to, a loss of income, including past salary and future salary.

94.     As a direct and proximate consequence of the Defendants' intentional, unlawful and retaliatory practices, Named Plaintiff has suffered and continue to suffer non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

17

Case 1:24-cv-07401-LTS-KHP   Document 214-8   Filed 05/08/26   Page 20 of 22

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiff and members of the Putative Class respectfully requests that this Court enter judgment in favor of Plaintiffs and against the Defendants, jointly and severally, for the following relief:

a.  Damages to be determined at trial for unpaid wages, minimum wages, overtime wages, and spread of hours premiums due, Defendant's failure to furnish a notice at the time of hiring, and liquidated damages under the New York Minimum Wage Act, and the New York Labor Law and regulations thereunder;

b.  Damages, back pay, front pay and/or reinstatement, costs and reasonable attorneys' fees, and compensatory damages for humiliation and mental anguish for unlawful discrimination against Named Plaintiff in an amount to be determined at trial;

c.  Damages, lost compensation, liquidated damages, front pay or reinstatement, costs and reasonable attorneys' fees for unlawful retaliation against Named Plaintiff in an amount to be determined at trial;

d.  Statutory damages under the New York Labor Law; and

e.  The costs of this action, together with reasonable attorneys' fees, and such other and further relief as this Court deems necessary and proper.

18

Case 1:24-cv-07401-LTS-KHP    Document 214-8    Filed 05/08/26    Page 21 of 22

Dated: November 3, 2017
Flushing, New York

HANG & ASSOCIATES, PLLC.

Ge Qu, Esq.
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
T: (718) 353-8588
F: (718) 353-6288
Email: rqu@hanglaw.com

*Attorneys for the Named Plaintiff and the Putative Class*

19

**Index No.:**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Guo Zhen Qian, *individually and on behalf of all others similarly situated,*

                                    Plaintiff,

                    - against -

GREATCARE INC., Jian Peng, "Jane" Zhu (first name unknown), and Barbara Wang,

                                    Defendants.

Index No.

**CLASS ACTION COMPLAINT**

**SUMMONS and COMPLAINT**

HANG & ASSOCIATES, PLLC

By: _____
         Ge Qu, Esq.
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
T: (718) 353-8522
F: (718) 353-6288
Email: rqu@hanglaw.com