# GETMAN, SWEENEY & DUNN, PLLC

Attorneys at Law
260 Fair Street
Kingston, N.Y. 12401
845-255-9370
fax 845-255-8649

May 12, 2026

Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007
*Submitted via ECF*

  RE: *Hei Li, et al. v. GreatCare, Inc., et al.*, No. 24-CV-7401 (LTS) (KHP)

Dear Judge Parker:

  We write briefly in response to the letter filed by counsel for CenterLight Health System, Inc. ("CenterLight") on May 11, 2026, ECF No. 217, which contains materially incomplete and misleading characterizations of the discovery record and of the parties' meet-and-confer communications. CenterLight's request for Court intervention is both moot and procedurally improper.

  First, Plaintiffs have always been complete and timely in their responses to CenterLight.[1] Plaintiffs' counsel are in receipt of Mr. Brenlla's April 30, 2026 letter (CenterLight Exhibit G). Based on Mr. Brenlla's letter, Plaintiffs' counsel had been speaking with Plaintiffs to identify whether there are any additional documents that are responsive to CenterLight's evolving requests.[2] Plaintiffs' counsel has disclosed all New York State Department of Labor complaints and litigation known to counsel. Plaintiffs' counsel has also performed diligent research to identify any additional relevant matters. When new information has arisen, such as the information referenced in Mr. Brenlla's letter, Plaintiffs' counsel has diligently sought out and provided that information to Mr. Brenlla.

---

[1] CenterLight attempts to paint Plaintiffs as deficient in their discovery responses. Plaintiffs have always been diligent, timely, and complete in their responses. As Plaintiffs catalogued in ECF No. 140, CenterLight served its Request for Document Production and First Set of Interrogatories on March 10, 2025. Plaintiffs produced all requested documents on April 9, 2025 related to Plaintiff Hei Li as well as Ms. Li's written responses to CenterLight's interrogatories and document requests. On October 9, 2025, CenterLight requested that Plaintiffs newly alleging joint employment by CenterLight provide responses to CenterLight's interrogatories, *see* ECF No. 105, andfurther requested written responses to its documents requests on November 25, 2025. ECF No. 140. Plaintiffs provided these responses to CenterLight on December 10 and December 25, 2025, respectively. *Id.*

[2] CenterLight's Request for the Production of Documents sought only documents "submitted to the New York State Department of Labor or any other administrative agency *regarding the claims in this lawsuit.*" (emphasis added) (CenterLight Ex. A). CenterLight has never issued a second RFP or interrogatories. Claims against other employers are not claims in this lawsuit.

Plaintiff's counsel had planned to provide supplementary disclosure to CenterLight this week, and planned to wait until after the meet and confer to address any other discovery concerns. Plaintiffs' counsel provided this supplemental disclosure to Mr. Brenlla earlier today. *See* Ex. 1. These additional documents should satisfy the requests made in Mr. Brenlla's April 30th letter.

Second, CenterLight's letter and request to the Court fails to comply with the Federal Rules and this Court's Individual Practices. Mr. Brenlla has not followed Federal Rule 37(a)(1)'s requirement to in good faith confer or attempt to confer with opposing counsel before seeking court action, nor Your Honor's individual rules requiring that "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." *See* Individual Practices § II(c). On Friday afternoon on May 8, 2026, Mr. Brenlla requested to meet and confer with Plaintiffs' counsel to discuss the matters he raised in his letter. Ex. 2. On Monday, Plaintiffs' counsel Karen Yau told Mr. Brenlla that she was out of the office Monday through Wednesday of this week, and that she would be available to meet on Thursday.[3] *Id*. Ms. Yau is the attorney who has most thoroughly handled these responses to CenterLight, and best equipped to discuss them with Mr. Brenlla.  Ms. Yau sent Mr. Brenlla an invitation for that time. Mr. Brenlla declined that meeting invitation, and stated "I will no longer wait for plaintiffs to comply." *Id.*; Ex. 3. Ms. Friedman this morning sent Mr. Brenlla and Ms. Grajek another invitation for a meet and confer for Thursday at 9:00 a.m., and Mr. Brenlla again declined. Ex. 4. Plaintiffs' counsel remains available to meet and confer on Thursday morning.

Third, Mr. Brenlla continues to mischaracterize the facts around Plaintiffs' Request for Admissions ("Plaintiffs' counsel refused my request for a brief extension to respond during the Holiday season.") As noted by the Court in its Opinion and Order, CenterLight's request for an extension was untimely, as it was filed nearly a week after the deadline to respond had already passed. ECF Nos. 131 and 146.

Fourth, with regard to the interrogatory responses, Plaintiffs' counsel assures that the responses to the Interrogatories are, in fact, accurate and can be relied upon by the parties. Plaintiff's responses were reviewed with counsel and with adequate translation. Ms. Chen's deposition testimony may reflect a language barrier. Plaintiffs' counsel and Li Chen are prepared to provide written assurances that her interrogatory responses are accurate.

Respectfully submitted,
*/s/ Karen Kithan Yau*

---

[3] Ms. Yau's unavailability this week has been known to Defendants' counsel since at least April 17, 2026, when the parties discussed availability for the remaining depositions.

Karen Kithan Yau
Caroline Friedman
GETMAN, SWEENEY & DUNN, PLLC

Carmela Huang
Claudia Wilner
NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE

*Counsel for Plaintiffs*