# GETMAN, SWEENEY & DUNN, PLLC

Attorneys at Law
260 Fair Street
Kingston, N.Y. 12401
845-255-9370
fax 845-255-8649

May 13, 2026

Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007
*Submitted via ECF*

      RE:    *Hei Li, et al. v. GreatCare, Inc., et al.*, No. 24-CV-7401 (LTS) (KHP)

Dear Judge Parker:

We write in response to the letter filed by counsel for CenterLight Health System, Inc. ("CenterLight") on May 13, 2026 (ECF No. 219). CenterLight's submission is factually misleading, legally meritless, and part of a broader pattern of conduct this Court should not countenance.

First, CenterLight's accusation that Plaintiffs have refused to provide documents is false. Plaintiffs have always provided all responsive documents in their possession and control, and have made our best efforts to fulfill CenterLight's ever-evolving, cumulative, and irrelevant requests. Plaintiffs are in receipt of another CenterLight request dated today, and will respond shortly.

Second, CenterLight has been on notice for months that Plaintiffs worked for other agencies, not least because CenterLight itself engineered that arrangement. CenterLight's suggestion that Plaintiffs' employment by other agencies during the relevant period is somehow newly relevant, or that it disproves joint employer liability, is not credible. CenterLight has known since at least the outset of discovery that home care aides frequently provide services to more than one agency simultaneously. *See* Ex. 1. More to the point, CenterLight itself created and exploited this dynamic.

CenterLight regularly engages in the practice of splitting patients' weekly service authorizations between different LHCSAs. This practice is documented in CenterLight's own production. CenterLight's documents reflect its practice of splitting weekly live-in care for Plaintiff Hei Li's care recipient between different LHCSA agencies. *See* Ex. 2.[1] CenterLight has

---

[1] An Aide Authorization form from CenterLight's own files, produced in this litigation as Confidential 003317, attached hereto as Exhibit XX, reflects that CenterLight split Paul Chu's weekly live-in coverage between Preferred Home Care, Inc. (Monday through Wednesday) and GreatCare (Thursday through Sunday) for 13 hours per day for each agency, totaling 91 work hours per week split between two LHCSAs.

additionally admitted, through requests for admissions deemed admitted by this Court, that it split its relevant patient's weekly service authorizations between GreatCare and at least one other licensed home care services agency when Ms. Li's care recipient was authorized to receive 24-hour, live-in services (RFA No. 44), and that it did not authorize the payment of overtime wages to Plaintiff Hei Li when she provided care services to her care recipient (RFA No. 45). These admissions are damning in their own right: they demonstrate that CenterLight was well aware that assigning a single aide to a 24-hour live-in patient would trigger overtime obligations, and that it deliberately split service authorizations across agencies to avoid paying overtime. This is not an anomaly. It is a business practice that managed long-term care organizations like CenterLight use in their own financial interests, at the expense of the workers who provide care. Having engineered this arrangement, CenterLight cannot now claim surprise that aides served multiple agencies, nor can it use that fact as a sword to attack the very Plaintiffs its own practices affected. Moreover, CenterLight questioned Plaintiff Hei Li about this "split" arrangement at her deposition on October 9, 2025. *See* Ex. 3.

CenterLight's filing thus misleads the Court about its longstanding notice of this issue, and does so just two days before the close of discovery.

Third, Plaintiffs' days and hours worked for GreatCare, and jointly, for CenterLight, are not at all in dispute. CenterLight's demand for records from Plaintiffs' other lawsuits is also premised on a factual issue that does not actually exist in this case. Plaintiffs' visits and hours for GreatCare and CenterLight are recorded in electronic visit verification records from HHAX, the platform used to log home care visits. *See* Ex. 4.[2]

Finally,  CenterLight appears to be pursuing a course of conduct that bears no reasonable relationship to the merits and stage of this litigation: filing spurious letters with the Court, making misleading statements about its knowledge of Plaintiffs' concurrent employment across agencies and its own practice of split service authorization, declining to meet and confer in good faith, and misstating Plaintiffs' conduct with regard to discovery.

The Court should view CenterLight's serial letter-writing campaign for what it is: vexatious litigation that began after this Court deemed CenterLight's responses to Plaintiffs' Requests for Admissions admitted, a consequence of the Counsel for CenterLight's own failure to respond timely. *See* ECF Nos. 131, 146. This is not diligent advocacy. It is the misuse of judicial resources and litigation process to harass Plaintiffs for the consequences of CenterLight's Counsel's own conduct.

Plaintiffs respectfully request that the Court deny CenterLight's requests for additional discovery and for leave to reopen depositions, and direct CenterLight to comply with its meet-and-confer obligations before making any further application to the Court.

Respectfully submitted,

---

[2] Exhibit 4 is an excerpt from HHAX's electronic visit verification data.

/s/ Karen Kithan Yau
Karen Kithan Yau
Caroline Friedman
GETMAN, SWEENEY & DUNN, PLLC

Carmela Huang
Claudia Wilner
NATIONAL CENTER FOR LAW AND
ECONOMIC JUSTICE

*Counsel for Plaintiffs*