# Exhibit 3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

HEI LI; ZHU H.L. LIN; LI CHEN; XIU F. CHEN; MEI F. CHEN; HUI HE; HUI LI; ZHAN J. LI; HUI X. RUAN; JIAN R. XIAO; MEI Z. XIAO; MU Z. ZHANG; BI Y. ZHENG; and XIU X. ZHU,

          Plaintiffs,

     v.                                 Case No.

GREAT CARE, INC.; CENTERLIGHT          1:24-cv-07401

HEALTHCARE, INC.; and DOE MANAGED

LONG-TERM CARE PLANS 1-14,

          Defendants.

_____

DEPOSITION OF HEI LI

DATE:          Thursday, October 9, 2025

TIME:          10:15 a.m.

LOCATION:      National Center of Law and Economic Justice

               50 Broadway, Suite 1500

               New York, NY 10004

REPORTED BY:   Oweinama Biu

JOB NO.:       7649195

A P P E A R A N C E S

ON BEHALF OF PLAINTIFFS HEI LI, ZHU H.L. LIN, LI CHEN, XIU F. CHEN, MEI F. CHEN, HUI HE, HUI LI, ZHAN J. LI, HUI X. RUAN, JIAN R. XIAO, MEI Z. XIAO, MU Z. ZHANG, BI Y. ZHENG, AND XIU X. ZHU:

    KAREN KITHAN YAU, ESQUIRE

    CAROLINE FRIEDMAN, ESQUIRE

    Getman Sweeney & Dunn, PLLC

    260 Fair Street

    Kingston, NY 12401

    kyau@getmansweeney.com

    cfriedman@getmansweeney.com

    (845) 255-9370

    (845) 255-9370

    CARMELA HUANG, ESQUIRE

    National Center for Law and Economic Justice

    50 Broadway, Suite 1500

    New York, NY 10004

    huang@nclej.org

    (646) 393-3048

Page 3

A P P E A R A N C E S (Cont'd)

ON BEHALF OF DEFENDANT CENTERLIGHT HEALTHCARE, INC.:

GEORGE F. BRENLLA, ESQUIRE

Brenlla, LLC

250 Park Avenue, 7th Floor

New York, NY 10177

gfbrenlla@brenllalaw.com

(212) 364-5173

ALSO PRESENT:

Arthur Kwok, Mandarin Translator, Elite

Language Services. Ltd.

Barbara Wang, Corporate Representative,

GreatCare Inc.

Page 72

H. LI

(Off the record.)

THE REPORTER:  Good afternoon.  We're back on the record at 1:49 p.m.

BY MR. BRENLLA:

Q    Ms. Li, when you were working at GreatCare from 2017 through 2021, were you also working at another home health agency?

A    Yes.

Q    Did that home health agency also provide services to PC?

A    Yes.

Q    What is the name of that home health agency?  That might not be in your list.

A    It's -- it -- okay.  It's True Care.

Q    True Care, Okay.

A    Home Health Company.

Q    Okay.  And what period of time did you work for True Care?

A    Almost about the same period of time.

Q    From 2017 to 2021?

Page 73

H. LI

A    Yes.

Q    Okay.  And then how many days per week while you worked at True Care did you provide services for PC?

THE INTERPRETER:  Sorry.  Can I have that question repeated.

(The reporter repeated the record as requested.)

THE INTERPRETER:  Okay.  Thank you. Sorry.  Did you say True Care or True Care?

MR. BRENLLA:  True Care.

THE INTERPRETER:  True Care.  Okay. Sorry.

MR. BRENLLA:  I think it's, yeah.

THE INTERPRETER (FOR THE WITNESS): True Care.  Three days.

BY MR. BRENLLA:

Q    Okay.  So is it fair to say that you were at PC's house approximately four days per week, three for True Care and approximately one for GreatCare?

MS. HUANG:  Objection to interpretation.

Page 74

H. LI

THE INTERPRETER (FOR THE WITNESS):
Yeah.  Three days True Care and one day
GreatCare.

BY MR. BRENLLA:

Q    Correct.  Approximately?

A    Yes.

Q    Okay.  When you worked at True
Care at PC's house, how many hours were
you authorized for?

MS. HUANG:  Objection.

THE INTERPRETER (FOR THE WITNESS):
That would be 24 hours.

BY MR. BRENLLA:

Q    Okay.  But were you authorize
for 13 hours or were you up all night?

MS. HUANG:  Objection.

THE INTERPRETER:  I don't understand
what you mean.

BY MR. BRENLLA:

Q    Okay.  Fair enough.  For
GreatCare and when you took care of PC,
you worked 13 hours, but I believe your
claim is that you worked more because he
didn't sleep?