**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HEI LI, *et al.*,

Plaintiffs,

-against-

GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC.,

Plaintiffs.

No. 24-cv-7401 (LTS) (KHP)

Honorable Katharine Parker

**DEFENDANT GREATCARE, INC.'S OPPOSITION TO**
**PLAINTIFFS' MOTION FOR SANCTIONS AGAINST GREATCARE, INC.**

B. Robert Liu (Bar No. 5697552)
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
(646) 558-4889 (fax)
robert.liu@balancelawfirm.com

*Attorneys for Defendant GreatCare, Inc.*

# Table of Contents

**PRELIMINARY STATEMENT** .......... 1

**APPLICABLE LEGAL STANDARDS** .......... 2

**ARGUMENT** .......... 4

I. THERE IS NO BASIS TO ENTER A DEFAULT JUDGMENT SANCTION FOR GREATCARE ALLEGEDLY ATTEMPTING TO PERPETRATE A FRAUD ON THE COURT. .......... 4

II. THERE IS NO BASIS TO ENTER A DEFAULT JUDGMENT SANCTION FOR ALLEGED SPOLIATION. .......... 9

III. THERE IS NO BASIS TO ENTER A DEFAULT JUDGMENT SANCTION FOR ALLEGED VIOLATIONS OF DISCOVERY-RELATED ORDERS. .......... 13

IV. THERE IS NO BASIS TO ENTER A DEFAULT JUDGMENT SANCTION FOR GREATCARE ALLEGEDLY DELAYING THESE PROCEEDINGS. .......... 15

**CONCLUSION** .......... 16

# TABLE OF AUTHORITIES

***US SUPREME COURT CASES***

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .......... 2, 3

***FEDERAL CASES***

*ELG Utica Alloys, Inc. v. Niagara Mohawk Power Corp.*,
144 F.4th 360 (2d Cir. 2025) .......... 3, 4

*Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers*,
675 F.2d 1349 (4th Cir. 1982) .......... 5

*Gulf Atl. Constructors, Inc. v. Webb, LLC*,
796 F. Supp. 3d 1011 (N.D. Fla. 2025) .......... 4, 5, 7, 8

*Klipsch Grp. Inc. v. ePRO E-Commerce Ltd.*,
880 F.3d 620 (2d Cir. 2018) .......... 4

*Luo v. Baldwin Union Free Sch. Dist.*,
677 F. App'x 719 (2d Cir. 2017) .......... 1

*McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*,
191 F. Supp. 2d 440 (S.D.N.Y. 2002) .......... 3

*Meehan v. Snow*,
652 F.2d 274 (2d Cir. 1981) .......... 1

*Patterson v. Lew*,
265 F. App'x 767 (11th Cir. 2008) .......... 5

*Rossbach v. Montefiore Med. Ctr.*,
81 F.4th 124 (2d Cir. 2023) .......... 7

*S. New England Tel. Co. v. Glob. NAPs Inc.*,
624 F.3d 123 (2d Cir. 2010) .......... 2, 14

*Sony Corp. v. Elm State Electronics, Inc.*,
800 F.2d 317 (2d Cir. 1986) .......... 1

*Yukos Cap. S.A.R.L. v. Feldman*,
977 F.3d 216 (2d Cir. 2020) .......... *passim*

***OTHER FEDERAL CASES***

*Diedhiou v. Republic of Senegal, No. 1:20-CV-05685 (DEH)(KHP)*,
2024 WL 3540406 (S.D.N.Y. July 10, 2024) ........................................................ 6

*Fischman v. Mitsubishi Chem. Holdings America, Inc.*,
2022 WL 3646205 (2022)..........................................................................3, 7, 7, 8, 9

*UrthTech LLC v. GOJO Indus., Inc.*,
2026 WL 263333 (2026)..................................................................................4, 12

***STATE STATUTES***

New York
N.Y.C.R.R. § 766.6(b) ........................................................................................ 11

***FEDERAL RULES***

Fed. R. Civ. P.
Rule 37 ........................................................................................... 2, 4, 7, 14, 15
Rule 37(a)(1) ........................................................................................................ 9

