# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------X

HEI LI, et al., : 24 Civ. 7401 (LTS)(KHP)

Plaintiffs, :

v. :

GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC., :

Defendants. :

---------------------------------X

**DECLARATION OF MEI MEI ZHAO IN SUPPORT OF GREATCARE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

I, MEI MEI ZHAO, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based upon my personal knowledge:

**I. INTRODUCTION AND ROLE**

1. I am, and at all times relevant to this action have been, employed as an Intake Specialist at GreatCare, Inc. ("GreatCare"). I am a native Chinese speaker, fluent in Mandarin and Cantonese, and I have working proficiency in English. I submit this Declaration in response to Plaintiffs' motion for sanctions filed on May 8, 2026 (ECF 210, 213-215).

2. In my role as a GreatCare Intake Specialist during the relevant period, my responsibilities included: (a) handling patient intake for prospective and new clients of GreatCare; (b) communicating with Managed Long Term Care plans and reporting to insurance company; (c) communicating with care recipients and their family members regarding services; and (d) facilitating administrative paperwork related to patient services. My role was primarily

patient-facing; I did not have routine responsibility for distributing time sheets to home-care aides or for collecting completed time sheets from them.

## II. NYSDOL DECLARATION LETTERS

3. In approximately early 2023, certain individuals who had previously worked as GreatCare aides filed wage claims with the New York State Department of Labor ("NYSDOL"). In response, GreatCare submitted letters signed by certain care recipients addressing the factual allegations the claimants made about the live-in services they had provided.

4. I drafted the three letters at issue. For each of the three letters, I telephoned the care recipient, explained that GreatCare needed to respond to the NYSDOL claim, and confirmed factual details directly with the care recipient, including the daily routine, the meal and sleep periods provided to the aide, the household composition, and the nature of the work performed by the aide. After that confirmation, I drafted each letter to reflect the factual content the care recipient had described to me.

5. After I prepared each draft letter, the care recipient sent a representative, typically a family member or household member, to GreatCare's office to pick up the letter. The representative brought the letter back to the care recipient at home, where it was signed. The signed letter was then returned to GreatCare's office.

6. Each of the care recipients who signed the letters was a native Chinese speaker. Before I drafted each letter, I confirmed the factual content with the care recipient in Chinese. To the best of my knowledge, before signing, each care recipient understood the content of the letter he or she was signing.

7. The three NYSDOL declaration letters and the care recipients who signed them were as follows: (a) a letter signed by Mr. [redacted], addressing the wage claim of Plaintiff Hei

Li; (b) a letter signed by Mr. [redacted], addressing the wage claims of Plaintiffs Li Hui, Li Zhan Jin, and Ruan Hui Xiu; and (c) a letter signed by Ms. [redacted], addressing the wage claims of Plaintiffs Zheng Bi Yu, Xiao Mei Zhen, and Xiao Jian Rong. Plaintiffs Zheng, Xiao Mei Zhen, and Xiao Jian Rong were caregivers to Ms. [redacted] under the New York State Consumer Directed Personal Assistance Program ("CDPAP"), in which the consumer (Ms. [redacted]) is the statutory employer of the caregivers, and GreatCare's role is that of a fiscal intermediary.

**III. MR. [redacted] AND THE [REDACTED] HOUSEHOLD**

8. When I confirmed the factual content of the letter to be signed by Mr. [redacted], I spoke with Mr. [redacted] by telephone. To the best of my recollection, Mr. [redacted] was at the time alert and oriented to the matters being discussed. He answered questions about the daily routine of the aide who had provided services to him and about the meal and sleep periods provided to the aide.

9. I am informed and believe that the [redacted] household resided in an apartment that had separate sleeping accommodation suitable for a live-in aide.

10. I did not personally observe the signing of the declaration letter at the [redacted] residence or elsewhere. After I prepared the draft, the letter was provided to Mr. [redacted]; after the letter was signed, the signed letter was delivered back to GreatCare by a courier dispatched by Mr. [redacted]. Based on the circumstances of the letter's return to GreatCare, I have no reason to believe the signature on the letter is not Mr. [redacted]'s. I cannot speak from personal observation to who, in addition to Mr. [redacted], was present at the signing.

**IV. MR. [redacted]**

11. When I confirmed the factual content of the letter to be signed by Mr. [redacted], I spoke with Mr. [redacted] by telephone. Mr. [redacted] provided me with the factual details

concerning the live-in services provided to him by Plaintiffs Li Hui, Li Zhan Jin, and Ruan Hui Xiu.

**V. MS. [redacted] AND THE CDPAP CASE**

12. When I confirmed the factual content of the letter to be signed by Ms. [redacted], I spoke with Ms. [redacted] and members of her family. Plaintiffs Zheng Bi Yu, Xiao Mei Zhen, and Xiao Jian Rong were each related to Ms. [redacted] and provided her personal-assistance services under the CDPAP program. The daily routine described by Ms. [redacted] and her family was the routine of CDPAP services provided by family-member caregivers in the home.

**VI. VERIFICATION**

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22 day of May, 2026.

MEI MEI ZHAO