# EXHIBIT 3

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------X

HEI LI, et al., : 24 Civ. 7401 (LTS)(KHP)

Plaintiffs, :

v. :

GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC., :

Defendants. :

---------------------------------X

**DECLARATION OF OUYANG PEI ZHEN IN SUPPORT OF GREATCARE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

I, OUYANG PEI ZHEN, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based upon my personal knowledge:

## I. INTRODUCTION AND ROLE

1. I am, and at all times relevant to this action have been, employed as a Coordinator at GreatCare, Inc. ("GreatCare"). I have been employed by GreatCare since at least 2015. I submit this Declaration in response to Plaintiffs' motion for sanctions (ECF 210, 213-215).

2. In my role as a GreatCare Coordinator during the relevant period, my responsibilities included: (a) communicating with home-care aides regarding shift assignments and scheduling; (b) distributing blank time sheets to aides; and (c) day-to-day coordination of GreatCare's home-care aides.

## II. GREATCARE'S TIME-SHEET PRACTICES

3. During the relevant period, GreatCare's home-care aides performing twenty-four hour "live-in" shifts completed their own paper time sheets reflecting the hours they worked, the sleep period (eight hours with five uninterrupted), and the meal period (three hours total). This structure corresponds to the structure recognized under New York Labor Law for live-in home-care work.

4. GreatCare's practice was for aides to come to GreatCare's office to pick up blank time sheets, complete them themselves in their own handwriting, and return the completed forms to GreatCare.

5. I did not pre-fill time sheets. I did not provide aides with template time sheets containing pre-completed hours. I provided aides whose primary language was Chinese with a sample showing the Chinese translation of the column headers on the English time-sheet form, so that those aides could understand what information each column called for. The sample did not contain any pre-completed entries of hours, dates, or other content that an aide was expected to copy. I did not instruct aides to copy from completed forms. I never observed (or heard about) any other coordinator at GreatCare doing any of those things. I was not instructed by Ms. Wang or by anyone else at GreatCare to engage in any such practices.

6. I did not require aides to sign weeks or months of time sheets in a single batch. I did not threaten aides with loss of employment if they did not sign time sheets. I did not coerce aides into recording hours that did not reflect what they actually worked. I never observed (or heard about) any other coordinator at GreatCare doing any of those things. I was not instructed by Ms. Wang or by anyone else at GreatCare to engage in any such practices.

7. I was one of the coordinators at GreatCare who interacted with certain of the named Plaintiffs in this action. I cannot remember every interaction with every aide over the

relevant period, but I do not recall any occasion on which I engaged in any of the practices I deny in paragraphs 5 and 6 above.

## III. VERIFICATION

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22 day of May, 2026.

OUYANG PEI ZHEN