# EXHIBIT 4

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------X

HEI LI, et al., : No. 24-cv-7401 (LTS)(KHP)

Plaintiffs, :

v. :

GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC., :

Defendants. :

---------------------------------X

**DECLARATION OF QINGMING LIU IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

I, QINGMING LIU, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based upon my personal knowledge:

## I. INTRODUCTION AND QUALIFICATIONS

1. I am Qingming Liu, as identified in the affidavit filed in this action on April 6, 2026 (ECF 190, Exhibit A) ("Liu Affidavit"). [Spelling note: my curriculum vitae filed at ECF 190 uses the spelling "Qingming."] I hold a Bachelor of Science in Computer Science from Shanghai Textile University. I have more than 35 years of experience as a computer software and hardware engineer. My work focuses on email security and on building custom information technology security tools, including email traffic analysis and malware detection. Since 2015, I have been Chief Software/Hardware Engineer at Yinker Inc., where I design and build email security solutions for enterprise clients. I also conduct independent email and electronic discovery searches for litigation matters. I submit this Declaration to clarify the methodology I used to search email

accounts of GreatCare, Inc. ("GreatCare") in March 2026 and to address how that work was described in my Liu Affidavit.

## II. ENGAGEMENT

3. On or about March 26, 27, and 30, 2026, I was engaged through the Law Office of Jose A. Muniz to conduct a search of certain email accounts associated with GreatCare. The scope of the work, as I understood it, was to apply search terms provided by Plaintiffs' counsel and to identify communications responsive to Plaintiffs' discovery requests in this action.

4. I performed the work over three days at the offices of the Law Office of Jose A. Muniz.

## III. METHODOLOGY

5. I took possession of Ms. Wang's laptop and started searching her personal Yahoo account and her GreatCare's company email account @greatcareny.com. Before and during the work, Ms. Barbara Wang, GreatCare's principal, gave me login credentials (usernames and passwords) for multiple of her employees' emails. I used credentials-based access to open GreatCare's personnel emails.

6. I did not take physical custody of any electronic device of GreatCare personnel, other than the laptop that Ms. Wang provided for the engagement. I accessed the other email accounts using the credentials she provided.

7. Using the search terms provided by Plaintiffs' counsel, I conducted searches across the email accounts and identified responsive communications. I provided the responsive communications to the Law Office of Jose A. Muniz for review and production to the Plaintiffs.

## IV. CLARIFICATION OF APRIL 4, 2026 AFFIDAVIT

8. My referenced affidavit (filed as Exhibit A to ECF 190 on April 6, 2026) to "possession" of "devices" does not accurately describe the methodology I used to search GreatCare's employees' accounts. As stated above, my methodology was credentials-based access to multiple email accounts, using the login credentials Ms. Wang provided. I did not take physical possession of nine employees' devices; I took only possession of Ms. Wang's device/laptop.

9. Although the methodology language in the prior affidavit was inaccurate as to the rest of the employees, the substantive scope of the search work was as described in paragraphs 3 through 7 above: I searched multiple GreatCare email accounts, including Ms. Wang's company email account, and accounts of other GreatCare personnel, applying the search terms Plaintiffs supplied.

## V. RESPONSE TO THE DECLARATION OF MR. WORKMAN

10. I am aware that Plaintiffs have submitted a declaration of Mr. Scott Workman (ECF 215) characterizing the methodology described in paragraphs 5 through 7 above as deficient under what Mr. Workman terms "best practices" for forensic electronic-discovery collection. That methodology was not a forensic e-discovery preservation collection. I was retained to apply specific search terms supplied by Plaintiffs' counsel to email accounts identified by Ms. Wang, and to provide responsive communications to counsel of record for review and production. I was not retained to undertake a forensic preservation collection of GreatCare's electronic records, and the methodology I used was not designed to satisfy the forensic preservation protocols Mr. Workman describes.

11. I was not provided with a written electronically-stored-information ("ESI") search protocol — by Plaintiffs' counsel, by Defendants' counsel, or by any party — specifying particular

collection tools, logging requirements, chain-of-custody documentation requirements, server-side collection methodologies (such as the Microsoft Purview tool Mr. Workman describes), or any other written specifications for the engagement. The instructions I received were the search terms supplied by Plaintiffs' counsel and Ms. Wang's identification of the email accounts to be searched.

12. I conducted the search in the manner customary in my professional practice, based on more than 35 years of experience designing and operating email systems. The credentials-based search I performed of each email account identified by Ms. Wang was reasonably designed to identify the communications in that account matching the search terms supplied by Plaintiffs' counsel. The search was not limited to the indexed "Outlook Instant Search" desktop quick-search functionality that Mr. Workman addresses in paragraphs 13 through 15 of his declaration. Mr. Workman's declaration does not identify any specific responsive communication that was not located by the methodology I used.

## VI. VERIFICATION

13. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21 day of May, 2026.

[signature]

QINGMING LIU

FEILI ZHENG
Notary Public - State of New York
No. 01ZH6235782
Qualified in Queens County
My Commission Expires 04/06/2027

[signature]