# EXHIBIT 5

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------X

HEI LI, et al., : 24 Civ. 7401 (LTS)(KHP)

Plaintiffs, :

v. :

GREATCARE, INC., CENTERLIGHT HEALTHCARE, INC., and SENIOR WHOLE HEALTH OF NEW YORK, INC., :

Defendants. :

----------------------------------X

**DECLARATION OF LI CHEN, R.N. IN SUPPORT OF GREATCARE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

I, LI CHEN, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based upon my personal knowledge:

## I. INTRODUCTION AND QUALIFICATIONS

1. I am a registered professional nurse licensed in the State of New York by the New York State Education Department. My license number is 677201. For reference, a copy of my license is attached as Exhibit A. During the period from approximately 2015 through 2023, I provided supervisory nursing services in connection with the aides assigned to GreatCare, Inc.'s ("GreatCare") live-in cases. I am no longer employed by or otherwise affiliated with GreatCare and have no financial interest in the outcome of this action.

2. In my supervisory role for GreatCare, I conducted in-home visits to GreatCare's aides assigned to clients of GreatCare. The principal focus of my visits was the aide: I confirmed that the aide understood the aide's schedule and responsibilities, including the meal and sleep



扫描全能王
扫描全能王

periods applicable to live-in shifts; checked that the aide was generally performing as expected; and answered any questions the aide had about the assignment. Patient clinical assessment was performed by registered nurses employed by the Managed Long Term Care plans that authorized the services, such as Senior Whole Health of New York, Inc. and CenterLight Healthcare, Inc. I did not perform those assessments. During my visits I also observed the in-home conditions in which the aide was working, including the sleeping accommodation provided for the aide. When I prepared a written nursing visit record following a visit, I documented my observations on that record.

## II. THE SUPERVISORY VISIT: PURPOSE AND DOCUMENTATION FUNCTION

3. Under 10 N.Y.C.R.R. Part 766, a licensed home-care services agency such as GreatCare is required to ensure that supervisory nursing visits to aides assigned to live-in cases occur and to maintain records of those visits. The regulatory framework, including provisions of 18 N.Y.C.R.R. §§ 505.14 and 505.18, also contemplates registered-nurse supervision of personal-care services more broadly. In my role at GreatCare, my supervisory responsibility was the aide-supervision component; meanwhile, patient clinical assessment, where required, was performed by the Managed Long Term Care plans' own registered nurses.

4. For aides assigned to live-in (24-hour) home care, the live-in shift structure under New York law contemplates that the live-in aide is provided three (3) hours of meal time and eight (8) hours of sleep time (including five (5) hours of uninterrupted sleep) within each twenty-four-hour period. Whether the aide was, in fact, being provided those meal and sleep periods in the home was something I would generally check on during my supervisory visits.



扫描全能王
扫描全能王

5. When I prepared a written nursing visit record following a supervisory visit to a live-in case, it was my general practice to note the live-in shift structure I observed being followed in the home at the bottom of the record. The notation read: "Living-In case 13 hours per day, 8 a.m. to 8 a.m., 3 hours mealtime, 8 hours sleeping time (5 hours uninterrupted)." That notation reflected the structure I observed being followed at the visit. I typically prepared the written record in the days following each visit, in the ordinary course of my work for GreatCare; I did not generally prepare the written record at the visit itself.

## III. THE FIVE EXHIBITS AND THEIR TWO-PART STRUCTURE

6. I have reviewed the five sets of exhibits that Plaintiffs identify in their May 8, 2026 motion for sanctions (ECF 210, 213-215) as nursing visit records. As I describe in the paragraphs that follow, each of those five exhibits is composed of two distinct parts: (a) a GreatCare nursing supervisory visit record, prepared by a GreatCare supervisory nurse to document a supervisory visit of the kind described in Sections I and II above; and (b) a Uniform Assessment System – New York Comprehensive Community Health Assessment Report (a "UAS-NY"), prepared by a registered nurse employed by a Managed Long Term Care plan. The two parts serve different purposes and are prepared by different entities.

7. The UAS-NY clinical assessment reports. Each of the five exhibits includes a UAS-NY report. UAS-NY reports are clinical patient assessments performed by registered nurses employed by Managed Long Term Care plans, such as Senior Whole Health of New York, Inc. or CenterLight Healthcare, Inc., to determine eligibility for and care plans under community-based long-term care services authorized by those plans. UAS-NY reports are not prepared by GreatCare or by GreatCare's supervisory nurses. I did not author any of the UAS-



扫描全能王
扫描全能王

NY portions of the five exhibits. I understand the UAS-NY portions came into this action through document production by the relevant Managed Long Term Care plans, not by GreatCare.

