USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/22/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEI LI, et al., | |
| | Plaintiffs, |
| -against- | |
| GREATCARE, INC., et al., | |
| | Defendants. |

24-CV-7401 (JHR) (KHP)

**OPINION & ORDER
ON
MOTION TO SEAL**

**KATHARINE H.  PARKER, United States Magistrate Judge**

This action arises from Plaintiffs' Hei Li, Zhu H.L. Lin, Li Chen, Xiu F. Chen, Mei F. Chen, Hui He, Hui Li, Zhan J. Li, Hui X. Ruan, Jian R. Xiao, Mei Z. Xiao, Mu Z. Zhang, Bi Y. Zheng, and Xiu X. Zhu (collectively, "Plaintiffs") allegations that Defendants GreatCare, Inc., CenterLight Healthcare Inc. ("CenterLight"), and Senior Whole Health of New York ("SWHNY") (collectively "Defendants") failed to pay minimum wage, overtime, and spread hours of pay as required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for 24-hour "live-in" shifts caring for elderly and disabled Medicaid recipients.  On May 8, 2026, Plaintiffs filed a motion for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure along with a memorandum of law in support, related exhibits, and a declaration.  Before the Court is Plaintiffs' motion to file, under seal, certain portions of their memorandum of law and annexed exhibits to "protect the privacy and personally identifying information of a witness and their third-party care recipients."  (ECF No. 208, p. 1)  Defendants unanimously join in Plaintiffs' motion, however SWHNY requests that Exhibits C and G be sealed in their entirety.  For the following reasons, Plaintiffs' motion is GRANTED and SWHNY's request regarding Exhibits C and G is DENIED without prejudice.

1

**LEGAL STANDARD**

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted). A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 2 (2d Cir. 2019). However, "the right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without

2

sufficient justification, not the simple act of exclusion itself." Id. (alteration in original) (internal quotation marks and citation omitted).  Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).  "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document."  *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

## DISCUSSION

As a threshold matter, the parties do not address whether the documents at issue are "judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment."  *Lugosch*, 435 F.3d at 126.  The Court finds that they are.  *See, e.g., Centauri Shipping Ltd. v. W. Bulk Carriers KS,* 528 F. Supp. 2d 197 (S.D.N.Y. 2007) (finding that "submissions relating to [sanctions] . . . are 'judicial documents,'" because they are "clearly 'relevant to the performance of the judicial function'" insofar as they relate to the court's duty to "determine 'whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'").  The question, therefore, is whether the requested redactions and sealings are narrowly tailored such that closure would not offend the right to public access.  *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.").

After carefully reviewing the proposed redactions, the Court finds that Plaintiffs have carried their burden of demonstrating that, except as to Exhibits C and G, the requested redactions are narrowly tailored to protect interests that outweigh the public's right of access to the judicial documents.  The proposed redactions are limited to information implicating legitimate privacy interests, including personal identifying information and other nonpublic information concerning non-party individuals who are not central to the merits of the parties' dispute.  (ECF No. 208, at 2)  Specifically, the proposed redactions seek only to protect the names of third-party health-care recipients, their family members, addresses, dates of birth, or other personally identifying information.  Courts in this Circuit frequently grant such narrowly tailored redactions.  *See e.g., Farris v. Avon Prods., Inc.*, No. 23 Civ. 2023 (LAK) (SN), 2024 WL 4441811, at *5 (S.D.N.Y. Oct. 7, 2024) (granting motion to seal to protect personal identifying information such as a date of births and social security numbers); *In re Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843 (LAK), 2002 WL 24475, at *2 (S.D.N.Y. Jan. 10, 2002) (permitting redaction of the following categories of patient information: patient name and initials; patient telephone number; patient email address; patient Social Security number; patient driver's license number; patient insurance identification number; patient address (including street, post box, city, state, and zip code); patient employer name and address; "any of the above with respect to members of patient's family"; emergency contact information; and "any other information which counsel for the subpoenaed party in good faith believes may lead to discovery of the patient's identity."); *Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, No. 19 Civ. 1324 (JCH), 2024 WL 2106837, at *40 (D. Conn. Mar. 1, 2024) (similar); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616 (S.D.N.Y. 2011) ("The privacy interests of innocent third parties should weigh

4

heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access.") (quoting *Amodeo II,* 71 F.3d at 1050–51).

As to SWHNY's request that Exhibits C and G be filed entirely under seal, SWHNY did not provide any explanation as to why sealing is warranted.  (ECF No. 208, at 2) SWHNY did not file a separate motion to seal or articulate the basis for sealing when joining Plaintiffs' motion.  Nor did SWHNY explain how sealing the documents in their entirety is "narrowly tailored" such that complete closure would not offend the right to public access.  *See Metcalf v. TransPerfect Translations Int'l Inc.*, No. 19 Civ. 10104 (ER) (KHP), 2023 WL 7297176, at *3 (S.D.N.Y. Nov. 6, 2023) ("Absent any explanation from the parties as to why this information is sensitive, the Court cannot make specific, on the record findings for why this information is sufficiently sensitive to warrant sealing").  Unlike the narrowly tailored redactions approved above, the request to seal Exhibits C and G in their entirety is unaccompanied by any details specific enough to permit the Court to make an on-the-record finding which the law requires before displacing the presumption of access.  *See Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (requiring courts to engage in a particularized review before sealing judicial documents).  As such, SWHNY's request is DENIED without prejudice.

To the extent SWHNY continues to seek the complete closure of Exhibits C and G, it may file a motion by July 31, 2026, clearly explaining why the information therein should remain under seal.  The submission should be "specific" and "granular," and should cite to case law within this Circuit supporting the request.  *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18 Civ. 11386 (VSB) (KHP), 2023 WL 5035143, at *4 (S.D.N.Y. Aug. 8, 2023).  The documents shall

remain under seal pending the Court's resolution of any renewed motion. If SWHNY does not file a motion by that date, the documents will be unsealed.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion to seal is GRANTED and SWHNY's request that Exhibits C and G be filed completely under seal is DENIED without prejudice.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 208.**

**SO ORDERED.**

Dated: New York, New York
      July 22, 2026

_____
KATHARINE H.  PARKER
United States Magistrate Judge