UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
HEI LI, ZHU H.L. LIN, LI CHEN, XIU F. CHEN, MEI F. CHEN, HUI HE, HUI LI, ZHAN J. LI, HUI X. RUAN, JIAN R. XIAO, MEI Z. XIAO, MU Z. ZHANG, BI Y. ZHENG, and XIU X ZHU,

Plaintiffs,

-against-

GREAT CARE, INC., CENTERLIGHT HEALTHCARE, INC., AND SENIOR WHOLE HEALTH OF NEW YORK, INC.

Defendants.
----------------------------------------------------------------------x

Civil Action No:
24 Civ. 07401 (LTS)(KHP)

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56.1 of the Southern District of New York, Defendant, CenterLight Healthcare, Inc. ("CenterLight"), asserts the following are undisputed material facts:

1. CenterLight is a non-profit provider of health and related services to older adults in need across the New York metropolitan area. CenterLight has twelve different locations across New York City, Westchester County and Nassau and Suffolk Counties. It employs various health professionals, union and non-union employees, such as physicians, nurses, social workers, dietitians, physical and occupational therapists as well as maintenance employees at some of its locations. Each site has a different manager and different employees. (Goris Decl. ¶2).

2. CenterLight is also a managed long term care plan that is governed by the New York State Department of Health ("NYSDOH") and the New York State Department of Labor. (Descollines Decl. ¶3).

3. CenterLight, the Centers for Medicare and Medicaid Services and the New York State Department of Health have entered into a Program Agreement for a Program of All

Inclusive Care for the Elderly ("PACE") in conformance PACE legislation pursuant to section 1934 of the Social Security Act and implementing regulations at 42 C.F.R. 460. (Descollines Decl. ¶3).

4. CenterLight administers the managed long term care plan in accordance with the New York State Department of Health regulations. Thus, it contracts with various home health aide providers to provide home health aides to CenterLight participants, who are enrolled in the plan. In the last six years, according to CenterLight's records, it has contracted with approximately 172 different home health aide providers. (Descollines Decl. ¶4).

5. The NYSDOH regulations dictate the procedures CenterLight must follow when a prospective Medicaid patient requests services. First, the patient's physician must request the services. Second, the plan must complete a social assessment of the prospective patient. Third, the plan's nurse must assess the patient's needs. Utilizing input from doctors, nurses and social assessments, CenterLight makes the initial determination to authorize the services needed and the amount of services required in terms of days and hours per day. (Descollines Decl. ¶ 5).

6. The NYSDOH regulations list specific personal care services that a plan may authorize and for some of those tasks, the maximum number of hours a home attendant may work for a particular patient. (Descollines Decl. ¶ 5); 18 N.Y.C.R.R. 505.14, et seq.

7. CenterLight monitors home health aide providers' records to ensure proper delivery of personal care services, 18 N.Y.C.R.R.R. 505.14(c)(9), (12) and that home health aide provider is in compliance with the training requirements. 18 N.Y.C.R.R. 505.14(e)(8). (Descollines Decl. ¶ 9).

8. CenterLight contracts with various home health aide providers, one provider that it contracts with is GreatCare. (Goris Decl. ¶ 4).

9. GreatCare has no authority to subcontract any contract it has with any managed long term care plan. (Wang 5.15.26 dep. 126).

10. GreatCare is home health aide provider that employs home health aides. It is owned by Barbara Wang and her husband. (Wang 5.15.26 dep. 14).

11. GreatCare contracts with various other managed long term care plans, such as Senior Whole Health of New York, Inc., Hamaspik, Aetna, Village Care Centers Plan and Elder Plan. (Wang 5.15.26 dep. 81-82)

12. GreatCare recruits and hires the home health aides. (Wang 5.15.26 dep. 21, 105).

13. GreatCare has administrative employees at its corporate office that perform payroll functions, the recruitment and hiring of its employees. (Wang 5.15.26 dep. 20, 23-24, 115, 118).

14. GreatCare provides training to its aides. (Wang 5.15.26 dep. 118).

15. CenterLight plays no role in the training. (Wang 5.15.26 dep. 119; Goris Decl. ¶8; Descollines Decl. ¶7).

16. GreatCare employes a coordinator that schedules an employee' work. GreatCare pays its aides directly and relies upon state law to determine the wages paid to aides. (Wang 5.15.26 dep. 114; Wang 5.1.26 dep. 22-23).

