**GETMAN, SWEENEY & DUNN, PLLC**

Attorneys at Law
260 Fair Street
Kingston, N.Y. 12401
845-255-9370
fax 845-255-8649

October 16, 2026

Honorable Laura Taylor Swain
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
*Submitted via ECF*

RE: *Hei Li, et al. v. GreatCare, Inc., et al.*, No. 24-CV-7401 (LTS) (KHP)

Dear Chief Judge Swain:

Pursuant to Your Honor's Individual Rules and Practices and the Local Rules of United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs respectfully submit this request to file redacted and sealed exhibits in support of their Opposition to Defendants CenterLight Healthcare, Inc. and Senior Whole Health of New York, Inc's ("SWHNY") Motions for Summary Judgment. This request is substantially similar to those made by Plaintiffs in ECF Nos. 208 (granted in ECF No. 239), 234 (granted in ECF No. 243), 260 (pending before this Court), and 279 (pending before this Court).

As in the previous requests, Plaintiffs seek to redact and seal certain portions of exhibits annexed to Plaintiffs' Opposition to the Defendants' Motions for Summary Judgment in order to protect the privacy of Defendants' care recipients, third parties who are overwhelmingly elderly and/or deceased Medicaid recipients who received care from Defendants and Plaintiffs, as well as Plaintiffs and GreatCare employees. To maintain these individuals' privacy, Plaintiffs propose redactions to conform with the "requirements for de-identification of protected health information" found in 45 C.F.R. § 164.514(b)(2). Plaintiffs have also made privacy redactions under Fed. R. Civ. P. 5.2(a).

Plaintiffs have also filed under seal exhibits that Defendant SWHNY has designated as "Attorney Eyes Only." The parties met and conferred about whether the redactions on these documents could be more narrowly tailored, but SWHNY has requested that they be filed under seal. To that end, any quotations from these documents have been redacted from the Memorandum of Law and Counterstatement of Facts as well.

The parties have agreed that for records that are marked "Confidential" and contain Protected Health Information (PHI) or Personally Identifiable Information (PII), once the PHI and PII have been redacted, the remainder of the document need not be filed under seal, and that other documents that have been marked "Confidential" that do not contain PII and PHI need not be filed under seal.

The information at issue is included in judicial documents, as "documents submitted to a court for its consideration in a summary judgment motion are - as a matter of law - judicial

documents to which a strong presumption of access attaches…" *Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006). The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). However, that presumption may be weighed against "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal quotations omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (internal quotation marks and citation omitted). "A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests[]…" *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (internal quotation omitted) (emphasis added).

Plaintiffs' proposed redactions are narrowly tailored, and extend no further than necessary to protect the medical privacy of nonparty care recipients and identifying information about Plaintiffs, such as addresses and social security numbers. Plaintiffs were home health aides who performed work for Defendants' elderly care recipients, and Plaintiffs must cite to documents that concern their sensitive medical information in order to argue their claims. Courts in this Circuit frequently grant such redactions. *See e.g., In re Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843 (LAK), 2002 WL 24475, at *2 (S.D.N.Y. Jan. 10, 2002) (permitting redaction of certain categories of patient information).

The remaining materials are filed under seal solely because SWHNY designated them "Attorney Eyes Only", although that party never requested to meet and confer over that designation per the requirement of the Protective Order. ECF No. 109.

Based on the foregoing, Plaintiffs respectfully request that: (i) the Court grant Plaintiffs' requests for sealing and redaction; (ii) the redacted versions of the exhibits be accepted as the public version to be electronically filed; and (iii) that the Court grant Plaintiffs' request to accept the unredacted version of the same under seal.

Respectfully submitted,
<u>/s/ Caroline Friedman</u>
Caroline Friedman
GETMAN, SWEENEY & DUNN, PLLC

*Counsel for Plaintiffs*