## PRELIMINARY STATEMENT

The Second Circuit has a "strong preference for resolution of disputes on their merits." *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 320 (2d Cir. 1986). By seeking a default judgment, Plaintiffs' Motion for Sanctions Against Defendant GreatCare, Inc. ("the Motion") (Dkt. 210), seeks to avoid that strong preference by asking this Court to forego resolving this lawsuit on the merits. Although the "'extreme sanction of a default judgment must remain a weapon of last, rather than first, resort,'" *Luo v. Baldwin Union Free Sch. Dist.*, 677 F. App'x 719, 720 (2d Cir. 2017) (quoting *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)), the Motion and Plaintiffs' Memorandum of Law in Support of the Motion ("Plaintiffs' Memorandum") (Dkt. 213) improperly ask this Court to use that weapon as a first resort against Defendant GreatCare, Inc. ("GreatCare").

As shown below, the arguments presented in Plaintiffs' Memorandum lack merit. First, GreatCare did not attempt to perpetrate a fraud on the Court, so there is no basis for the Court to enter a default judgment sanction on that basis. Second, Plaintiffs miss the mark when contending that a default judgment sanction should be imposed for alleged spoliation by GreatCare. Third, there is no basis to enter a default judgment sanction for alleged violations of discovery-related orders. Fourth, there is no basis to sanction GreatCare by entering a default judgment for GreatCare allegedly delaying these proceedings.

Thus, the Court should deny the Motion in its entirety. In the alternative, if the Court is concerned about any issues raised in the Motion, the Court should deny the Motion without prejudice to Plaintiffs being allowed to renew their arguments after this case has been resolved by summary judgment or a trial verdict because the Court then will be in a better position to assess the extent to which—if at all—the issues raised here by Plaintiffs affected the merits of their claims

and/or GreatCare's defenses. Moreover, if the Court is contemplating granting any relief to Plaintiffs at this time regarding issues presented by the Motion, that relief should be much less severe than the extreme default-judgment sanction sought by Plaintiffs, and the Court should hold an evidentiary hearing to decide whether to sanction GreatCare.[1]

## APPLICABLE LEGAL STANDARDS

The "drastic remedy" of a default imposed pursuant to Fed. R. Civ. P. 37 is "generally to be used only when the district judge has considered lesser alternatives," *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (quotation marks omitted). A court should consider four factors when deciding a Fed. R. Civ. P. 37 sanctions motion: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Id*. (quotation marks omitted). A district court's ruling on a Fed. R. Civ. P. 37 sanctions motion is required to be "just." *Id*.

As the Supreme Court stated, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Courts "should impose sanctions pursuant to their inherent authority only in rare circumstances." *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020). A court is required to "exercise caution in invoking its inherent power, and it must comply with the mandates of due process." *Chambers*, 501 U.S. at 50. When "there is bad-faith conduct in the course of litigation that could

[1] Plaintiffs filed a memorandum of law in support of the Motion on May 8, 2026 (Dkt. 213) and then filed another memorandum of law in support of the Motion on May 11, 2026 (Dkt. 216), without explaining why they filed two memoranda in support of the same motion and without disclosing whether there are any differences between the two memoranda. The Court's deadline for filing the Motion was May 8, 2026, *see* 4/21/26 Order (Dkt. 197), so the memorandum filed on May 11 was untimely. In this opposition, GreatCare responds to (and cites) the first memorandum (Dkt. 213). Moreover, both memoranda violate Local Civil Rule 7.1 because Plaintiffs failed to include a certificate regarding compliance with that rule.

be adequately sanctioned under the [Federal] Rules [of Civil Procedure], the court ordinarily should rely on the Rules rather than the inherent power." *Id.*; *see Yukos Cap.*, 977 F.3d at 236 (stating that "[i]nherent power sanctions are … not a primary mechanism by which a party can obtain relief for a discovery abuse"). Sanctions for fraud on the court based on a court's inherent power "are warranted if it is established by clear and convincing evidence that [a party] has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the action." *Id.* at 235 (quotation marks omitted; alteration in original). Thus, "clear and convincing evidence of bad faith is a prerequisite to an award of sanctions under the court's inherent power." *Id.* Before a court imposes sanctions pursuant to its inherent authority, the court "must weigh (1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future." *Fischman v. Mitsubishi Chem. Holdings America, Inc.*, No. 18-CV-8188, 2022 WL 3646205, at *2 (S.D.N.Y. Aug. 24, 2022) (quoting *McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F.Supp.2d 440, 446 (S.D.N.Y. 2002)).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *ELG Utica Alloys, Inc. v. Niagara Mohawk Power Corp.*, 144 F.4th 360, 374 (2d Cir. 2025). A party seeking sanctions for spoliation is required to show: "'(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or