8. The GreatCare nursing supervisory visit records. Each of the five exhibits also includes a handwritten GreatCare nursing supervisory visit record. These GreatCare records were prepared by GreatCare's supervisory nurses to document the in-home supervisory visits described in Sections I and II above. Across all five exhibits, the handwritten GreatCare nursing supervisory visit records are GreatCare records, prepared by GreatCare supervisory nurses.

9. On the GreatCare nursing supervisory visit records included in four (4) of the five exhibits, I recognize my own handwriting and my own signature. I confirm that I am the registered nurse who performed the supervisory visit documented in each of those four GreatCare records. I wrote each of those four GreatCare records in its entirety — including the bottom-of-page Living-In compliance notations described in paragraph 5 above — in my own handwriting. The bottom-of-page notations on those four GreatCare records were written by me as part of the same record-creation activity by which I produced the remainder of each record, in the days following each supervisory visit and in the ordinary course of my work for GreatCare.

10. The GreatCare nursing supervisory visit record included in the fifth exhibit — specifically, the document filed at ECF 214-13 — bears a signature on page 1 that is not mine. That GreatCare record is nevertheless a GreatCare nursing supervisory visit record, prepared by a GreatCare supervisory nurse. I do not presently recall the identity of the GreatCare supervisory nurse who performed that supervisory visit and signed the record, and I cannot speak to its specific authorship or content.



扫描全能王

扫描全能王

## IV. PLAINTIFFS' ALLEGATION REGARDING AFTER-THE-FACT NOTATIONS

11. Plaintiffs' motion alleges that the handwriting describing the live-in case structure at the bottom of the produced records differs from the handwriting in the rest of each record, and that the bottom-of-page notations were therefore added after the fact in response to this litigation.

12. That allegation is incorrect as to the four GreatCare nursing supervisory visit records I authored. The bottom-of-page Living-In compliance notations on those four GreatCare records are in my own handwriting and were written by me as part of the same record-creation activity by which I produced the remainder of each record, in the days following the supervisory visit to which each record pertains and in the ordinary course of my work for GreatCare. They were not added after the fact in response to, or in anticipation of, this litigation. I had no awareness of this litigation, or of any anticipated litigation, at the time I created any of the four GreatCare records I authored.

13. The Living-In compliance notations on each of the four GreatCare records I authored reflect my direct observation, during my supervisory visit to each home, of the live-in shift structure I observed being followed in the patient's home. During the visit I observed the sleeping accommodation provided for the aide, spoke with the aide about meal and sleep periods, and where appropriate spoke with the patient or family members present. To the best of my recollection, I would not have written that the live-in shift structure was being followed if I had observed conditions inconsistent with it during the visit. Where I had concerns about a particular assignment, my general practice was to follow up with GreatCare's coordination staff.



扫描全能王
扫描全能王

## V. NO CURRENT AFFILIATION OR INTEREST

14. As noted above, I am no longer employed by or otherwise affiliated with GreatCare, and I have no financial or employment interest in the outcome of this litigation, and no other interest in it. I submit this Declaration solely to correct what I understand to be Plaintiffs' mischaracterization of records that I personally created in the ordinary course of my professional duties.

## VI. VERIFICATION

15. I declare under penalty of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on this 21 day of May, 2026.

Li Chen

LI CHEN, R.N.



CS 扫描全能王
3亿人都在用的扫描App

CS 扫描全能王

# EXHIBIT A

扫描全能王
扫描全能王

# THE UNIVERSITY OF THE STATE OF NEW YORK

## EDUCATION DEPARTMENT

EXCELSIOR

BE IT KNOWN THAT

## LI CHEN

HAVING GIVEN SATISFACTORY EVIDENCE OF THE COMPLETION OF PROFESSIONAL AND OTHER REQUIREMENTS PRESCRIBED BY LAW IS QUALIFIED TO PRACTICE AS A

## REGISTERED PROFESSIONAL NURSE

IN THE STATE OF NEW YORK

IN WITNESS WHEREOF THE EDUCATION DEPARTMENT GRANTS THIS LICENSE
UNDER ITS SEAL AT ALBANY, NEW YORK
THIS THIRD DAY OF SEPTEMBER, 2013.

PRESIDENT OF THE UNIVERSITY
AND COMMISSIONER OF EDUCATION
LICENSE NUMBER
677201

THE UNIVERSITY OF THE STATE OF NEW YORK · THE STATE EDUCATION DEPARTMENT · 1784

DEPUTY COMMISSIONER
FOR THE PROFESSIONS

EXECUTIVE SECRETARY
STATE BOARD FOR
NURSING

17360

扫描全能王