17. GreatCare sends its own nurses to evaluate and supervise its aides. (Wang 5.15.26 dep. 51-52, 123).

18. GreatCare has never fired an aide or provided an aide with any discipline. (Wang 5.15.26 dep. 138).

19. GreatCare maintains all personnel records and time records for the aides as is required to do so by the regulations. (Wang 5.15.26 dep. 117-118). *See* 18 N.Y.C.R.R. 505.14(f)(2).

20. The work of the GreatCare aides is performed at a patient's home. (Wang 5.15.26 dep. 118).

21. CenterLight does not employ any GreatCare employee. (Goris. Decl. ¶ 5).

22. CenterLight does not hire, fire, train or supervise any GreatCare employee and does not have the authority to do so. (Goris. Decl. ¶ 5-8).

23. CenterLight does not supervise or determine employee work schedules, does not determine GreatCare employee's terms and conditions of employment, does not determine any GreatCare employee's rate of pay or method of payment and does not maintain the personnel files of any GreatCare employee. (Goris. Decl. ¶ 7-9; Wang 5.1.26 dep. 11-12; Wang 5.15.26 dep. 51-52, 123).

24. CenterLight has no ownership interest in GreatCare and GreatCare has no ownership interest in CenterLight. (Descollines Decl. ¶ 6; Wang 5.15.26 dep. 164-165).

25. When GreatCare receives a service authorization for a new patient, GreatCare will determine if they can provide the home health aide based on their availability and specific needs of a patient, such as gender preference, language spoken or time authorized for the patient. (Wang 5.1.26 dep. 48-50; Descollines Decl. ¶ 7).

26. GreatCare is required to verify that the patient is receiving personal care services according to the authorization, evaluates the home health aides job performance and has their own nurses to do so. (Descollines Decl. ¶ 7).

27. Furthermore, pursuant to New York State Department of Health regulations, GreatCare or any other home health aide provider is responsible for training its home health aides and supervising them. Pursuant to the regulations and its contract, the contracted home health aide provider must comply with all New York Labor laws, FLSA provisions and other statutory wage requirements. (Descollines Decl. ¶ 7).

28. CenterLight is required ensure that GreatCare is properly delivering services to its patients in complying with all federal and state regulations. (Descollines Decl. ¶ 9). To that end, CenterLight may require information from home health aide providers, such as GreatCare, to verify that home health provider is complying with all federal and state regulations. CenterLight may also send one its nurses periodically to check on its participants' health status, check vital signs and make recommendations to the participants regarding their health. (Descollines Decl. ¶ 9).

29. CenterLight audits home health providers. (Wang 5.1.26 dep. 74; Wang 5.15.26 dep. 120).

30. To receive reimbursement, GreatCare must submit documentation of the time its employees spend providing services. GreatCare submits this information through a third party portal, which then transmits it to CenterLight for approval and payment. (Wang 5.15.26 dep. 241-242; Descollines Decl. ¶ 10).

31. GreatCare has always been paid by CenterLight. (Wang 5.15.26 dep. 244-245).

32. CenterLight does not pay any home health aide and does not dictate or have any authority over their wages, methods of payment or any other compensation. (Descollines Decl. ¶ 10; Goris Decl. ¶ 6).

33. The five plaintiffs asserting claims against CenterLight are: Li Chen, Zhan Jin Li, Zhu H.L. Lin, Hui X. Ruan and Hei Li. (Brenlla Decl. Exhibit A).

34. None of these individuals have ever filed a complaint with the New York State Department of Labor or any other administrative agency against CenterLight. (Goris Decl. ¶ 10).

35. Li Chen worked for GreatCare as home health aide. (See Response to Interrogatories Brenlla Decl. Exh. H).

36. According to her sworn responses to interrogatories, Chen worked as a home health aide for GreatCare and provided home health aide services for individuals that were insured by CenterLight. Specifically, Chen asserts that from February 9, 2015, through December 7, 2015, March 18, 2016, through April 11, 2016, and May 2 through May 4, 2016, she provided home health aide services while employed at GreatCare to CenterLight participants. (See Response to Interrogatories Brenlla Decl. Exh. H).

37. Subsequent to this period of time, Chen worked for various home health aide providers and filed various complaints against these other entities for alleged unpaid time worked. (Chen dep. 13-19).

38. During her employment with GreatCare, Chen never heard of CenterLight, never spoke to anyone at CenterLight, never received any documents and was not paid by CenterLight. (Chen dep. 27-28).