defense.'" *Id*. (quoting *Klipsch Grp. Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 628 (2d Cir. 2018)). As this Court explained recently, "[i]n the context of a motion for spoliation sanctions, 'relevance' means that the destroyed evidence would have been favorable to the movant." *UrthTech LLC v. GOJO Indus., Inc.*, No. 22-CV-6727 (PKC)(KHP), 2026 WL 263333, at *3 (S.D.N.Y. Feb. 2, 2026) (Parker, M.J.) (cleaned up). Moreover, the Second Circuit has stated that, "even when a party has shown that its opponent had an obligation to preserve evidence and willfully failed to do so, sanctions need not automatically follow; instead, we have simply held that such conduct *may* provide sufficient circumstantial evidence that relevant and prejudicial data was lost." *Klipsch Grp.*, 880 F.3d at 630 (emphasis in original).

## ARGUMENT

### I. There Is No Basis To Enter A Default Judgment Sanction For GreatCare Allegedly Attempting To Perpetrate A Fraud On The Court.

Without specifying whether they invoke Fed. R. Civ. P. 37 or the Court's inherent power, Plaintiffs contend that GreatCare attempted to perpetrate a fraud on the Court—namely, allegedly fabricating evidence by producing allegedly falsified documents during discovery, Plaintiffs' Mem. at 12-16, 25-26—but that argument lacks merit.

The accusation that GreatCare fabricated evidence is premature and should not be decided at this time because, although the documents at issue here were produced by GreatCare during discovery, GreatCare did not submit the documents to this Court and has not relied on them to make any arguments to the Court regarding the merits of any claims or defenses asserted in this case. ***Plaintiffs*** submitted the documents to the Court as exhibits in support of the Motion, but that does not mean that ***GreatCare*** used those documents to perpetrate a fraud on the Court. This procedural posture is like the procedural posture in *Gulf Atl. Constructors, Inc. v. Webb, LLC*, 796

F.Supp.3d 1011 (N.D. Fla. 2025), where the court rejected a fraud-on-the-court sanctions argument based on allegedly fabricated evidence produced during discovery because the documents were "not filed with the Court (except as exhibits to th[e] motion for sanctions)" and "were exchanged between the parties as part of the discovery process," *id*. at 1018. As the court held, "[t]hat alone [was] sufficient to doom [defendant's] fraud-on-the-court claim as it relates to those documents." *Id*. (quoting *Patterson v. Lew*, 265 F. App'x 767, 769 (11th Cir. 2008)). In other words, "a fraud between parties is not a fraud on the court." *Patterson*, 265 F. App'x at 769. Fabricated evidence is an "evil[] that can and should be exposed at trial," *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers*, 675 F.2d 1349, 1357 (4th Cir. 1982), so it is premature for this Court to make a ruling now that GreatCare produced fabricated evidence during discovery in attempt to perpetrate a fraud on the Court. The Court should defer a ruling on this issue until a later phase of this lawsuit (by denying the Motion without prejudice), so that the Court will have the important context to evaluate whether (and, if so, how) GreatCare uses the documents at issue here to address the merits of any claim or defense asserted in this case when the Court decides whether to grant any relief that Plaintiffs may seek regarding this issue at a later date.

The appropriateness of that deferred-ruling approach becomes even more clear when one considers that Plaintiffs' speculation that the documents were falsified: (a) is disputed by GreatCare; and (b) is not supported by clear and convincing evidence sufficient to establish bad faith by GreatCare, which "is a prerequisite to an award of sanctions under the court's inherent power," *Yukos Cap.*, 977 F.3d at 235. Merely because the documents at issue here undermine Plaintiffs' claims does not mean that the documents were falsified. Regarding the declaration letters signed by care recipients to whom Plaintiffs had provided services, *see* Plaintiffs' Mem. at 12-13, there is no clear and convincing evidence sufficient to establish that GreatCare falsified