39. While working for GreatCare, Zhan Jin Li alleges that she worked on an individual that was insured by CenterLight from approximately September 24, 2016, until October 24, 2016, and from approximately November 12, 2020, until approximately November 19, 2020. (See Response to Interrogatories Brenlla Decl. Exh. J).

40. Li never met anyone from CenterLight and does not know anything about CenterLight. (Li. Dep. 111-112).

41. Zhu H.L. Lin alleges that while employed by GreatCare as a home health aide, she performed services for individuals that were insured by CenterLight on the following dates: March 29, 2015, and April 5, 2015, February 29, 2016; March 7, 2016, until June 27, 2016; and February 9, 2017, until February 23, 2017. (See Response to Interrogatories Brenlla Declaration Exh. L).

42. While she worked GreatCare, Lin never heard of CenterLight, never had any communications with CenterLight and never met anyone employed by CenterLight. (Lin dep. 142-143).

43. While working for GreatCare as home health aide, Hui X. Ruan alleges that provided home health services for an individual that was insured by CenterLight from approximately April 8, 2018, until approximately May 6, 2018. (See Ruan Response to Interrogatories, Brenlla Decl. Exh. M).

44. Ruan does not recall speaking to anyone at CenterLight during the time she worked at GreatCare. (Ruan dep. 34-35).

45. When Ruan applied for a job at GreatCare, GreatCare assisted her with the forms, provider her with training and made arrangements for her assignments. (Ruan dep. 14-15, 41-43, 63).

46. GreatCare would provide Ruan feedback about the job she was performing. (Ruan dep. 75).

47. Ruan was paid by GreatCare. (Ruan dep. 47).

48. After the commencement of this action, in April 2026, Ruan filed a lawsuit in state court alleging the same causes of actions for state wage and hour violation against Barbarba Wang and other entities during the same time. *See Ruan, et al v. Wang*, Index No: 709913/2026, New York State Supreme Court, Queens County. (See Brenlla Decl. Exh. P).

49. Ruan has the same lawyer both in the state law case and the present case.

50. While working for GreatCare as home health aide, Hei Li alleges that she provided home health services for an individual that was insured by CenterLight one day per week for a period of between June 2017 through October 2021. (See Hei Li Response to Interrogatories, Brenlla Declaration Exh. P; Hei Li dep. 53).

51. From February 2021 through October 2021, Plaintiff Hei Li alleges that she worked less than ten hours per shift for a CenterLight participant. (See Hei Li Response to Interrogatories, Brenlla Declaration Exh. P).

52. During the time Hei Li was working for GreatCare, she was also working Astra Home Care, Inc. d/b/a True Care Home Health. On December 18, 2023, Hei Li filed a state court lawsuit, *Lin, et al v. Astra Home Care, Inc. d/b/a True Care Home Health*, Index No 162316/2023 in the Supreme Court of New York, New York County. (Brenlla Decl. Exh. Q).

53. Plaintiff Hei Li stipulated that she is not claiming damages for unpaid overtime under either the FLSA or the New York Labor Law and not claiming any damages for or alleging any violations under the FLSA and/or New York Labor law for any days she worked for Astra Home Care, Inc. dba True Care Home Care. (See Brenlla Decl. Exh. B).

54. GreatCare would schedule Hei Li's work and assignments. (Hei Li dep. 33, 95).

55. GreatCare provided Hei Li with training and paid her wages. (Hei Li dep. 42-43; 94).

56. GreatCare provided Hei Li with instructions on what to do at the participant's home, which Hei Li would fill out and return to GreatCare. (Hei Li. Dep. 51-52).

57. GreatCare provided Hei Li with competency assessments with their own nurse. (Hei Li dep. 85-86).

58. Hei Li never interacted with any other CenterLight employee, other than Qi Ding, never received any documents from CenterLight and was never paid by CenterLight. (Hei Li dep. 103-104).

59. CenterLight did employ a field nurse Qi Ding. (Ding Decl. ¶ 1).

60. Ms. Ding would conduct assessments of patients/participants. (Ding Decl. ¶2).

61. Ms. Ding never supervised any home health aide, never trained any home health aide or had any supervisory authority over any home health aide. (Ding Decl. ¶¶ 3-12).

Dated: New York, New York
August 28, 2026

Respectfully submitted,
BRENLLA, LLC
*Attorneys for Defendant*

By: ____S/ George F. Brenlla___
George F. Brenlla, Esq.
100 Park Avenue, 16th floor
New York, New York 10017
(212) 364-5713