those letters before submitting them to NYSDOL in administrative proceedings. The accompanying declarations explain how those letters were prepared and why Plaintiffs' falsification arguments regarding those letters lack merit. *See* Declaration of Mei Mei Zhao (attached as Exhibit 1); Declaration of Barbara Wang ¶¶ 35-42 ("Wang Declaration") (attached as Exhibit 2). Regarding the time sheets at issue in the Motion, *see* Plaintiffs' Mem. at 13-16, Plaintiffs have failed to present clear and convincing evidence sufficient to prove that GreatCare falsified those documents. The Wang Declaration (¶¶ 27-34) and the Declaration of Ouyang Pei Zhen (attached as Exhibit 3) discuss GreatCare's practices regarding time sheets and show that Plaintiffs' time-sheet-falsification arguments miss the mark. Although Plaintiffs assert that their deposition testimony contradicts Ms. Wang's deposition testimony on the time-sheet issue, *see* Plaintiffs' Mem. at 14-16, that merely shows that there are factual disputes regarding the authenticity of certain documents, which require the kind of credibility determinations that jurors are well-suited to make during a trial. Any falsification arguments that Plaintiffs want to assert can—and should—be presented later if GreatCare relies on allegedly falsified documents to rebut Plaintiffs' claims or support its defenses, including potentially in summary judgment briefing, in a motion *in limine*, through objections to the admissibility of such documents, through cross-examination at trial, and/or through arguments to the jury. *See Yukos Cap.*, 977 F.3d at 236 (discussing fraud-on-the-court argument and stating that "[t]he district court made the acceptable choice to leave questions of fact and credibility determinations to the jury at trial" (quotation marks omitted)); *Diedhiou v. Republic of Senegal*, No. 1:20-CV-05685 (DEH)(KHP), 2024 WL 3540406, at *1, *7 (S.D.N.Y. July 10, 2024) (Parker, M.J.) (recommending denial of sanctions motion "without prejudice to renewing the motion following summary judgment or after trial" and stating that "it is premature to determine whether Plaintiff has actually committed a fraud on the Court");

*Fischman*, 2022 WL 3646205, at *2 (deferring ruling on fraud-on-the-court argument "until after summary judgment or trial, when the record is likely to be better developed on whether the [document] is a forgery and the significance, if any, of that fact" (citing cases)).[2]

Plaintiffs do not, and cannot, rely on Fed. R. Civ. P. 37 as a basis for the part of the Motion discussed above, and the Court's inherent power also does not justify the relief sought by Plaintiffs because they have failed to present clear and convincing evidence sufficient to prove bad faith by GreatCare. The bald assertion by Plaintiffs—unsupported by any citation to case law or other authority—that "Barbara Wang's admission that the letters were prepared by GreatCare as evidence to rebut Plaintiffs' NYSDOL claims also lends further weight to a finding that the letters were fabricated," Plaintiffs' Mem. at 25, falls well short of satisfying Plaintiffs' burden of proof, as do Plaintiffs' other arguments regarding this issue. Even if the Court were to hold that GreatCare engaged in misconduct (which GreatCare disputes), the Court should decline to impose sanctions based on its inherent power because the factors discussed in *Fischman*, 2022 WL 3646205, at *2, do not support a sanctions ruling—the alleged misconduct was not the product of intentional bad faith, did not prejudice Plaintiffs, and was an isolated instance rather than a pattern of misbehavior, and misconduct is not likely to continue in the future.

Plaintiffs also contend that certain statements submitted to the Court by GreatCare amount to fraud on the Court that should be punished by a default judgment, Plaintiffs' Mem. at 17-19, 26, but those arguments are exaggerated and unavailing. For example, Plaintiffs "make a mountain out of [a] molehill[]," *Gulf Atl. Constructors*, 796 F.Supp.3d at 1020, by complaining about the difference between Ms. Wang having suffered a rib fracture versus a back fracture, *see* Plaintiffs'

---

[2] The case upon which Plaintiffs rely heavily, *Rossbach v. Montefiore Med. Ctr.*, 81 F.4th 124 (2d Cir. 2023), does not require a different result. In that case, the defendants filed a sanctions motion after the district court issued its summary judgment ruling, and then the district court held an evidentiary hearing regarding the issues presented by that sanctions motion.

Mem. at 18-19, 26. Ms. Wang did in fact sustain a rib fracture (which led to a lengthy period of bedrest for her), and any statements by GreatCare's counsel regarding her back fracture were due to a miscommunication between counsel and Ms. Wang. *See* Wang Declaration ¶¶ 54-58 (Exhibit 2). That minor mistake falls well short of satisfying Plaintiffs' burden of presenting clear and convincing evidence sufficient to establish bad faith by GreatCare because "making a mistake is a far cry from perpetrating a fraud [on the Court]," *Gulf Atl. Constructors*, 796 F.Supp.3d at 1018. That mistake certainly does not amount to clear and convincing evidence sufficient to prove that GreatCare "sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate the action," *Yukos Cap.*, 977 F.3d at 235 (quotation marks omitted). Moreover, the mistake regarding Ms. Wang's injury did not prejudice Plaintiffs, and the other factors discussed in *Fischman*, 2022 WL 3646205, at *2, also do not lead to the conclusion that sanctions are warranted.

Likewise, Plaintiffs' nit-picking about the affidavit signed by Qingming Liu (who was retained by GreatCare to search for responsive documents), *see* Plaintiffs' Mem. at 17-18, 26, falls well short of satisfying Plaintiffs' burden of proving, by clear and convincing evidence, that GreatCare engaged in bad faith conduct by submitting that affidavit to the Court. The dispute regarding this issue boils down to whether Mr. Q. Liu performed his searches for responsive emails (using Plaintiffs' counsel's search terms) by: (a) taking possession of nine GreatCare employees' electronic devices (including Ms. Wang's laptop) and conducting his searches on those devices; or (b) searching Ms. Wang's laptop and searching the email accounts of the other GreatCare personnel by using the applicable usernames and passwords provided by Ms. Wang. *Compare* Plaintiffs' Mem. at 17-18 *with* Declaration of Qingming Liu ¶¶ 5-9 ("Q. Liu Declaration") (attached as Exhibit 4); Wang Declaration ¶¶ 43-48 (Exhibit 2). As clarified in the Q. Liu

Declaration (¶ 8) and the Wang Declaration (¶ 47), Mr. Q. Liu's prior affidavit regarding taking "possession" of "devices" did not accurately describe the methodology that Mr. Q. Liu used to search the email accounts. However, that is a distinction without a difference because the central thrust of Mr. Q. Liu's affidavit was that he searched the email accounts (which he did) and located responsive documents (which he did)—***not*** whether he performed his searches directly on the devices or remotely through login credentials provided by Ms. Wang. That minor mistake in Mr. Q. Liu's affidavit, which Ms. Wang overlooked when reviewing a draft of the affidavit, *see* Wang Declaration ¶ 47, is another molehill that Plaintiffs try to make into a mountain. But that effort fails. Plaintiffs do not come close to satisfying their burden of presenting clear and convincing evidence sufficient to prove that GreatCare engaged in bad faith conduct. This minor mistake did not prejudice Plaintiffs, and the other factors discussed in *Fischman*, 2022 WL 3646205, at *2, do not support the relief sought by Plaintiffs.[3]

## II. There Is No Basis To Enter A Default Judgment Sanction For Alleged Spoliation.

Plaintiffs contend that GreatCare should be sanctioned for engaging in spoliation by destroying documents and producing documents that have been altered, *see* Plaintiffs' Mem. at 8-11, 24-25, but those arguments miss the mark.

[3] Plaintiffs also complain about other issues with the scope of Mr. Q. Liu's search "that would potentially exclude relevant internal communications," Plaintiffs' Mem. at 18 (citing a declaration submitted by Plaintiffs' expert Scott Workman (Dkt. 215)), but that is a premature, improper argument because Plaintiffs did not previously inform GreatCare about the scope issues presented in Mr. Workman's declaration. This is a discovery dispute, so Plaintiffs were required to confer in good faith with GreatCare before seeking "court action," Fed. R. Civ. P. 37(a)(1), but they failed to do so. Plaintiffs also failed to comply with Local Civil Rule 37.2 and this Court's Individual Practices in Civil Cases (Section III.b. ("Pre-Motion Conferences")). Thus, the Court should reject Plaintiffs' argument as procedurally improper. Moreover, the Q. Liu Declaration (¶¶ 10-12) shows that Mr. Workman misunderstood the nature of the searches conducted by Mr. Q. Liu and that the concerns expressed in Mr. Workman's declaration lack merit.

Regarding the allegation that GreatCare spoliated evidence by destroying documents, Plaintiffs fail to make the showing required for the Court to enter a default judgment or impose other sanctions on GreatCare. As a threshold matter, Plaintiffs' submissions and arguments do not establish that any documents allegedly destroyed by GreatCare were responsive to the documents requests that Plaintiffs served on GreatCare, so this this part of the Motion should be denied on that basis. This lawsuit focuses on the files of aides (*i.e.*, aide-side files)—not internal patient clinical files (*i.e.*, patient-side files). *See* Wang Declaration ¶¶ 8-10 (discussing distinction between aide-side files and patient-side files) (Exhibit 2). The document requests that Plaintiffs served on GreatCare primarily sought aide-side files, and GreatCare did not interpret Plaintiffs' requests as seeking patient-side files as a category. *See id.* ¶ 11; Plaintiffs' March 10, 2025 Document Requests (Dkt. 65-1). Accordingly, Plaintiffs should not now be heard to complain that GreatCare did not produce patient-side files.

Moreover, even if the Court were to conclude that some documents responsive to Plaintiffs' document requests were destroyed, that does not entitle Plaintiffs to sanctions because they have failed to make the requisite showing, *see supra* pages 3-4 (discussing showing required by movant for a court to impose a spoliation sanction). ***First***, Plaintiffs do not establish that GreatCare had an obligation to preserve documents when they were destroyed. The records-retention-and-disposition practices at GreatCare complied with applicable legal requirements during the period before, as well as during the period after, this lawsuit was served on GreatCare, *see* Wang Declaration ¶¶ 8-16, 20, 23-26, 50, 51 (Exhibit 2), so there is no basis to conclude that GreatCare destroyed documents that it was legally required to preserve.

***Second***, Plaintiffs also fail to establish that any documents were destroyed with a culpable state of mind. The Wang Declaration demonstrates that GreatCare had a good-faith belief that its

records-retention-and-disposition practices were appropriate and complied with applicable legal requirements. *See* Wang Declaration ¶¶ 9-11, 13, 23-26, 51. As explained by Ms. Wang (GreatCare's Administrator and the principal authorized to speak for GreatCare regarding its recordkeeping operation, *id*. ¶¶ 1-3): "To the extent that patient-side records of non-Plaintiff care recipients reached the six-year retention mark after October 18, 2024 and were disposed of pursuant to the rolling disposition practice described in paragraph 10, that disposition reflected (a) my good-faith reliance on the six-year regulatory minimum under 10 N.Y.C.R.R. § 766.6(b) and (b) my understanding that Plaintiffs' Requests did not seek GreatCare's internal patient clinical files as a category, and was not undertaken with the intent of depriving Plaintiffs of evidence." *Id*. ¶ 11. Moreover, Ms. Wang "made decisions regarding record retention and disposition based on the age of the records and in a good-faith belief that those decisions were consistent with any applicable legal requirements." *Id*. She "did not selectively decide that certain records should be retained or destroyed based on the content of, or information contained, in the records," and she "made record-retention-and-disposition decisions without assessing whether any particular records could or might help or undermine: (a) GreatCare's defenses in potential litigation; or (b) any claims that could be asserted against GreatCare in potential litigation." *Id*. Thus, there is no basis to conclude that any documents were destroyed by GreatCare with a culpable state of mind, as that phrase is construed by applicable spoliation case law.

***Third***, Plaintiffs fail to establish that the documents at issue in this part of Plaintiffs' Memorandum were relevant, in the sense that they would have been favorable to Plaintiffs. Although GreatCare disputes (as discussed above) that it had a culpable state of mind required for a spoliation sanction, if the Court disagrees with that argument, it should conclude that GreatCare was merely negligent regarding its document-retention-and-disposition practices. As this Court

stated, "where the culpable party was *negligent*, there must be extrinsic evidence to demonstrate that the destroyed evidence was relevant and would have been unfavorable to the destroying party." *UrthTech LLC*, 2026 WL 263333, at *3 (quotation marks omitted; emphasis in original). Plaintiffs have not presented any evidence to demonstrate that any documents destroyed by GreatCare would have been unfavorable to GreatCare. Plaintiffs' speculation regarding this issue does not constitute evidence and does not carry the day, especially when the Court takes into account the evidence presented by GreatCare that record-retention-and-disposition decisions were made (as discussed in the immediately preceding paragraph and in the Wang Declaration) without assessing whether any particular records could or might help or undermine: (a) GreatCare's defenses in potential litigation; or (b) any claims that could be asserted against GreatCare in potential litigation.

There is another problem with Plaintiffs' argument that GreatCare should be sanctioned for spoliation by destroying documents—Plaintiffs' Memorandum fails to address whether Plaintiffs have sought and received any of the documents at issue here from GreatCare's co-defendants in this case. Those two co-defendants maintain their own records of authorizations, plans of care, and aide visit verifications for the care recipients to whom GreatCare's aides were assigned, so records that may be unavailable from GreatCare may be available in whole or in part from those co-defendants' records. *See* Wang Declaration ¶ 19 (Exhibit 2). Without showing that Plaintiffs requested the documents at issue here from those co-defendants and did not receive the documents, Plaintiffs cannot ask the Court to enter a default judgment spoliation sanction against GreatCare for destroying documents. Such a ruling would be unjust and completely disproportionate to any non-existent harm to Plaintiffs' litigation interests. A spoliation sanction

for destroyed documents is not warranted when the moving party actually received, or easily could have received, the documents from another source.

Plaintiffs' argument that GreatCare spoliated evidence by altering nursing visit records also lacks merit. Argumentative, self-serving assertions by Plaintiffs' attorneys—who are not handwriting experts—that handwriting on certain notes does not match other handwriting, *see* Plaintiffs' Mem. at 11, fall well short of satisfying Plaintiffs' burden of proving that GreatCare engaged in spoliation. Plaintiffs concede that Ms. Wang denies that the records have been altered and assert that her "statements are not credible," *id*., but that kind of credibility determination can—and should—be made by a jury at trial, if this lawsuit makes it to trial and if the documents at issue here are admitted in evidence. Moreover, Plaintiffs' document-alteration argument is directly rebutted by the registered nurse who: (a) conducted in-home visits for GreatCare; (b) wrote notes challenged by Plaintiffs; and (c) swears, under penalty of perjury, that she did in fact write those notes. *See* Declaration of Li Chen, R.N. ¶¶ 2, 5-9, 11-13 (attached as Exhibit 5); *see also* Wang Declaration ¶¶ 21-22 (Exhibit 2) (discussing nursing visit records). Thus, there is no basis for the Court to conclude, on this record and without conducting an evidentiary hearing, that GreatCare altered records.

## III. There Is No Basis To Enter A Default Judgment Sanction For Alleged Violations Of Discovery-Related Orders.

Plaintiffs contend that the Court should enter a default judgment against GreatCare for alleged violations of discovery-related orders, *see* Plaintiffs' Mem. at 23, but that argument is unavailing. Throughout this lawsuit, GreatCare has made good-faith attempts to comply with the Court's orders, and GreatCare recently retained new counsel (Balance Law Firm) in an effort to assist GreatCare in addressing any unresolved discovery issues. Plaintiffs criticize the February 8,

2026 letter (Dkt. 165) that Mr. Muniz submitted to the Court on GreatCare's behalf. However, that letter was drafted by him, not by Ms. Wang, based on information that she provided to him. *See* Wang Declaration ¶¶ 49-53 (Exhibit 2). Imposing the drastic sanction of entering a default judgment against GreatCare for any deficiencies in that letter—especially given that GreatCare has not been previously sanctioned in this case—would be unjust and entirely disproportionate. The same is true for Plaintiffs' complaints about the manner in which GreatCare responded to other discovery-related orders.

Once again, Plaintiffs do not specify whether the relief sought in this part of Plaintiffs' Memorandum is based on Fed. R. Civ. P. 37 or the Court's inherent power; in any event, neither provides a valid basis for imposing a default judgment sanction on this record.

If Plaintiffs are invoking Fed. R. Civ. P. 37 to seek a default judgment, their argument misses the mark. Although a general section of Plaintiff's Memorandum (page 20) quotes the four factors addressed by the Second Circuit in *S. New England Tel. Co.*, 624 F.3d at 144, Plaintiffs fail to apply those factors to the argument at issue here, *see* Plaintiffs' Mem. at 23-24. Those factors undermine Plaintiffs' argument and lead to the conclusion that it should be rejected. First, GreatCare did not willfully fail to comply with the discovery-related orders and attempted to comply in good faith with those orders. Although there have been discovery disputes between GreatCare and Plaintiff in this contentious, hard-fought lawsuit, GreatCare's conduct does not rise to the level of willful disobedience of discovery-related orders. At worst, there was substantial compliance due to problems caused by Plaintiffs' extensive, overly broad discovery requests—not willful noncompliance. Second, if the Court has a concern about how GreatCare responded to its orders, there are steps less severe than entering a default judgment available to the Court to address those issues. Third, even if the Court concludes that GreatCare did not fully comply with every

discovery-related order, that was isolated and did not involve a lengthy period. Fourth, GreatCare has not been warned that a default judgment would be imposed for noncompliance with discovery-related orders. Thus, the Court should decline to enter a Rule-37-based default judgment based on Plaintiffs' complaints about how GreatCare responded to discovery-related orders.

If Plaintiffs are invoking the Court's inherent power to seek a default judgment for GreatCare's alleged noncompliance with discovery-related orders, that argument also lacks merit. Fed. R. Civ. P. 37 provides ample potential remedies that the Court could to use to address the conduct at issue here, if Plaintiffs were able to satisfy their burden (which, as shown above, they have failed to do), so there is need for the Court to resort to its inherent power. As the Second Circuit stated, "[i]nherent power sanctions are … not a primary mechanism by which a party can obtain relief for a discovery abuse." *Yukos Cap.*, 977 F.3d at 236. Moreover, Plaintiffs have failed to satisfy their burden of demonstrating, by clear and convincing evidence, that GreatCare acted in bad faith in responding to discovery-related orders in this case.

## IV. There Is No Basis To Enter A Default Judgment Sanction For GreatCare Allegedly Delaying These Proceedings.

Plaintiffs complain that, during 2026, GreatCare delayed these proceedings by "engag[ing] in a game of musical chairs with counsel," Plaintiffs' Mem. at 27, but that argument does not justify any sanctions—let alone the extreme default-judgment sanction sought in the Motion. At various times, GreatCare has selected counsel in an effort to secure appropriate representation and did not change counsel for the purpose of delaying these proceedings. *See* Wang Declaration ¶ 63 (Exhibit 2). Undersigned counsel was retained by GreatCare in a good-faith effort to resolve any outstanding discovery issues and ensure that this lawsuit would proceed smoothly on a going-forward basis. Any changes in attorneys representing GreatCare do not justify the relief sought in

the Motion. Plaintiffs do not—and cannot—rely on Fed. R. Civ. P. 37 for this argument, and the Court's inherent power also does not provide a valid basis to sanction GreatCare based on its choice of counsel because Plaintiffs do not present clear and convincing evidence sufficient to prove that GreatCare acted in bad faith.[4]

## CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety. In the alternative, if the Court has concerns about any issues raised in the Motion, the Court should deny the Motion without prejudice to Plaintiffs being permitted to renew their arguments after this lawsuit has been resolved by summary judgment or trial because, at that time, the Court will be in a better position to evaluate the extent to which—if at all—the issues raised in the Motion affected the merits of Plaintiffs' claims and/or GreatCare's defenses. If the Court is contemplating granting any relief to Plaintiffs at this time regarding the issues raised in the Motion, such relief should be much less severe than the drastic, extreme sanction of entering a default judgment against GreatCare, and the Court should hold an evidentiary hearing to enable it to decide whether to sanction GreatCare.

Dated: New York, New York
May 22, 2026

Respectfully submitted,

B. Robert Liu

B. Robert Liu (Bar No. 5697552)
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
(646) 558-4889 (fax)
robert.liu@balancelawfirm.com

Attorneys for Defendant GreatCare, Inc.

[4] Plaintiffs state that GreatCare did not serve initial disclosures. To remedy that oversight, GreatCare has served its initial disclosures this same date. That oversight also does not warrant entering a default judgment against GreatCare.

**Certificate Regarding Local Civil Rule 7.1 Compliance**

Relying on the word count of the word-processing program used to prepare this document, the undersigned states that the number of words in this document is 5,240 and certifies that this document complies with the word-count limitation as set forth in Local Civil Rule 7.1.

B. Robert Liu

B. Robert Liu (Bar No. 5697552)
Balance Law Firm
1 World Trade Center, Suite 8500
New York, NY 10007
(212) 741-8080
(646) 558-4889 (fax)
robert.liu@balancelawfirm.com

Attorneys for Defendant GreatCare, Inc.